## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION, | § § § | |
| PLAINTIFF, | § | |
| V. | § | |
| | § | Case No. 14-cv-0062-BCC |
| APPLE INC., | § | |
| DEFENDANT. | § § | |
| | § | |
| | § | |
| | § | |
| | § | |

## [PROPOSED] PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff Wisconsin Alumni Research Foundation ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.     **<u>DEFINITIONS</u>**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)     "Patents-in-suit" means U.S. Patent No. 5,781,752, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)      "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this

Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Patent Prosecution Bar.  Absent the written consent of the Producing Party, any outside counsel on behalf of the Plaintiff who receives one or more items designated "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by the Defendant shall not be involved in the drafting or prosecution of patents,  patent applications, or patent claims relating to data path design in a CPU (including but not limited to any application

claiming priority to or otherwise related to the patent asserted in this action) before any foreign or domestic agency, including the United States Patent and Trademark Office ("USPTO"). Absent the written consent of the Producing Party, any other person on behalf of the Plaintiff who receives one or more items designated "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by the Defendant shall not be involved in the drafting or amending of any patent applications or any patent claims relating to data path design in a CPU before any foreign or domestic agency, including the USPTO.  Nevertheless, outside counsel acting on behalf of the Plaintiff who receive one or more items designated "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by the Defendant may be involved in reexamination, reissue, or Inter Partes Review ("IPR proceedings") pertaining to the patent-in-suit; but, in these reexamination, reissue,  or IPR proceedings, such outside counsel are barred from having any involvement, direct or indirect, in the drafting or amending of patent claims relating to data path design in a CPU, and from supervising the drafting or amending of such patent claims.  This prohibition is not intended to and shall not preclude counsel from participating in reexamination, IPR or other USPTO proceedings on behalf of a Party challenging the validity of any patent.  These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials are first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals.

       (c)   <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited exclusively to the persons authorized under this Order.

**AGREED PROTECTIVE ORDER – PAGE 5**

(d)      <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)      <u>Limitations</u>.   Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.      **DESIGNATING PROTECTED MATERIAL**

(a)      <u>Available Designations</u>.   Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

(b)      <u>Written Discovery and Documents and Tangible Things</u>.    Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in subsection 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the

appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL" during the inspection and re-designated, as appropriate, during the copying process.

(c)     <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to section 12 of this order, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation an unproduced .tiff, .pdf or other image format version of a document produced only in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d)     <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the

testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.   In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."   Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

Use of Protected Material at Depositions and Hearings. The parties agree that the Producing Party shall not unreasonably restrict the Receiving Party's ability to use Protected Material at a deposition or hearing. For the purposes of facilitating testimony, the Receiving Party may disclose Protected Material to: (i) current employees of the Producing Party who are eligible to have access to the Protected Material in question in the ordinary course of their work for the Producing Party; (ii) individuals identified in the Protected Material as author, addressee, or copy recipient of the Protected Material; (iii) counsel for the Producing Party, including outside counsel and in-house counsel; (iv) court reporters or videographers; (v) the Court; or (ix) other persons entitled under this Order to access such Protected Information. A Receiving Party may show Protected Material to a witness for purposes of inquiring about the witness's eligibility under (i), but must withdraw the Protected Material from questioning upon testimony by the witness or objection by the Producing Party's counsel that the witness is not eligible to have access to the Protected Material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below.

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

**AGREED PROTECTIVE ORDER – PAGE 10**

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)     Any other person with the prior written consent of the Producing Party.

9.    **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL" designation:   trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;[1]

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

---

[1]     Nothing in this provision shall permit a Producing Party to withhold discovery absent an Order of this Court finding that the Receiving Party's outside counsel is involved in competitive decision-making on behalf of a Party or a competitor of a Party.  The Producing Party shall bear the burden of proving that the Receiving Party's outside counsel is involved in such competitive decision-making, and the Producing Party shall not be entitled to discovery for this purpose absent an Order of this Court.  The Parties agree that the mere representation of a Producing Party's competitor in litigation shall not be construed as involvement in competitive decision-making.

**AGREED PROTECTIVE ORDER – PAGE 12**

(v)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)     Any other person with the prior written consent of the Producing Party.

10.     **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to the provisions set forth in Section 11 below, and may be disclosed, subject to Section 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a

Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;[2]

        (ii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below;

        (iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

        (iv)    The Court, jury, and court personnel;

        (v)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

        (vi)    Any other person with the prior written consent of the Producing Party.

---

[2]    Nothing in this provision shall permit a Producing Party to withhold discovery absent an Order of this Court finding that the Receiving Party's outside counsel is involved in competitive decision-making on behalf of a Party or a competitor of a Party.  The Producing Party shall bear the burden of proving that the Receiving Party's outside counsel is involved in such competitive decision-making, and the Producing Party shall not be entitled to discovery for this purpose absent an Order of this Court.  The Parties agree that the mere representation of a Producing Party's competitor in litigation shall not be construed as involvement in competitive decision-making.

**AGREED PROTECTIVE ORDER – PAGE 14**

11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Los Angeles office of its outside counsel, Irell & Manella, LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Apple Inc. will be made available for inspection at the Los Angeles, California and New York offices of its outside counsel, WilmerHale, or any other location mutually agreed by the Parties.  The parties agree that if the Los Angeles office of WilmerHale is not available for the initial inspection(s), Apple will make its Source Code available in the Palo Alto, California office of WilmerHale.  Source Code will be made available for inspection during regular business hours.   The Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times and locations, including on weekends when necessary to satisfy a Court deadline.  The Parties shall cooperate in good faith such that maintaining the Producing Party's Source Code at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to review Source Code.

(b)    After entry of this Protective Order, , the Receiving Party shall provide seven  (7) days' notice of the Source Code that it wishes to inspect for the initial inspection.  The Receiving Party shall provide two (2) days' notice prior to any additional inspections.

(c)    Source Code that is designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have

**AGREED PROTECTIVE ORDER – PAGE 15**

been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").   The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, including Understand, TextWrangler (Bare Bones Software, Inc.), and Xcode.   The Receiving Party's outside counsel and/or experts may request that additional commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; and (b) the Producing Party does not object to  such software tools for legitimate business or technical reasons.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) within a reasonable number of days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer in order to have those tools installed by the initial Source Code review.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

**AGREED PROTECTIVE ORDER – PAGE 16**

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives, from time to time, by observing through a window from outside of the Source Code Review Room. Representatives for the Producing Party shall not be permitted to enter or open the door to the Source Code Review Room while review is in progress.  The visual monitoring from outside of the Source Code Review Room shall not involve listening to or recording any discussions that may be occurring in the Source Code Review Room, shall not involve inspecting the notes taken by the Receiving Party's outside counsel or experts, and shall not create any waiver of the attorney-client privilege and/or attorney-work product protections.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code and with  pre-Bates numbered paper that is pre-designated "HIGHLY CONFIDENTIAL - SOURCE CODE."   The Receiving Party may print limited portions of the Source Code that the Receiving Party has determined to be directly relevant to its claims or defenses after reviewing such portions of code on-site in the first instance.  Any printed portion that consists of more than fifty (50) pages of a continuous block of Source Code shall be presumed to be excessive, unless the parties agree otherwise. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer in the first instance to determine its relevance, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated

**AGREED PROTECTIVE ORDER – PAGE 17**

by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to facilitate the preparation of the Receiving Party's claims or defenses in this matter.  Upon printing any such portions of Source Code on the pre-Bates numbered, pre-designated paper, the printed pages shall be collected by the Producing Party.    Within one (1) day of printing, the Producing Party shall provide one copy set of the printed Source Code pages to the Receiving Party and inform the Receiving Party whether it objects to the prints.  If the Producing Party objects to the scope of the printed Source Code, the Parties shall meet and confer within 2 business days following notification of an objection.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Producing Party to demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

**AGREED PROTECTIVE ORDER – PAGE 18**

(vii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, provided that any items or materials left in the room following each inspection section shall be governed by the provisions in Section 16 below regarding inadvertent disclosure of privileged material.   Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)   The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to subsection 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where

**AGREED PROTECTIVE ORDER – PAGE 19**

the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of a Producing Party's Source Code (except insofar as such code appears in any court filing or expert report).  For good cause, a Receiving Party may request consent from the Producing Party to allow access to additional individuals, which consent shall not be unreasonably withheld.  The Parties agree that there shall be good cause for the replacement of any previously authorized individual who no longer works for the Receiving Party's outside counsel and no longer has access to the Producing Party's code.

(xi)     Upon at least five (5) days' notice for depositions that will be taken in source code reviewing locations, and at least ten (10) days' notice for depositions to be taken in other locations, the Producing Party shall make a Source Code Computer available for use during the deposition.

(xii)     Except as provided in this sub-section, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall

be used instead), and shall be omitted from pleadings and other papers whenever possible. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.   Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE CODE" as provided for in this Order.  Notwithstanding any of the requirements of this Order, a Receiving Party may include reasonably tailored excerpts of Source Code in pleadings, exhibits, expert reports, discovery documents, and other Court documents, provided that such documents are designated "HIGHLY CONFIDENTIAL SOURCE CODE," have their access restricted solely to individuals who are expressly authorized to view Source Code under the provisions of this Order, and, if filed with the Court, are filed under seal in accordance with the Court's rules, procedures and orders.

12.   **<u>NOTICE OF DISCLOSURE</u>**

(a)   Prior to disclosing any Protected Material to any person described in subsections 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Said written notice shall

**AGREED PROTECTIVE ORDER – PAGE 21**

include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of processors using memory disambiguation, or relating to the acquisition of intellectual property assets relating to processors using memory disambiguation.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of processors using memory disambiguation, or the acquisition of intellectual property assets relating to processors using memory disambiguation.

(b)     Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed

withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Section 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws

such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14. **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15. **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

17.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material

is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in subsection 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials while the materials were not marked "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from engaging in the activities set forth in subsection 6(b).

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

**AGREED PROTECTIVE ORDER – PAGE 27**

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.    **FINAL DISPOSITION**

(a)    Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)    All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

20.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)    Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) or declarations submitted in this case or related proceedings.  Draft reports, notes, or outlines for draft reports and declarations developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in

this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)    Materials, communications, and other information exempt from discovery under the foregoing subsections 20(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(e)    Nothing in Protective Order, include subsections 20(a)–(c), shall alter or change in any way the requirements in Section 11 regarding Source Code, and Section 11 shall control in the event of any conflict.

21.    **MISCELLANEOUS**

(a)    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)   <u>Burdens of Proof</u>.  Unless expressly stated herein,  nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)   <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Western District of Wisconsin is responsible for the interpretation and enforcement of this Order.   All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District of Wisconsin.

**AGREED PROTECTIVE ORDER – PAGE 30**

(g) <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Wisconsin, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Wisconsin, or the Court's own orders.

IT IS SO ORDERED this _____ day of _____, 2014.

_____
U.S. District Judge Barbara B. Crabb

Dated:  May 30, 2014.

By:  _/s/Jennifer Gregor_____
Morgan Chu
Gary Frischling
Jason Sheasby
Alan Heinrich
Christopher Abernethy
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199
MChu@irell.com; GFrischling@irell.com;
JSheasby@irell.com; AHeinrich@irell.com;
CAbernethy@irell.com

Jennifer L. Gregor
Bryan J. Cahill
GODFREY & KAHN, S.C.
One East Main Street, Suite500
Madison, WI  53703
Telephone:   (608) 257-3911
Facsimile:   (608) 257-0609
JGregor@gklaw.com
BCahill@gklaw.com

*Attorneys for Plaintiff*
*Wisconsin Alumni Research Foundation*

Dated:  May 30, 2014.

By:  _/s/Andrea J.W. Jeffries_____
Andrea J.W. Jeffries (*pro hac vice*)
David C. Marcus (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:    (213) 443-5300
andrea.jeffries@wilmerhale.com
david.marcus@wilmerhale.com

William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:    (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone:    (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI  53703
Telephone:    608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Wisconsin Alumni Research Foundation v. Apple Inc., United States District Court, Western District of Wisconsin, Civil Action No. 14-cv-0062-BCC. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

11561344.1

**AGREED PROTECTIVE ORDER – PAGE 33**