IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>                  Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                  Defendant. | Case No. 14-cv-00062-WMC |

**PLAINTIFF WISCONSIN ALUMNI RESEARCH FOUNDATION'S EXPEDITED MOTION FOR A PROTECTIVE ORDER LIMITING THE SCOPE OF THE AUGUST 14, 2015 DEPOSITION OF DR. SCOTT MAHLKE**

      Pursuant to Rule 26(c)(1)(D) of the Federal Rules of Civil Procedure, plaintiff Wisconsin Alumni Research Foundation ("WARF") respectfully moves this Court for an expedited order limiting the scope of the deposition of Dr. Scott Mahlke by defendant Apple Inc. ("Apple"). Specifically, WARF requests an order that limits the deposition of Dr. Mahlke to one hour and to the topic of the factual predicates he provided to Dr. Mudge in the context of this litigation.

      Apple proposed that the deposition of Dr. Mahlke take place on August 13 or 14, 2015; WARF therefore scheduled the deposition for this Friday, August 14, 2015 in Ann Arbor, Michigan. Now, however, a dispute has arisen over the proper scope of this deposition. WARF has told Apple that it is more than willing to proceed with the deposition on August 14 as to the areas of testimony for which there is no dispute, which would allow the dispute below to be settled on the standard briefing schedule. But because Apple has not responded to this proposal, WARF believes it is necessary to file the instant expedited motion.

I.     **FACTUAL BACKGROUND**

A professor in the University of Michigan's Department of Electrical Engineering and Computer Science, Dr. Mahlke is a co-author of a set of prior art references relied on by Apple known as the "Chen references." WARF's validity expert, Dr. Trevor Mudge provided opinions in his rebuttal report concerning the Chen references. *See* Dkt. 107 Rebuttal Expert Report of Professor Trevor Mudge ("Mudge Report") at Section XIII. To ensure the accuracy of the report, Dr. Mudge suggested WARF approach Dr. Mahlke, his colleague at Michigan, for consultancy on the Chen references. Dr. Mahlke thereafter reviewed the Chen references and provided Professor Mudge with specific facts regarding the experimental setup described in the Chen references that might not have been readily apparent from the descriptions themselves.[1] *See* Mudge Report at 233 ¶ 510; 239 n. 42; 241 n. 44; 243 ¶ 534; 244 ¶ 536; 254 n. 51; 266 ¶¶ 580 and 582. The specific facts are expressly listed in Dr. Mudge's report. Dr. Mahlke is not offered by WARF as an expert witness. He has not studied any other materials in this case, performed any validity analysis, or rendered any validity opinions. Dr. Mahlke's specifically enumerated discussions of the Chen references represent the sum total of his involvement in this case.

On June 2, 2015, Apple served WARF with a subpoena for Dr. Mahlke's deposition. *See* Declaration of H. Annita Zhong in Support of WARF's Motion for Protective Order ("Zhong Decl."), Ex. A. On July 7, 2015, WARF's counsel proposed that, given Dr. Mahlke's limited role in this case, the parties forego his deposition, "provided that both parties agree not to bring

---

[1] The specific facts include (1) what type of processors the study were intended to emulate (in order processor, contrary to Dr. Cowell's contentions), (*see id.* at p. 233, ¶ 510; p. 241, ¶ 529 & n.44; p.244, ¶ 536, p.266, ¶ 582); (2) what type of computers were used to do the work described in the Chen references, (*id.* at 239 n. 42; p.243, ¶ 534); (3) whether the researchers set a "prediction" threshold as Dr. Colwell contends, (*id.* at 254 n.51); and (4) Chen's software-based compiler technique rearranges load/store instructions only within a so-called superblock structure that cannot be implemented in hardware, contrary to Dr. Colwell's contention, (*id.* at 265 ¶ 280).

[him] to trial." Zhong Decl., Ex. B (July 7, 2015 email). Apple indicated that it was amenable to this proposal, but only if WARF also agreed that Dr. Mudge would not to be allowed to testify or rely upon any conversations he had had with Dr. Mahlke. Zhong Decl., Ex. B (July 10, 2015 email).

WARF responded that Apple's additional condition was untenable: As is often the case in science and engineering, Dr. Mudge spoke with a colleague to verify some historical facts. Apple has never disputed these facts, and the Federal Rules of Evidence expressly allow an expert to base an opinion on hearsay or otherwise inadmissible document. Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. . . ."); *CMFG Life Ins. Co. v. RBS Securities, Inc.*, 2014 WL 3696233, *10-11, *13-14 (W.D. Wisc., Jul. 23, 2014) (permitting plaintiff to introduce a third party's AVM model data under Rule 703 even though the court previously precluded the plaintiff from calling the third party employee to testify about the data).

Moreover, to the extent that Apple intends to treat Dr. Mahlke as a non-testifying expert, it generally may not depose him under the Federal Rule of Civil Procedure 26(b)(4)(D). Fed. R. Civ. P. 26(b)(4)(D) ("Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.").

Nevertheless, in response, Apple stated that "[i]f WARF intends to have Dr. Mudge rely upon or testify to his conversations with Dr. Mahlke, we will need to proceed with Dr. Mahlke's deposition." Zhong Decl., Ex. B (July 14, 2015 email). WARF then explained that it would

offer Dr. Mahlke "for the limited purpose of testifying about the factual predicates he provided to Professor Mudge in the context of this litigation." Zhong Decl., Ex. B (August 6, 2015 email). Apple responded that the only limit it would agree to was that the deposition would last 3.5 hours. Zhong Decl., Ex. B (August 7, 2015 email). WARF replied:

> It would take no more than 30 to 45 minutes to ask Dr. Mahlke about the subject of his discussions with Dr. Mudge. We are prepared to allow an hour of testimony on this subject. Anything else is harassing and improper. Indeed, you were willing to withdraw his subpoena if Dr. Mudge agreed not to rely on the factual predicates Prof. Mahlke supplied. This is obviously all you need from Dr. Mahlke. If we cannot come to agreement, we will need to move to quash.

Zhong Decl., Ex. B (August 7, 2015 email).

In a follow up email sent yesterday, WARF asked Apple to clarify what else it intends to seek from Dr. Mahlke other than his discussions with Dr. Mudge in the context of this litigation. Zhong Decl., Ex. B (August 10, 2015 email). Apple responded: "We can agree to limit the deposition to 3 hours to avoid burdening the witness, but we cannot agree to limit the subject matter of his deposition or disclose the subject matter that we intend to address with Dr. Mahlke." Zhong Decl., Ex. B (August 10, 2015 email). WARF replied: "WARF intends to file a motion for protective order to limit the scope of Prof. Mahlke's deposition testimony to his discussions with Prof. Mudge in the context of this litigation. WARF is still prepared to go forward with the deposition this Friday but only on this limited topic. Please let us know what Apple intends to do." Zhong Decl., Ex. B (August 10, 2015 email). As of the filing of this motion, Apple had not responded.

The parties are at an impasse with respect to the appropriate scope of Dr. Mahlke's deposition; WARF thus now seeks the Court's intervention.

## II. ANALYSIS

Federal Rule of Civil Procedure 26(c)(1)(D) provides that the Court may "limit the scope of disclosure or discovery to certain matters" in order to "protect a party or person from

- 4 -

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(D). Additionally, Rule 45(d) prohibits imposing an undue burden on a third party. Discovery is broadly allowed with respect to all information reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Nevertheless, "[d]espite the broad scope of discovery, when discovery relates to irrelevant matters, the courts have begun, with more frequency to use Rule [26(c)(1)(D)] to circumscribe the scope of discovery." 6 *Moore's Federal Practice* § 26.105[5] (Matthew Bender 3d Ed.). Thus, at least in the context of a Rule 26(c)(1)(D) motion, "a showing of irrelevancy of proposed discovery can satisfy the 'good cause' requirement for a protective order." *Id.*

Apple itself has already tacitly acknowledged that Dr. Mahlke's deposition is only necessary to discover information about his conversations with Dr. Mudge. *See* Zhong Decl., Ex. B (July 14, 2015 email) ("If WARF intends to have Dr. Mudge rely upon or testify to his conversations with Dr. Mahlke, we will need to proceed with Dr. Mahlke's deposition."). Nevertheless, Apple has refused to confirm that it would limit the scope of Dr. Mahlke's deposition to this topic. Apple's attempt to expand Dr. Mahlke's deposition beyond the limited information he provided to Dr. Mudge is improper, seeks irrelevant information, is unduly burdensome to both Dr. Mahlke and WARF, and potentially highly prejudicial to WARF.

Dr. Mahlke is only disclosed by WARF as a fact witness. At Dr. Mudge's recommendation, WARF approached him so Dr. Mudge may consult him on certain facts pertaining to the Chen references. In return, Dr. Mahlke answered Dr. Mudge's specific questions about the work that resulted in the Chen references, which Dr. Mudge considered in reaching his expert opinions. Although the exercise seems rather pointless, WARF is not disputing that the information Dr. Mahlke provided to Dr. Mudge in their conversation may be within the scope of permissible discovery.

Although Dr. Mahlke certainly has expertise in computer engineering, he is not designated as a technical expert in this case and, even if treated as a non-testifying expert, his opinions as an "expert" are not properly discoverable.  *Cf.* Fed. R. Civ. P. 26(b)(4)(D); *U.S. Inspection Servs., Inc. v. NL Engineered Solutions, LLC*, 268 F.R.D. 614, 617 (N.D. Cal. 2010) ("Thus, Rule 26(b)(4) (D) creates a safe harbor whereby facts and opinions of nontestifying, consulting experts are shielded from discovery, except upon a showing of exceptional circumstances.") (internal punctuation and quotations omitted).  He has not prepared a report or been engaged by either party to render a technical opinion.  He certainly is not familiar with the nuanced issues at stake in this complex case.  In an unrestricted deposition, Apple could pose out-of-context questions in the guise of obtaining the understanding of a person of ordinary skill in the art.  It would be completely unfair for Apple to seek from Dr. Mahlke quasi-expert testimony under a high-pressure, time-sensitive situation.  Moreover, Dr. Mahlke's opinions about any of the myriad disputes in this case are completely irrelevant, and any questions about such disputes would not be reasonably calculated to lead to the discovery of admissible evidence.  It would also be unduly burdensome on both Dr. Mahlke and his counsel, provided by WARF, to spend the time required to ensure that Dr. Mahlke is familiar with the dozens of issues that could potentially be asked of him if his deposition is not properly constrained.

The advance limitation on scope and duration that WARF proposes also will eliminate unnecessary disputes during the course of the deposition.  For example, because Dr. Mahlke is not designated as an expert in this case, opinion and hypothetical questions are improper.  Yet it appears Apple's desire is to engage in just such questioning since it has rejected the offer of a deposition limited to the facts communicated to Dr. Mudge.   While Apple may think it can score points asking him if what he thinks about issues in this case (*e.g.*, the '752 patent is novel and non-obvious, how he would interpret claim terms as a person of ordinary skill in the art, whether

a certain reference discloses a claim limitation without providing the proper definition of the term in the context of the '752 patent, etc.), those sorts of questions are plainly not appropriate for a fact witness.  Rather than have the deposition result in on-the-record disputes about the scope of permissible inquiry and calls to the Court, it makes sense to set ahead of time the appropriate ground rules for this deposition.

Finally, it speaks volumes about Apple's motivation here that it was willing to dispense entirely with Dr. Mahlke's deposition if the few discrete facts Dr. Mudge learned from him are omitted from Dr. Mudge's trial testimony.  A limited, one-hour deposition of Dr. Mahlke is all that is reasonable and appropriate here.  Apple has not explained why it cannot examine him about his brief conversations with Dr. Mudge in that amount of time.  Moreover, Apple should not be permitted to attempt to unnecessarily burden Dr. Mahlke, a third party, simply in hopes of obtaining sound bites of quasi-expert testimony that are neither relevant nor admissible.

### III. CONCLUSION

For the foregoing reasons, WARF respectfully requests that the Court issue an order limiting the scope of the deposition of Dr. Scott Mahlke to testimony to one hour and to the specific factual predicates he provided to Dr. Trevor Mudge in the context of this litigation.

Respectfully submitted,

Dated: August 11, 2015    By: *Jennifer L. Gregor*

Morgan Chu
Gary Frischling
Jason Sheasby
Alan Heinrich
Christopher Zhong
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone:  (310) 277-1010
MChu@irell.com; GFrischling@irell.com;
JSheasby@irell.com; AHeinrich@irell.com;
CZhong@irell.com; ARowles@irell.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
JGregor@gklaw.com

*Attorneys for Plaintiff*
*Wisconsin Alumni Research Foundation*

14147224.1