# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>　　　　Plaintiff<br><br>v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 3:14-cv-00062-WMC |

# APPLE'S OPPOSITION TO WARF'S EXPEDITED MOTION FOR A PROTECTIVE ORDER LIMITING THE SCOPE OF THE AUGUST 14, 2015 DEPOSITION OF DR. SCOTT MAHLKE

**I.      INTRODUCTION**

WARF disclosed Scott Mahlke in its supplemental initial disclosures as having "[i]nformation relating to alleged prior art to the '752 patent, including the Chen references" (Ex. 1), and WARF's validity expert relied on conversation(s) with Dr. Mahlke in forming his validity opinions.  Apple timely served a deposition subpoena to Dr. Mahlke, who is apparently represented by WARF's counsel, and the parties have scheduled his deposition for August 14, 2015 (before fact discovery closes on August 21, 2015).  Apple seeks to depose Dr. Mahlke regarding topics relevant to this litigation, including several articles he co-authored that are prior art to WARF's '752 patent.  To minimize any burden on Dr. Mahlke, Apple has offered to complete the deposition in three hours.  WARF insists, however, that Dr. Mahlke's deposition should be limited to one hour and the topic of "the factual predicates he provided to [WARF's validity expert] in the context of this litigation."  (Mot. at 1.)  WARF's attempt to unilaterally limit the scope of Dr. Mahlke's deposition to a single topic that *WARF* intends to rely on at trial, without permitting Apple to take discovery on other factual topics that may support *Apple's* defenses or be relevant to the credibility of WARF's witnesses, would unfairly prejudice Apple in preparing its defenses in this litigation.  WARF's motion should be denied.

**II.     FACTUAL BACKGROUND**

Scott Mahlke is the co-author of several prior art articles ("the Chen references") that Apple relies on, among other prior art, to prove invalidity of the '752 patent.  These articles describe work that Dr. Mahlke and his colleagues did at the University of Illinois in the early to mid-1990s.  WARF does not dispute that these articles and Dr. Mahlke's related work are prior art to the '752 patent.

On March 12, 2015, WARF served an expert report from its validity expert Trevor Mudge. In that report, Dr. Mudge refers to and relies on conversation(s) with Dr. Mahlke regarding the work that led to the Chen references. In particular, Dr. Mudge relies on conversation(s) with Dr. Mahlke in an attempt to rebut certain opinions offered by Apple's invalidity expert. (Dkt. No. 107 [Mudge Expert Report] at ¶ 510, ¶ 529 n.42, ¶ 529 n.44, ¶ 534, ¶ 552 n.51, & ¶ 582.)

On March 30, 2015, WARF disclosed Dr. Mahlke in its first supplemental Rule 26(a)(1) initial disclosures. (Ex. 1.) WARF identified Dr. Mahlke as having "[i]nformation relating to alleged prior art to the '752 patent, including the Chen references." (*Id.* at 4.) WARF also indicated that Dr. Mahlke "may have access to privileged or confidential WARF information and should only be contacted through counsel for WARF." (*Id.* at 2, 4.)

On June 2, 2015, Apple served a subpoena seeking the deposition of Dr. Mahlke. (Dkt. No. 197-1.) During the next few weeks, the parties corresponded regarding scheduling Dr. Mahlke's deposition. (*See* Dkt. No. 197-2.) Then, on July 7, 2015, WARF proposed that Apple forego the deposition of Dr. Mahlke if WARF agreed not to call him as a witness at trial. (Dkt. No. 197-2 at 8.) In response, Apple explained that it could only do that if WARF agreed that its expert would not rely on his conversation(s) with Dr. Mahlke at trial. (*Id.* at 5.) WARF declined to accept that proposal, and the parties resumed discussions about scheduling Dr. Mahlke's deposition. (*Id.* at 3-4.) On July 30, 2015, WARF responded: "We will provide a date for Scott Mahlke's deposition as soon as we are able to determine his availability." (*Id.* at 4.)

On August 6, 2015, WARF indicated for the first time that it was "only offering Professor Mahlke for the limited purpose of testifying about the factual predicates he provided to Professor Mudge in the context of this litigation." (Dkt. No. 197-2 at 2-3.) Apple has repeatedly

told WARF that it cannot agree to limit the scope of Dr. Mahlke's deposition in that way, given that Dr. Mahlke possesses other information relevant to this litigation. (*Id.* at 1-2.) However, to minimize any burden on Dr. Mahlke, Apple has offered to complete the deposition in three hours. (*Id.* at 1.)

Apple and WARF have agreed that Dr. Mahlke's deposition will take place on August 14, 2015, in Ann Arbor, Michigan (before fact discovery closes on August 21, 2015). (Dkt. No. 197-2 at 1-3.) Despite Apple's offer to complete Dr. Mahlke's deposition in three hours, WARF insists that the deposition should be limited to one hour and the subject matter of Dr. Mahlke's conversation(s) with WARF's validity expert. (*Id.* at 2.) On the evening of August 10, 2015, WARF indicated that "WARF intends to file a motion for protective order to limit the scope of Prof. Mahlke's deposition testimony to his discussions with Prof. Mudge in the context of this litigation." (*Id.* at 1.) WARF filed this motion the following morning. (*See* Dkt. No. 196.)

## III. ARGUMENT

When seeking a protective order, "the burden is on the party seeking a protective order to show good cause." *Endotach LLC v. Cook Medical Inc.*, 2014 WL 839991, at *1 (S.D. Ind.) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir.1990)); *see also Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. 2007). A protective order should issue only when "the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Endotach*, 2014 WL 839991, at *1 (citing *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)). Here, WARF's motion should be denied because the discovery Apple seeks is reasonably calculated to lead to the discovery of admissible evidence and WARF has not shown good cause for limiting Dr. Mahlke's deposition. *See Operative Plasterers' & Cement Masons'*

3

*Int'l Ass'n of U.S. and Canada AFL-CIO v. Benjamin*, 144 F.R.D. 87, 91 (N.D. Ind. 1992) (declining to grant a protective order limiting the scope of a deposition where the party seeking the discovery had made a "minimal" showing that the deposition would be reasonably calculated to lead to the discovery of admissible evidence).

Dr. Mahlke plainly has information relevant to this litigation that goes beyond the extremely narrow scope to which WARF seeks to limit his deposition testimony.  **WARF** disclosed Dr. Mahlke as an individual who has information relevant to this litigation, including "[i]nformation relating to alleged prior art to the '752 patent, including the Chen references." (Ex. 1.)  In addition, Dr. Mahlke provided information to WARF's validity expert, who has relied on that information in forming his opinions regarding the validity of the '752 patent.  In fact, WARF has represented to Apple that Dr. Mahlke "may have access to privileged or confidential WARF information and should only be contacted through counsel for WARF." (Ex. 1.)

WARF's effort to unilaterally restrict Dr. Mahlke's testimony to information that he provided to WARF's expert would unfairly prejudice Apple.  Apple should be allowed to explore the extent of Dr. Mahlke's knowledge on the issues relevant to this case and to understand whether Dr. Mahlke was selective in what he told Dr. Mudge.  In other words, Apple should be permitted to take discovery not only on the information that **WARF** seeks to rely on but also on information that is relevant to Apple's defenses, including information that *Apple* may seek to rely on and that Apple may use to cross-examine Dr. Mahlke, Dr. Mudge, or others at trial.[1]

---

[1] For example, WARF claims that Apple "has never disputed" historical facts that Dr. Mahlke told to Dr. Mudge. (Mot. at 3.)  But Apple may explore the veracity of those alleged "historical facts" at Dr. Mahlke's deposition, which has not occurred yet.

4

Contrary to WARF's assertion, Apple's offer to forego Dr. Mahlke's deposition if WARF agreed not to rely on Dr. Mahlke in any way at trial was not an "acknowledge[ment] that Dr. Mahlke's deposition is only necessary to discover information about his conversations with Dr. Mudge." (Mot. at 5.) Apple was willing to forego the deposition if Dr. Mahlke was not going be relevant to the trial. But if WARF or its expert intends to rely on Dr. Mahlke at trial, then Apple should be permitted to depose him on all topics that may be relevant. The one-sided restriction on the subject matter that Dr. Mahlke may testify about at his deposition proposed by WARF, if adopted, would unfairly prejudice Apple's trial presentation regarding invalidity.

Apple does not seek to depose Dr. Mahlke as an expert witness, and WARF has no basis for suggesting otherwise. Apple seeks to depose Dr. Mahlke on factual topics relevant to this litigation, including topics that *WARF* identified when it disclosed Dr. Mahlke in its initial disclosures. These topics include, without limitation, the following:

- Dr. Mahlke's background and experience in the field of computer architecture.
- The state of the art in 1995/1996, including prior art to the '752 patent.
- The Chen references.
- The work that led to the Chen references.
- Dr. Mahlke's conversations with Dr. Mudge and any other individuals regarding this litigation.
- Any information that WARF has provided to Dr. Mahlke.
- Whether Dr. Mahlke is being compensated by WARF or WARF's counsel.
- Other facts relevant to Apple's invalidity defenses and the credibility of witnesses who may be called at trial.

Finally, Apple does not seek to unduly burden Dr. Mahlke, as WARF suggests. Apple seeks to depose Dr. Mahlke—a witness disclosed by WARF—in his individual capacity as a standard part of the fact discovery process. To minimize any burden on Dr. Mahlke, Apple has offered to limit the deposition to three hours instead of the seven hours permitted by the Federal Rules.

## IV. CONCLUSION

For the foregoing reasons, WARF's motion should be denied.

Dated:  August 11, 2015

Respectfully submitted,

*/s/ Derek Gosma*
William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

David C. Marcus (*pro hac vice*)
Andrea J.W. Jeffries (*pro hac vice*)
Derek Gosma (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:  (213) 443-5300
david.marcus@wilmerhale.com
andrea.jeffries@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*