# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>   Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) Case No. 14-cv-0062-BCC<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, plaintiff Wisconsin Alumni Research Foundation requests that defendant Apple Inc. serve sworn answers to the interrogatories set forth below within 30 days.

Pursuant to Fed. R. Civ. P. 26(e), these interrogatories are intended to be continuing in nature, and any new or different information that may be discovered subsequent to the service of the answers should be disclosed through supplemental answers, within a reasonable time following such discovery.

**DEFINITIONS**

Unless the context indicates otherwise, the following words and phrases have the meanings given:

1. <u>Apple or Defendant</u>: As used herein, the terms "Apple" or "Defendant" mean defendant Apple Inc. and any related companies, divisions, or subsidiaries, world-wide, past or present, including, without limitation, the past and present directors, officers, employees, agents, or attorneys thereof, or other persons acting or purporting to act on Apple's behalf.

2. <u>Apple's Answer</u>: "Apple's Answer" means Defendant Apple Inc.'s Answer to Complaint and Counterclaims, Dkt. No. 19 (filed Mar. 26, 2014), and any amendments made thereto.

3. <u>WARF</u>: "WARF" means plaintiff Wisconsin Alumni Research Foundation and includes the directors, officers, employees, agents, or attorneys thereof.

4. <u>'752 Patent</u>: "'752 Patent" means U.S. Patent No. 5,781,752.

5. <u>'752 Inventors</u>: "'752 Inventors" means one or more of the following individuals: Andreas Moshovos, Scott Breach, Terani Vijaykumar and Gurindar Sohi.

6. <u>Accused Product</u>: "Accused Product" means any product manufactured, distributed, licensed, sold, offered for sale, marketed or being planned, developed, designed or implemented by Apple that contains:

    a. Apple's A7 processor; or

    b. any processor based on the A7 architecture (or any architecture derived therefrom); or

    c. any component capable of Data Dependency Prediction (defined below).

7. <u>Data Dependency Prediction</u>: "Data Dependency Prediction" refers to any processing technique for conditionally executing load operations and store operations in a different order than that specified in the program sequence, in which the out-of-order execution is conditioned upon a prediction as to whether a load operation is dependent upon an older store operation. As used herein, "Data Dependency Prediction" includes load–store dependency prediction.

8. <u>Person</u>: "Person" includes any natural person, firm, partnership, association, corporation, trust, and any other business, governmental or legal entity.

9. <u>Identify</u>: "Identify" shall mean:

    a. in connection with natural persons, their full names, titles and job description, and their present or last known business address and residence (designating which);

- 2 -

   b. in connection with firms, partnerships, corporations, proprietorships, associations or other entities, their name, and their present or last known addresses of the principal place of business (designating which);

   c. in connection with Documents, a description of the Document, setting forth its Date, title, author or over whose name it issued, the addressee, parties thereto, the substance and the present custodian thereof, with such reasonable particularity as would be sufficient to permit the Document to be sought by subpoena duces tecum or under the provisions of Rule 34 of the Federal Rules of Civil Procedure. In lieu of identifying any or all Documents requested, a copy, properly identified as to Interrogatory, may be attached to the answers to these Interrogatories. Documents to be identified shall include both Documents in the registrant's possession, custody and control and all other Documents of which registrant has knowledge;

   d. in connection with oral statements and communications: (i) the Date and location where they were made; (ii) the identity of each of the participants and witnesses thereto, and all others present; (iii) the medium of communication; and (iv) their substance.

  10. <u>Software</u>: "Software" means instructions, statements, procedures, subroutines or programs written in a high-level programming language, design description language or assembly language, including source code, firmware, microcode, code written in or models represented in the Register Transfer Language (RTL), code written in Verilog, VHDL or any other hardware description language.

  11. <u>Document or Documents</u>: The terms "Document" and "Documents" are used in their broadest possible sense and refer to all categories defined in Rule 1001 of the Federal Rules of Evidence and all categories enumerated in Federal Rule of Civil Procedure 34(a) including, without limitation, all writings, drawings, graphs, charts, photographs, recordings, images, and any other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

  12. <u>Date</u>: "Date" shall mean the exact day, month and year if so ascertainable or, if not, the best approximation (including relationship to seasons and other events).

  13. <u>Concerning or Relating To</u>: As used herein, the terms "Concerning" and "Relating To" shall be construed in the broadest possible sense, and shall mean without limitation and whether in whole or in part: referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, dealing with, relating to, or having any logical or factual connection whatsoever with the subject addressed, regardless whether the factual connection is favorable to or adverse to Apple.

  14. <u>Prior Art</u>: "Prior Art" shall be construed to have the same meaning in which the term is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication,

system, prior knowledge, prior use, prior sale, offer of sale, or other act or event relevant to patentability under 35 U.S.C. §§ 102 or 103.

## INSTRUCTIONS

A.   In responding to these interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.

B.   In construing these interrogatories, the plural shall include the singular and the singular shall include the plural; a masculine, feminine, or neuter term shall include all other genders; the terms "or," "and," "and/or," and "including" shall be construed inclusively rather than exclusively so as to bring within the scope of the request that which otherwise might be construed as being outside the scope of said request; and the terms "all" and "any" shall be interpreted inclusively so as to mean both "all" and "any" whenever either term is used.

C.   If you object to all or any part of any interrogatory on the basis of a claim of privilege or work product protection, or if you withhold all or any part of any answer on the basis of such a claim, for each such objection or claim, provide (1) the subject matter of the information withheld; (2) the identity of each Person possessing such information or to whom such information was communicated; (3) the Date of the communication; and (4) the nature of the privilege or protection asserted.

D.   If any interrogatory is ambiguous or unclear to you, you are requested to contact undersigned counsel as soon as possible so that the interrogatory can be clarified to avoid unnecessary delays in discovery.

E.   Pursuant to the Federal Rules of Civil Procedure, you are required to supplement and correct your answers and responses on a timely basis.

## INTERROGATORIES

1.   Identify (by product name, product number, and internal Apple name or designation) each processor or component manufactured, distributed, licensed, sold, offered for sale, marketed or being planned, developed, designed, or implemented, by Apple that is any of: (a) the A7 processor; (b) based on or derived from the A7 architecture (or any architecture derived therefrom); or (c) capable of performing Data Dependency Prediction.

2.   For each processor or component identified in response to Interrogatory Number 1, Identify each product manufactured, distributed, licensed, sold, offered for sale,

- 4 -

marketed or being planned, developed, designed, or implemented, by Apple that contains, incorporates, or utilizes the processor or component.

3. Separately for each processor or component identified in response to Interrogatory Number 1, Identify each Person substantively involved in the engineering, design, implementation, evaluation, benchmarking and/or testing of Data Dependency Prediction and/or similar techniques in the processor or component, and for each such Person, state his or her role.

4. On a claim-by-claim basis for the '752 Patent claims, state with particularity all bases for Apple's assertion that Apple is not infringing and has not infringed (either directly or indirectly) any claim of the '752 Patent. See Apple's Answer at First Affirmative Defense and First Counterclaim.

5. On a claim-by-claim basis for the '752 Patent claims, state with particularity all bases for Apple's assertion that the claims of the '752 Patent are invalid or unenforceable under 35 U.S.C. §§ 101, 102, 103, 112, 116 or other applicable law or doctrine, including the identity of each item of Prior Art that Apple contends anticipates or renders obvious such claims, and a claim chart identifying where specifically in each item of Prior Art each limitation of each claim of the '752 Patent is found, including for each limitation that you contend is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of Prior Art that performs the claimed functions. See Apple's Answer at Second Affirmative Defense and Second Counterclaim.

6. With respect to Apple's assertion that the claims of the '752 Patent are invalid under 35 U.S.C. § 103, state with particularity all bases for Apple's contention, describing the level of ordinary skill in the art in whose view the claimed inventions would have been obvious and include an identification of all facts proving or tending to prove one of ordinary

skill in the art would have had reason to combine the allegedly known elements of the claimed inventions in the manner claimed by the '752 Patent. See Apple's Answer at Second Affirmative Defense and Second Counterclaim.

7. State with particularity all bases for Apple's contention that WARF is estopped to construe the claims of the '752 Patent in any way to cover any product, method, or service of Apple under the Doctrine of Equivalents, including Identifying with particularity each statement, argument, amendment, assertion, representation, and/or any other fact or evidence supporting, contradicting, or Relating To the contention. See Apple's Answer at Third Affirmative Defense.

8. State with particularity all bases for Apple's contention that this case is not "exceptional" within the meaning of 35 U.S.C. § 285, including any facts or evidence supporting, contradicting, or Relating To the contention. See Apple's Answer at Fourth Affirmative Defense.

9. If Apple contends that WARF's claims for damages are limited by 28 U.S.C. § 1498, state with particularity all bases for this contention, including the extent to which Apple contends each Accused Product has been used or manufactured by or for the United States Government, and including any facts or evidence supporting, contradicting, or Relating To the contention. See Apple's Answer at Seventh Affirmative Defense.

10. Describe with specificity all facts and circumstances relating to any contention by Apple that its conduct, if infringing, is not willful, including Apple's awareness of the existence of the '752 Patent including, without limitation, a description of when Apple first became aware of the '752 Patent, an identification of who at Apple first became aware of the '752 Patent, a description of how Apple first became aware of the '752

Patent, and a description of the action(s) Apple took in response to its awareness of the '752 Patent.

11. Describe with specificity all facts and circumstances relating to the conception, reduction to practice, design, development, engineering, and manufacturing of the subject matter disclosed in United States Patent Application No. 13/464,647, European Patent Application No. 13165284.4. This includes, without limitation, identifying the persons contributing to the subject matter disclosed in such applications and describing each person's contribution, the dates of such contributions, all evidence corroborating such contributions, and Apple's efforts to design, develop, engineer, and/or manufacture products embodying such inventions.

12. Identify and describe in detail any alternative(s) to Data Dependency Prediction or alternative means of performing Data Dependency Prediction considered, investigated, analyzed, or tested by Apple, including but not limited to an explanation of the alleged alternative(s), an identification of each Person who has worked on, assisted with and/or was or is responsible for any alleged alternative(s), and an explanation of whether and why each such alternative was or was not included in the Accused Product.

13. Identify and describe in detail any attempt by Apple to design around the '752 Patent, including but not limited to an explanation of the alleged design-around, an identification of each Person who has worked on, assisted with and/or was or is responsible for any alleged design-around, and an identification of each Apple product or prospective product in which Apple uses or intends to use any alleged design-around.

14. Identify and describe in detail the design, operation and method of operation of any mechanism, embodied in Software, hardware, or any combination thereof, that is incorporated in or designed to work with any of the Accused Products and that is designed

for or is capable of enabling, disabling, turning off or otherwise controlling, in any manner, the operation of any of the components of the A7 processor, or any other component of the Accused Products, that performs Data Dependency Prediction.

15. Identify and describe in detail all license agreements whose scope Apple contends are reasonably comparable to a license for the use or practice of the '752 Patent, including but not limited to providing identification of all documents and things that relate to, support, or contradict Apple's contentions, and an identification of each person with knowledge of any facts that support Apple's contention and the nature and scope of each person's knowledge.

16. State the complete factual and legal basis for Apple's position regarding the theories, amounts, and methods of calculating the reasonable royalty to which WARF will be entitled if Apple is found liable for infringing the '752 Patent, including Apple's position regarding the proper royalty base and the proper royalty rate for assessing damages for Apple's alleged infringement of the '752 Patent; identifying all Documents, facts, or evidence concerning, or which allegedly support, provide a basis for, contradict, or otherwise are relevant to Apple's position.

17. Identify all individuals who provided information used in responding to any of these interrogatories or later-propounded interrogatories, indicating for which response(s) he or she provided information.

Dated this 4th day of April, 2014.

By: /s/ Alan Heinrich
Alan Heinrich

Morgan Chu
Gary Frischling
Jason Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900

Los Angeles, CA 90067-4276
Phone: 310-277-1010
MChu@irell.com; GFrischling@irell.com; JSheasby@irell.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite500
Madison, WI 53703
Phone: 608-257-3911
Fax: 608-257-0609
JGregor@gklaw.com

*Attorneys for Wisconsin Alumni Research Foundation*

OF COUNSEL:
Alan Heinrich (CA#212782)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
310-277-1010
AHeinrich@irell.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE CORPORATION,<br><br>        Defendant. | Case No. 14-cv-0062-BCC |

### Certificate of Service

  I hereby certify that Plaintiff's First Set of Interrogatories was served via e-mail upon the following individuals:

  Lauren Fletcher
  lauren.fletcher@wilmerhale.com
  Andrea Jeffries
  andrea.jeffries@wilmerhale.com
  William Lee
  william.lee@wilmerhale.com
  David Marcus
  david.marcus@wilmerhale.com
  Mark Selwyn
  mark.selwyn@wilmerhale.com
  Catherine Cetrangolo
  cetrangolo@cetralaw.com

Dated this 4th day of April, 2014.

                /s/ Brian Eggleston
                Brian Eggleston
                Irell & Manella LLP
                1800 Avenue of the Stars Ste 900
                Los Angeles, CA 90069
                Phone: 310-203-7954
                BEggleston@irell.com