IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                      Plaintiff,                  OPINION AND ORDER

   v.

                                                    14-cv-062-wmc

APPLE, INC.,

                      Defendant.

---

Before the court is a motion by plaintiff Wisconsin Alumni Research Foundation ("WARF") to compel the deposition of Apple's in house counsel Iain Cunningham and the production of related privileged documents, both of which WARF contends have become discoverable by virtue of Apple's assertion of an advice of counsel defense. (Dkt. #178.) Following extensive briefing (dkt. ##178-185) and a lengthy telephonic hearing on this motion (dkt. #205), Magistrate Judge Crocker orally granted WARF's motion in part and denied it in part, but stayed enforcement pending my review. Having now done so, the court agrees with Apple that the only additional discovery available to WARF regarding its advice of counsel defense is a narrowly tailored deposition of Iain Cunningham. The court will, therefore, grant WARF's motion to compel the Cunningham deposition with respect to the *substance* of his actual communications with opinion counsel, including topics he did not in fact discuss.[1] WARF is not entitled to information as to why Cunningham chose to discuss or not discuss certain topics to the extent protected by Apple's larger attorney-client and work privileges, nor what was in his

---

[1] Understanding that the discovery cutoff date in this case is August 21, 2015, the court will also extend the deadline for taking Cunningham's limited deposition.

mind more generally, and certainly not what privileged communications he had with Apple's prosecution, IPR or litigation counsel. Similarly, WARF is not entitled to document production beyond that already produced.

This conclusion should hardly be of surprise since it falls squarely within the guidance provided by the Federal Circuit in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007). "[A]sserting the advice of counsel defense and disclosing [the] opinions of opinion counsel do not constitute waiver of the attorney-client privilege for communications with trial counsel." *Id.* at 1374-75. While the *Seagate* court kept open the possibility of a broader waiver under "unique circumstances" involving "chicanery," WARF has failed to put forth any evidence supporting a finding of "trickery" or "deception" on the part of Apple. Black's Law Dictionary 253 (4th ed. 2004). (For examples of actual instances of chicanery, please see 2 Paul R. Rice, *et al.*, Attorney-Client Privilege in the United States § 9.51 at p.4 (Thomson Reuters Dec. 2014).)

On the contrary, WARF's argument rests almost entirely on the fact that the opinion letter was sought and prepared while in the thick of this litigation.[2] While this may well be a sound basis for attacking the *weight* a jury should place on the letter, this falls far short of the kind of "chicanery" that would extend the waiver of the attorney-client privilege to communications between Apple and separate counsel. Indeed, WARF

---

[2] WARF would also conflate discovery here based on the breadth of discovery allowed of in-house counsel in *In re EchoStar Communications Corp.*, 448 F.3d 1294 (Fed. Cir. 2006), ignoring the obvious difference between the *EchoStar* defendant who purported to have relied on the opinion of its own, in-house counsel and a defendant like Apple who retained an opinion from independent counsel. *Id.* at 1299. In each case, discovery is unlimited as to what *that* counsel was or was not told with regard to the substance of his or her opinion, not what else the client knew, although any commiserate deficiencies in the quality of the opinion letter that results are certainly proper subjects of cross-examination should that opinion be relied upon at trial.

has made no showing of chicanery at all, since the timing of the opinion's creation is well known, just as is the self-serving nature of such a late-retained opinion letter.  To find otherwise would effectively close the door on a defendant or its in-house counsel seeking the judgment and advice of another law firm after the commencement (or even threat of commencement) of litigation, whether it be to obtain independent legal counsel's opinion on continuing to sell the allegedly infringing product or to rebut a willful infringement claim or both.  That hardly seems good public policy.  In any event, it does not affect the broad waiver of the attorney-client or work product privileges WARF claims.[3]

As for its demand for additional document discovery, WARF fares no better.  Apple has repeatedly represented that it produced any documents reflecting information provided to opinion counsel, as well as memorializing any communications with opinion counsel.  That is all *Seagate* requires on the facts here.[4]  Moreover, to the extent some courts have allowed greater leeway in discovery after *Seagate*, WARF failed to ripen this controversial issue in a timely fashion.  Having had the opinion letter at issue for some

---

[3] The court expresses no opinion here as to the relevance of such a late-obtained opinion letter. *See Seagate*, 497 F.3d at 1374-75 (discussing the relevance of pre- and post-litigation conduct to the question of willful infringement).

[4] The parties and Judge Crocker spent substantial time discussing the "four buckets" of information requested by WARF:  "(A) internal Apple communications regarding the '752 patent's validity, including but not limited to Apple's communications with in-house counsel; (B) communications regarding the '752 patent's validity between Apple and prosecution counsel for Apple's related patent applications, who made Apple first aware of the '752 patent; (C) communications regarding the '752 patent's validity between Apple and the counsel who prosecuted Apple's related *inter partes* review petition; and (D) communications regarding the '752 patent's validity between Apple and its litigation counsel, who advised Apple for at least 11 months as to the validity of the '752 patent before Apple chose to obtain the Day Opinion Letter."  (Pl.'s Mot (dkt. #178) 7.)  What is missing from that discussion is any legal basis to invade privileged communications that do not concern opinion counsel.  For the reasons discussed above, Apple has represented that those documents have been previously produced.

3

six months, filing a motion some six weeks from the close of discovery, which effectively asserts the letter works a wholesale waiver of otherwise privileged communications and work product, simply comes too late.

Finally, the court will reserve until the close of this case whether to award attorney's fees to Apple incurred in responding to WARF's motion.

ORDER

IT IS ORDERED that plaintiff Wisconsin Alumni Research Foundation's motion to compel the deposition of Iain Cunningham and compel discovery of certain documents (dkt. #178) is GRANTED IN LIMITED PART as to Cunningham's deposition on the narrow subject matter set forth above AND DENIED IN ALL OTHER RESPECTS.

Entered this 20th day of August, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge