IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                Plaintiff,                          OPINION AND ORDER

    v.                                                           14-cv-062-wmc

APPLE INC.,

                Defendant.
---

In this patent lawsuit, plaintiff Wisconsin Alumni Research Foundation ("WARF") alleges that defendant Apple Inc. infringes U.S. Patent No. 5,781,752 ("the '752 patent"). Before the court is WARF's emergency motion to strike so-called "supplemental" reports prepared by Dr. August and Ms. Davis (dkt. #214), on which an expedited telephonic hearing was held yesterday. For the reasons explained during that hearing and as set forth below, the court will grant WARF's motion to strike.

Apple served the two expert reports at issue on August 17, 2015, mere days before Ms. Davis's and Dr. August's previously scheduled depositions on August 19 and August 21, respectively. After WARF moved to strike both reports, Apple withdrew Ms. Davis's report. Dr. August's report -- titled, "Supplemental Expert Report of David August, Ph.D. Regarding U.S. Patent Application No. 13/464,647" (dkt. #211) -- remains in play.

In this report, Dr. August opines for the first time that the PTO's agreement to allow the '647 application demonstrates that Apple's LSD predictor is substantially different from WARF's patent. (August Suppl. Rept. (dkt. #211) ¶¶ 22-23.) Specifically,

Dr. August opines that PTO's grant of a separate patent on Apple's LSD Predictor over WARF's '752 patent demonstrates substantial differences exist with respect to both (1) literal infringement and (2) infringement under the doctrine of equivalents.[1] While WARF's motion is principally directed toward the introduction of these opinions, August's supplement also appears to raise new opinions relating to damages. WARF contends that all of these opinions are untimely, because they were not previously disclosed in Dr. August's previous reports.

Without deciding what, if any, opinions Dr. August previously disclosed with respect to the '647 application, the court agrees his late-filed supplemental report must be struck. The Preliminary Pretrial Conference Order itself expressly contemplates exclusion of improper supplementation of an expert's report under Rule 37 for failing "to comply with [the court's] deadlines and procedures." (Dkt. #24 at ¶ 6.) Moreover, Rule 37 is designed to "prevent a party from springing new expert testimony on an opponent at the last minute." *Dura Automotive Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 621 (7th Cir. 2002). Courts consider four factors to determine if a failure to timely disclose was harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption

---

[1] Separate patentability could be relevant to an infringement theory. *See Glaxo Wellcome, Inc. v. Andrx Pharms., Inc.*, 344 F.3d 1226, 1233 (Fed. Cir. 2003) ("Although this fact may be weighed by the district court, particularly if there is an issue of 'insubstantial' change with respect to equivalency, separate patentability does not automatically negate infringement."); *Hoechst Celanese Corp. v. BP Chems.* Ltd., 78 F.3d 1575, 1582 (Fed. Cir. 1996) (same); *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1191 (Fed. Cir. 1996) (same). Additionally, an alleged infringer's patent may be relevant to the determination of whether damages should be enhanced upon a finding of willful infringement. *See, e.g., Transclean Corp. v. Bridgewood Servs.*, 290 F.3d 1364, 1377-78 (Fed. Cir. 2002).

to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). Here, all four factors support WARF's motion to strike.

*First*, there is little doubt that Dr. August's supplement caused both surprise and prejudice. In its written response and during oral argument, Apple acknowledges that it knew that the Patent Office would issue a notice of allowance of its long-standing '647 application at least by June 30, 2015, as long as certain non-material, grammatical amendments were made. (Declaration of Jackson S. Trugman, Ex. 2 (dkt. #215-2).) In response, Apple points out that the fact the '647 application was pending is hardly "new" to the parties and, therefore, it should not come as a surprise to WARF that notice of allowance has issued, or apparently that its experts might rely on that fact. (Def.'s Opp'n (Dkt. #218) 1.) But this begs the question: once Apple *knew* that an allowance was imminent with respect to the '647 application, why did it delay almost two months to supplement its expert's opinion, much less wait until days before the expert's depositions?[2]

Dr. August's deposition will take place this Friday, August 21, 2015. Contrary to Apple's position, serving a substantive supplement just days before the deposition -- raising new theories relevant to both phases of the trial (liability and damages) or at least touting the importance of a patent application it knew was pending for more than two years and essentially knew would be allowed for almost two months -- is prejudicial. Not

---

[2] Although there is nothing in this record to support it, implicit in Apple's argument is that WARF itself knew of the June 30 announcement, but even if true, this does not relieve Apple of timely supplementing reports for those experts that wish to rely on this fact as an additional basis for one of their opinions.

only is WARF's counsel given little time to prepare for deposition, but giving new emphasis to the importance of the '647 application after the dispositive motion deadline, precludes WARF from filing a motion for summary judgment. Most importantly, with only days before discovery closes on August 21, 2015, WARF would have little opportunity to rebut Dr. August's new opinions. Such prejudice certainly strongly favors granting WARF's motion to strike.

*Second*, it is near impossible to cure WARF's prejudice with trial set to commence in a little over six weeks. Since Apple knew this well before its eleventh hour filings, there was ample time for its experts to opine on the possible importance of the '647 patent application if approved, and at least time to do so much closer to the PTO's June 30, 2015, announcement. This factor, therefore, also cuts in favor striking Dr. August's supplement pursuant to Rule 37.

The *third* factor is a corollary of the second, because there is a high likelihood that allowing Dr. August to testify from his supplement will disrupt trial. Specifically, because the supplement introduces new opinions on literal infringement and equivalents, or at least new facts in support of those opinions on the eve of trial, this will unduly burden WARF's preparation in what will be already an intensive trial with respect to both liability and damages.

The analysis under the *fourth* factor is admittedly more balanced. There is no direct evidence of bad faith or willfulness involved in Apple choosing *not* to disclose the supplemental reports until very recently, but an inference could well be made, as WARF urges, that Apple deliberately sat on its hands to sandbag WARF just days before Dr.

4

August's deposition was to be taken. While such tardiness perhaps does not rise to the level of bad faith that this factor suggests, neither is there a basis to find that the supplement was late served in good faith, much less that Apple showed common courtesy to WARF, which the Preliminary Pretrial Conference Order also expressly contemplates. (Dkt. #24 at p.1 ("The parties and their attorneys must at all times treat everyone involved in this lawsuit with courtesy and consideration . . . [and] attend diligently to their obligations in this lawsuit . . . so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1.").) Accordingly, the fourth factor is neutral at best, and probably slants in favor of WARF as well. Regardless, since the other factors strongly point in favor of granting WARF's motion, both supplemental reports will be deemed struck and may not be the basis for allowing any opinion testimony at trial.[3]

## ORDER

IT IS ORDERED that plaintiff Wisconsin Alumni Research Foundation's motion to strike Dr. August's and Ms. Davis's supplemental reports (dkt. #214) is GRANTED.

Entered this 20th day of August, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] Of course, notice of the allowance of Apple's U.S. Patent Application No. 13/464, 647 is a fact that may be introduced at trial to the extent relevant and presented in admissible form. Dr. August, however, will not be allowed to render an opinion of that patent application other than what is stated in his original report.