UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 3:14-cv-00062-WMC |

**DEFENDANT APPLE INC.'S PROPOSED SPECIAL VERDICT FORMS**

**SPECIAL VERDICT FORM**
**(LIABILITY)**

**<u>INFRINGEMENT</u>**

1. Has WARF proven by a preponderance of the evidence that Apple directly infringes any of the following claims of U.S. Patent No. 5,781,752 (the '752 patent)?

    Please answer "YES" or "NO" as to each claim for both Literal Infringement and Infringement under the Doctrine of Equivalents.

    <u>Claim 1</u>

    Literal Infringement:         YES _____ (for WARF)    NO _____ (for Apple)

    Doctrine of Equivalents:     YES _____ (for WARF)    NO _____ (for Apple)

    <u>Claim 2</u>

    Literal Infringement:         YES _____ (for WARF)    NO _____ (for Apple)

    Doctrine of Equivalents:     YES _____ (for WARF)    NO _____ (for Apple)

    <u>Claim 3</u>

    Literal Infringement:         YES _____ (for WARF)    NO _____ (for Apple)

    Doctrine of Equivalents:     YES _____ (for WARF)    NO _____ (for Apple)

    <u>Claim 5</u>

    Literal Infringement:         YES _____ (for WARF)    NO _____ (for Apple)

    Doctrine of Equivalents:     YES _____ (for WARF)    NO _____ (for Apple)

    <u>Claim 6</u>

    Literal Infringement:         YES _____ (for WARF)    NO _____ (for Apple)

    Doctrine of Equivalents:     YES _____ (for WARF)    NO _____ (for Apple)

- 3 -

<u>Claim 9</u>

Literal Infringement: YES _____ (for WARF) NO _____ (for Apple)

Doctrine of Equivalents: YES _____ (for WARF) NO _____ (for Apple)

2. Has WARF proven by a preponderance of the evidence that Apple is vicariously liable for a third party's infringement of the '752 patent?

Please answer "YES" or "NO" for both Samsung and Taiwan Semiconductor Manufacturing Corporation.

Samsung: YES _____ (for WARF) NO _____ (for Apple)

Taiwan Semiconductor   YES _____ (for WARF) NO _____ (for Apple)
Manufacturing
Corporation:

3. Has WARF proven by a preponderance of the evidence that Apple indirectly infringes the '752 patent?

Please answer "YES" or "NO" for Induced Infringement, Contributory Infringement, and § 271(f) Infringement.

Induced Infringement: YES _____ (for WARF) NO _____ (for Apple)

Contributory Infringement: YES _____ (for WARF) NO _____ (for Apple)

§ 271(f) Infringement YES _____ (for WARF) NO _____ (for Apple)

**INVALIDITY**

4. For each claim of the '752 patent listed below, has Apple proven by clear and convincing evidence that the claim is invalid?

    Please answer "YES" or "NO" as to each claim for Anticipation and Obviousness.

    Claim 1

    Anticipation:   YES _____ (for Apple)   NO _____ (for WARF)

    Obviousness:   YES _____ (for Apple)   NO _____ (for WARF)

    Claim 2

    Anticipation:   YES _____ (for Apple)   NO _____ (for WARF)

    Obviousness:   YES _____ (for Apple)   NO _____ (for WARF)

    Claim 3

    Anticipation:   YES _____ (for Apple)   NO _____ (for WARF)

    Obviousness:   YES _____ (for Apple)   NO _____ (for WARF)

    Claim 5

    Anticipation:   YES _____ (for Apple)   NO _____ (for WARF)

    Obviousness:   YES _____ (for Apple)   NO _____ (for WARF)

    Claim 6

    Anticipation:   YES _____ (for Apple)   NO _____ (for WARF)

    Obviousness:   YES _____ (for Apple)   NO _____ (for WARF)

- 5 -

Claim 9

Anticipation:        YES _____ (for Apple)    NO _____ (for WARF)

Obviousness:        YES _____ (for Apple)    NO _____ (for WARF)

## SPECIAL VERDICT FORM
## (DAMAGES)

1. What amount has WARF proven by a preponderance of the evidence that Apple should pay as a reasonable royalty for its infringement?

$ _____

**SPECIAL VERDICT FORM**
**(WILLFULNESS)**

1. Has WARF proven by clear and convincing evidence that Apple actually knew, or should have known, that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent?

 YES \_\_\_\_\_ (for WARF)   NO \_\_\_\_\_ (for Apple)

Dated: August 28, 2015 Respectfully submitted,

*/s/ Derek Gosma*
Andrea Jeffries (*pro hac vice*)
David C. Marcus (*pro hac vice*)
Derek Gosma (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
andrea.jeffries@wilmerhale.com
david.marcus@wilmerhale.com

William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*