## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

              Plaintiff,

      v.

APPLE INC.,

              Defendant.

Case No. 3:14-cv-00062-WMC

---

### APPLE'S RESPONSE TO WARF'S NOTICE OF SUPPLEMENTAL AUTHORITY RELATING TO ARGUMENT ON APPLE'S MOTION *IN LIMINE* NO. 1 (DKT 458)

Apple respectfully submits this response to WARF's Notice of Supplemental Authority Relating to Argument on Apple's Motion in Limine No. 1. (Dkt. 458.)

During the September 25, 2015 hearing, Apple explained that while Samsung began the manufacturing process for a portion of the accused SoCs in Texas by performing initial wafer fabrication there, the wafers that Samsung made in Texas were not SoCs and did not become SoCs until additional manufacturing steps were completed outside the U.S. (9/25/15 Tr. at 109-110.) Apple explained that the only direct infringer with respect to these SoCs could be Samsung—Apple could only be an indirect infringer. (*Id.*) Because indirect infringement requires knowledge of the asserted patent, WARF cannot as a matter of law show indirect infringement with respect to any SoCs for which Samsung performed wafer fabrication in Texas before Apple knew of the '752 patent. (*Id.* at 109-111; *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920, 1926 (2015) (affirming that "induced infringement can only attach if the defendant knew of the patent and knew as well that the induced acts constitute patent infringement") (internal citations and quotation marks omitted); *Global-Tech Appliances, Inc. v.*

*SEB S.A.*, 131 S.Ct. 2060, 2067-2068 (2011) ("[A] violator of § 271(c) must know that the combination for which his component was especially designed was both patented and infringing, and as we explain below, that conclusion compels this same knowledge for liability under § 271(b).") (internal citations and quotation marks omitted).)  These SoCs should therefore be removed from WARF's damages claim.

WARF does not dispute that it cannot show indirect infringement with respect to the wafers that Samsung began to make in Texas before Apple learned of the '752 patent.  Instead, WARF now argues that under *Akamai Techs, Inc. v. Limelight Networks, Inc.,* 797 F.3d 1020 (Fed. Cir. 2015) or an "agency" theory, Apple can be a *direct infringer*.  WARF's assertions are legally incorrect.

First, WARF misstates the holding in *Akamai*.  *Akamai* does not hold that a patentee can maintain a direct infringement claim whenever a defendant "contracts with another" to "perform the accused acts," as WARF alleges.  To the contrary, *Akamai's* holding is limited to alleged infringement of **method claims.**  The Federal Circuit explains that **where method claims are asserted,** infringement can be shown when a defendant acts with another party to perform the accused method steps.  *See Akamai*, 797 F.3d at 1022 ("Direct infringement under § 271(a) occurs where **all steps of a claimed method** are performed by or attributable to a single entity.  Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement.  We will hold an entity responsible for others' performance **of method steps** in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.") (emphasis added and internal citations omitted).  The Court is clear that "contracting with another" can give rise to direct infringement only with

2

respect to performing **steps of a claimed method**.  *Id*. at 1023 ("In the past, we have held that an actor is liable for infringement under § 271(a) if it acts through an agent (applying traditional agency principles) or contracts with another to perform one or more steps of a claimed method.").  This holding is plainly not applicable here: **there are no method claims in the '752 patent**.

Second, WARF's "agency" theory is flawed as a matter of law.  To show agency, WARF was required to put forth some evidence that Apple controls Samsung's actions.  *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989) (in order to establish agency relationship with third party, must show that party controls the actions of third party).  WARF has completely failed to meet this burden.  Instead, the only record evidence is that Samsung is *not* Apple's agent.  Apple's agreement with Samsung specifically states that there is no "agency relationship" (Dkt. 352-3 at APL-WARF_0001445283 ("Nothing in the Agreement creates a joint venture, partnership, franchise, employment or agency relationship or fiduciary duty of any kind.")) and WARF has not set forth *any evidence* that Apple controls Samsung's actions (Dkt. 338 at 7).  In fact, after Apple explained in its Motion in Limine No. 1 that WARF could not maintain its "agency" argument because there is no evidence that Samsung is Apple's agent and Apple does not control Samsung's actions, **WARF failed to even argue in its Opposition that Samsung is Apple's agent.**  WARF did not even mention its "agency" argument in its Opposition.  (Dkt. 439 at 1-11.)

For the foregoing reasons and the reasons set forth during the September 25, 2015 hearing, Apple respectfully requests that the Court rule that WARF cannot recover damages on the SoCs for which Samsung performed wafer fabrication in Texas before Apple knew of the '752 patent.

3

Dated:  September 27, 2015

Respectfully submitted,

*/s/ Derek Gosma*
William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

David C. Marcus (*pro hac vice*)
Andrea J.W. Jeffries (*pro hac vice*)
Derek Gosma (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:  (213) 443-5300
david.marcus@wilmerhale.com
andrea.jeffries@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*