IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                        Plaintiff,                                ORDER

    v.

                                                                         14-cv-062-wmc

APPLE, INC.,

                        Defendant.

Before the court is plaintiff WARF's motion for ruling on Apple's objections to certain deposition designations. (Dkt. #451.) In response, Apple withdrew certain, additional objections and, therefore, the court only considers the remaining objections here.

## Stephan Meier

- Meier's testimony re: Chrysos and Emer paper (124-26): **overruled** for the same set forth in the court's order denying Apple's related motion *in limine*. (9/29/15 Apple's MIL Op. & Order (dkt. #468) § I.H.)

- Meier's testimony re: whether certain design changes are "predictable" (185-86) or "obvious" (278-79): **sustained in part and overruled in part**. The court agrees with Apple that testimony as to whether a technical design is "obvious" is not proper for a lay witness, even an adverse one, unless designated as a parties' 30(b)(6) representative on its alleged defense of obviousness. This is especially so here, given the lack of foundational evidence of Meier's understanding of the legal definition of "obviousness" for purposes of rendering an opinion on an ultimate issue in the case. Therefore, the court will sustain Apple's objections on pp. 278-79. Whether a change is "predicable," however, does not carry the same concern. Therefore, the court overrules the objection on pp. 185-86. Meier and other lay witnesses, of course, remain free to testify as to the "scope and content of the prior art, differences between that prior art and the claims being challenged," *Havco Wood Prods. v. Indus. Hardwood Prods.*, 2012 U.S. Dist. LEXI 151447 (W.D. Wis. May 23, 2012), but the court will exclude any lay testimony specifically on whether a change from the prior art is or would be "obvious."

- Meier's testimony re: alternative designs (252, 256-57): **sustained as to liability**. In its response brief, Apple seeks an order limiting this testimony to the damages phase. Since Apple's reasoning seems sound, the court will sustain this objection. But if WARF disagrees even with the narrowing of this objection, it should seek reconsideration.

**Peter Bannon**

- Bannon's testimony re: whether a change to a prior art reference would be "obvious" (220-21, 341): **sustained** for the same reason as provided above with respect to Meier's testimony.[1]

**John Mylius**

- Mylius's testimony re: whether certain design changes are "predictable" (38) or "obvious" (37): **sustained as to obviousness and overruled as to predictable** for the same reasons as provided above with respect to Meier's testimony. Apple's objection to the designation on p. 37 is **sustained**; while the objection on p. 38 is **overruled**.

- Mylius's testimony re: Chrysos and Emer paper (157): **overruled** for the same reasons provided in the court's order denying Apple's motion *in limine*. (9/28/15 Apple's MILs Op. & Order (dkt. #468) § I.H.)

The court greatly appreciates the parties' efforts to streamline the process for ruling on the numerous objections to deposition designations. As discussed at the final pretrial conference, the court approves the parties' plan to follow the same briefing going forward on a rolling basis with respect to other witnesses unavailable for trial. More specifically, at least three business days prior to the date by which they will need court rulings in order to prepare the videotape (or offer expert testimony relying on portions of the deposition testimony), the party offering the testimony should provide a brief in response to the opposing party's objections -- hopefully, after the parties have had a chance to meet and confer and the objecting party has winnowed down its objections.

---

[1] WARF did not brief the designation on pp. 220-21, but they briefed similar testimony on p. 341. Regardless, the objection to the testimony on pp. 220-21 is sustained for the same reason.

The next business day, the party who originally interpose objections shall file a reply brief. The court will then endeavor to issue its ruling the day after receipt of the reply brief.

Finally, as a general note applicable to all videotaped deposition excerpts that will be played for the jury, the party offering the testimony shall include *only* specifically designated and approved questions and answers. In particular, that party is responsible for removing all objections and any other asides or discussions between counsel.

Accordingly, IT IS ORDERED that WARF's motion for rulings on Apple's objections to certain designations (dkt. #451) is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 29th day of September, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge