IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                    Plaintiff,                    ORDER

    v.                                                      14-cv-062-wmc

APPLE, INC.,

                    Defendant.

Pursuant to the court's procedures governing final pretrial submissions, both sides submitted proposed narrative statements summarizing the background and experience of their respective experts. Apple submits several objections on WARF's submissions (dkt. #394). In response, WARF filed a motion for leave to respond to Apple's objections (dkt. #447), which the court will grant. After review of Apple's objections and WARF's response, the court issues the following order, addressing each challenge.

First, Apple objects to certain statements in W. Michael Johnson's narrative describing his experience. Apple's objection is tied to its *Daubert* motion, which the court denied. (*See* 9/29/15 Opinion (dkt. #468) § II.Y.4.) The court's decision on that motion moots Apple's objection here. As such, Apple's objection is overruled.

Second, Apple objects to WARF's mention of Trevor Mudge's experience with ARM, one of the largest developers of mobile processors in the world, on the grounds that (1) his CV fails to disclose work experience with ARM and (2) his report does not discuss work on commercial mobile microprocessors. WARF responds that "Dr. Mudge's CV reflects his work with ARM on commercial mobile processors in his list of patents and applications, many of which are assigned to both ARM and the University of

Michigan." (Pl.'s Resp. (dkt. #447-1) 2.).   The court will sustain the objection, but only in limited part.  To reflect the information contained in Mudge's CV, WARF is directed to amend Mudge's narrative background to state that "He has extensive experience developing commercial mobile microprocessor designs, some of which were assigned to ARM, one of the largest developers of mobile processors in the world."

Next, Apple objects to Catherine Lawton's narrative mentioning that she (1) has lived in Wisconsin for 25 years and testified as an expert multiple times in this court; and (2) that "Qualcomm manufactures one of the best-selling mobile microprocessors in the world for smartphones and tablets."  WARF responds that both statements are accurate and that their inclusion does not prejudice Apple.  The court will sustain these objections in part.  WARF should omit any reference to Lawton being a long-time resident of Wisconsin, since that information regarding an expert may be unduly prejudicial to the jury.  The fact that she has offered expert testimony multiple times in this court, however, has some probative value and outweighs any prejudice to WARF.  As for the reference to Qualcomm, the court directs WARF to amend the relevant statement to say "Qualcomm manufactures mobile microprocessors for smartphones and tablets."

Next, Apple objects to the statement that Robert Blattberg is an expert in consumer demand, saying there is no evidence of such expertise in his CV.  WARF acknowledges in its response that the CV does not contain the word "demand," but argues that his CV still discloses this is an area of expertise for Blattberg.  The court agrees that Blattberg adequately discloses expertise in "consumer behavior."  While this would certainly include consumer demand, the suggestion that the latter is a distinct area

2

of recognized expertise is neither claimed in Blattberg's CV nor general literature. Apple's objection is, therefore, sustained to the extent that Blattberg's narrative should be amended to claim no more.

Apple also objects to the statement in the narrative that Mark Chandler has "personally negotiated over a hundred patent licenses, many of which involve microprocessor technology," on the basis that there was no disclosure that any of the licenses involved microprocessor technology. In response, WARF points to parts of Chandler's report in which he states that over two-thirds of his experience is in high-tech sectors, and portions of his deposition where he described his involvement in semiconductor, process and microprocessor technology. This objection is sustained in part. In particular, the court agrees with Apple that his specific experience negotiating patent licenses with "microprocessor technology," as opposed to processor technology more generally, was not adequately disclosed. Accordingly, the court directs WARF to amend his narrative to state "Mr. Chandler has personally negotiated over a hundred patent licenses, two-thirds of which involve high-tech industry, including semiconductors and processor technology."

Finally, Apple objects to the statement that Christopher Knittel has "extensive experience using regression methods to analyze product prices in many different markets, including smartphones, tablets and laptop computers" and "has experience measuring the value of improvement to specific products, such as the processor or the battery in a tablet or computer." Apple contends that Knittel did not disclose this specific experience. In

response, WARF directs the court to parts of Knittel's deposition in which he described prior experience with tablets and smartphones. The court will overrule this objection.

Accordingly,

IT IS ORDERED that:

1) plaintiff WARF's motion for leave to a response to Apple's objections to WARF's expert narratives (dkt. #447) is GRANTED;

2) defendant Apple's objections to WARF's expert narratives (dkt. #394) are OVERRULED IN PART AND SUSTAINED IN PART as described above; and

3) where and as indicated, WARF should file amended expert narratives on or before Friday, October 2, 2015.

Entered this 29th day of September, 2015.

> BY THE COURT:
>
> /s/
> _____
> WILLIAM M. CONLEY
> District Judge