IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

               Plaintiff,                                 ORDER

   v.                                                   14-cv-062-wmc

APPLE, INC.,

               Defendant.

---

The court held a telephonic conference today, at which the parties appeared by counsel. The court will formalize certain rulings in the order below, but before doing so, it will touch briefly on its ruling with respect to the admissibility of the '647 application and the fact of its recent allowance as it concerns Apple's invalidity claim.

In a prior order on WARF's motions *in limine*, the court concluded that Apple could elicit testimony from WARF's expert Trevor Mudge on how the '647 application implicates his view of validity of the '752 patent. (9/28/15 WARF's MILs Op. & Order (dkt. #464) 5, 6.) After further consideration of the context of Mudge's reference to the '647 application in his report, the court will reconsider its prior opinion denying WARF's motion, especially in light of the fact that Apple bears the burden of demonstrating invalidity.

In his report Mudge offered the 2013 '647 application to undermine Apple's position that the '752 patent is not novel or obvious. (Mudge Rept. (dkt. #107) ¶¶ 242-45.) This was, however, one of many reasons in Mudge's report for concluding that the '752 patent is valid as non-obvious. Now that the '647 patent has just issued, WARF represents that Mudge will no longer rely on the 2013 application as support of his

similar conclusion at trial. In other words, the jury will not hear from Mudge that his opinion on the validity of the '752 patent is based, in part, on Apple's views of the '647 application.

On reconsideration, the court now concludes that Apple's introduction of such testimony is improper both because: (1) WARF does not intend to offer any testimony from Mudge on the '647 application making Apple's cross-examination on the topic of that application unnecessary and (2) introduction of the claims made in the 2013 application will unnecessarily confuse the jury with regard to the scope of claims approved by the PTO in the 2015 patent or, at minimum, require a trial within a trial as to the arguable differences.

As such, the ruling on WARF's motion *in limine* 2 is modified as follows: the motion is GRANTED with respect to invalidity, except if WARF opens the door. In addition,

IT IS ORDERED that:

1) Apple has until Saturday, October 3, to file a proffer describing its planned argument to the jury with respect to the relevance of the '647 application and allowance on WARF's infringement by equivalence claim. That proffer should include a specific description of the evidence on which the jury could rely in determining whether Apple is practicing the claims allowed in the '647 application.

2) Apple is directed to submit proposed revisions to the court's draft of closing instructions and special verdict form, including responses to WARF's proposal, by today, Friday, October 2.

3) By Saturday, October 3, WARF should file a brief in support of its objections to the priority exhibits identified in Apple's notice (dkt. #486). Apple has until 5:00 p.m. on Sunday, October 4, to file its response to WARF's submission

4) WARF's motions for requesting rulings on additional depositions designations (dkt. ##480, 491) are DENIED IN PART AND GRANTED IN PART. As the court clarified during the conference, WARF's additional designations on the *same* witnesses for which the court had previously issued a decision are untimely. However, to the extent that the plan for deciding objections to deposition designations was not clear, the court will allow additional, unobjected to designations submitted in the dkt. #480 motion. In all other respects, and for the reasons stated on the record, the court sustains Apple's objections to all additional designations identified in both of WARF's motions.

5) Apple's motion for ruling on Apple's objections to WARF's exhibits (dkt. #481) is GRANTED IN PART AND DENIED IN PART. For the reasons provided on the record, the court overruled objections as to PX7, PX10, PX14, PX35, PX149, PX151, PX155, PX227, PX247, and PX601 and sustained objections as to PX381. PX465 and PX574 were withdrawn. The court reserves on PX385 as to foundation.

Entered this 2nd day of October, 2015.

                                              BY THE COURT:

                                              /s/
                                              _____
                                              WILLIAM M. CONLEY
                                              District Judge