## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION, | |
| Plaintiff, | |
| v. | Case No. 14-cv-00062-WMC |
| APPLE INC., | |
| Defendant. | |

## WARF'S OBJECTION TO APPLE'S PROPOSED VOIR DIRE QUESTION AND PROPOSED ADDITIONAL VOIR DIRE QUESTION

### 1.  WARF'S OBJECTION TO APPLE'S PROPOSED VOIR DIRE QUESTION

Plaintiff WARF respectfully objects to Apple's proposed additional voir dire question "Have you or a member of your family ever donated money to the University of Wisconsin?" First, the question is not necessary.  Question 4b already asks whether a potential juror has a "particularly strong opinion, whether positive or negative" or "affinity" with the University based on the fact the juror or someone close to the jury attended the University, was employed by the University "or otherwise."

Second, the question casts much too wide of a net, likely leading to juror confusion and extended and unnecessary voir dire.  The University of Wisconsin is a large institution and there are many opportunities for nominal donations that would be called for but would not implicate any potential bias.  For example, if a person buys a raffle ticket at a fundraiser for a student organization or a booster group, or pays a nominal donation to be placed on the list for season tickets for football or other athletic tickets, that is a donation to the University.  Every juror will be forced to provide a litany of their donations, which also implicates privacy concerns.  And the

donations will not reveal any more information about bias than any of the existing voir dire questions.

Third, asking a potential juror in a civil case about their charitable donations also is an unnecessary invasion of privacy in a civil case, because the question is overbroad in that it does not just extend to the juror but to "a member of your family."

Given the above considerations, no changes are needed or appropriate.  In the event that the Court is inclined to allow the question, WARF proposes that the Court modify Question 4b and embed this concept into that question as follows (with the addition underlined):

- "Does anyone have a particularly strong opinion, whether positive or negative, or affinity with [UW] based on the fact that you or someone close to you attend or attended UW, are or were employed by UW, made a contribution to UW, or otherwise?"

This ensures that jurors need not disclose private or trivial contributions to the University not likely to assist voir dire.

**2.     WARF'S PROPOSED VOIR DIRE QUESTION**

Currently, the Court's Orientation Remarks And Voir Dire To Jury Panel includes the question "[d]oes anyone have a strong opinion, whether positive or negative, about Apple, whether based on ownership of stock, use of its products, or otherwise?"  *See* Question 4(d).  In addition to ascertaining their opinion of Apple, WARF believes it is important to ascertain directly whether jurors in fact own stock in Apple and hence have a financial interest in the case. This is because the ownership of stock does not just go to a potential bias, but to a concrete conflict of interest.  A juror who owns Apple stock could believe that a decision against Apple could have a future adverse impact on them financially.

**This is very different from the situation regarding a past contribution to UW.** The additional question sought by Apple does not concern any **future** impact on the juror as a result of the outcome of the case. By contrast, ownership of Apple stock does.

WARF therefore proposes that the Court pose the following question to the jurors:

- Do you or does a member of your immediate family own any stock in Apple Inc.?

The cases favor asking such a question. Ownership of stock in one of the parties to a litigation creates an implied bias and cause for disqualification of that juror. *See, e.g.*, *Caterpillar Inc. v. Sturman Industries, Inc*., 387 F.3d 1358, 1372 (Fed. Cir. 2004) ("[A] court must excuse a juror for cause if the juror . . . has *even a tiny financial interest* in the case.") (citing *United States v. Polichemi,* 219 F.3d 698, 704 (7th Cir. 2000) (emphasis in original); *Chestnut v. Ford Motor Co*., 445 F.2d 967, 971 (4th Cir. 1971) ("That a stockholder in a company which is a party to a lawsuit is incompetent to sit as juror is so well settled as to be black letter law."). This is true even where juror believes that they can be impartial. *Getter v. Wal-Mart Stores, Inc*. 66 F.3d 1119, 1122 (10th Cir. 1995) (noting that the fact that the juror owned stock in the defendant was "precisely the type of relationship that requires the district court to presume bias and dismiss the prospective juror for cause" even where the juror made "assurances of his impartiality"). Thus, it is not sufficient to merely ask whether any of the jurors "have a strong opinion" about Apple. Instead, it is essential that the Court also include WARF's additional question whether they own stock in Apple, the defendant.

WARF's additional question will ensure that any jurors who have a financial interest in Apple may be identified (and disqualified for cause), as opposed to just those jurors who have a strong positive or negative impression of Apple, perhaps "based on" unknown stock holdings in Apple.

Accordingly, WARF requests that the Court add its proposed question to the Court's Orientation Remarks And Voir Dire To Jury Panel. *Godwin v. CSX Transp., Inc*., 2015 U.S. Dist. LEXIS 119312 (S.D. Ga. Sept. 8, 2015) ("Plaintiff's counsel is permitted to ask potential jurors during voir dire . . . whether any of the potential jurors own stock in or otherwise have a business relationship with Defendant or any of its subsidiaries."); *Wilson v. Ampride, Inc.*, 2012 U.S. Dist. LEXIS 90238, 74-75 (D. Kan. June 28, 2012) ("implied bias" exists where "prospective jurors [] own stock in . . . one of the participants in the trial or a witness to the transaction at issue.").

Respectfully submitted,

Dated: October 4, 2015          By:  */s/ Jennifer L. Gregor*

Morgan Chu
Gary Frischling
Jason Sheasby
Alan Heinrich
Christopher Abernethy
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone:   (310) 277-1010
MChu@irell.com; GFrischling@irell.com;
JSheasby@irell.com; AHeinrich@irell.com;
CAbernethy@irell.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone:   (608) 257-3911
JGregor@gklaw.com

*Attorneys for Plaintiff*
*Wisconsin Alumni Research Foundation*