**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                Plaintiff,

      v.

APPLE INC.,

                Defendant.

Case No. 3:14-cv-00062-WMC

**APPLE INC.'S MOTION TO SEAL TRIAL EXHIBITS AND DEMONSTRATIVES**

ActiveUS 148788633v.1

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Paragraph 15 of the Court's Protective Order Regarding The Disclosure And Use of Discovery Materials (Dkt. No. 38), Apple Inc. ("Apple") moves for an order sealing the following trial exhibits and demonstratives: PX 008; PX 041; PX 044; PX 045; PX 076; PX 083; PX 094; PX 104; PX 142; PX 156; PX 228; PX 276; PX 687; DX 0705; DX 0713; DX 0717; DX 0979; DX 0998 (redacted); DX 1288; DX 1558; DX 1593; DX 1654; DXX 1.40; DXX 1.46; DXX 1.48; DXX 1.50; Conte 087; Conte 094; Conte 101; Conte 105; Conte 106; Conte 111; Conte 113; Conte 116; Conte 132; Conte 139; Conte 140; Conte 159; Conte 162; and Conte 205-222.

While court proceedings are presumptively open to public view, the Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that, upon a showing of "good cause," the Court may enter a order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Consistent with Rule 26(c)(1)(G), the Seventh Circuit has made clear that sealing certain information may be warranted "in order to protect trade secrets or other compelling interests in secrecy." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). *See also Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002) (in appropriate circumstances, "trade secrets or other categories of bona fide long-term confidentiality" may be sealed); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld."); *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995) ("Legitimate trade secrets should be protected from disclosure.").

Other circuits have found likewise.  *See*, *e.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("presence of trade secrets in court records weighs against the right of access"); *Woven Elecs. Corp. v. Advance Group, Inc.*, 1991 WL 54118, at *6 (4th Cir. May 6, 1991) (observing that multiple courts of appeal "have specifically recognized an exception to the public's right of access when a case involves a trade secret").

A "Trade Secret" under Wisconsin law is defined as "information, including a formula, pattern, compilation, program, device, method, technique or process to which all of the following apply: 1. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. [and] 2. The information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances."  Wis. Stat. Ann. § 134.90(1)(c) (West).

The exhibits that Apple seeks to seal merit protection from disclosure as trade secrets:

***Apple's Confidential Source Code.***  Exhibits PX 142, DX 1593, and DX 1654 contain highly confidential Apple source code.  A party's confidential source code generally constitutes sealable information.  *See Apple, Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret."); *see also Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 1969596, at *3 (E.D. Wis. May 5, 2008) (acknowledging that a party's source code contained "confidential business information").  Because these exhibits are comprised exclusively of source code, the Court should grant Apple's motion to seal exhibits PX 142, DX

3

1593, and DX 1654.  WARF's demonstrative exhibits Conte 139 and Conte 140 contain excerpts of the above referenced documents and should be sealed for the same reasons.

**_Apple Confidential Financial Information._**  Exhibit PX 104 contains highly sensitive Apple financial information that Apple does not disclose in its securities filings or otherwise make known to the public.  More specifically, PX 104 contains product-specific unit sales, revenue, and cost information broken down by quarter for Apple iPhone and iPad products. Numerous district courts in the Seventh Circuit have found that this type of financial data warrants sealing.  "Documents containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal."  *Formax v. Alkar-Rapidpak-MP Equipment, Inc.*, 2014 WL 792086, at*2 (E.D. Wisc. Feb 25, 2014) (sealing detailed information relating to "unit and part sales volume, revenue, cost of production, and other related financial information").  *See also E.E.O.C. v. Abbott Laboratories*, 2012 WL 3842460, at *2 (E.D. Wisc. Sept. 5, 2012) (sealing pricing and sales data); *Federal Trade Commission v. OSF Healthcare Sys.*, 2012 WL 1144620, at *3-*10 (N.D. Ill. Apr. 5, 2012) (sealing pricing information, contract terms, and negotiation strategies).

In *Apple Inc. v. Samsung Electronics Co*., 727 F.3d 1214 (Fed. Cir. 2013), the Federal Circuit considered financial information of the same type that Apple seeks to seal here, and found that "it seems clear that if Apple's . . . suppliers have access to [its] profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components."  *Id.* at 1225.  The Federal Circuit also found that release of such detailed financial information would put Apple "at a competitive disadvantage,"

and ruled that the district court had abused its discretion in ordering the documents unsealed. *Id.*[1]

**_Apple Confidential Third-Party Agreements_**.  Exhibits PX 76, PX 94, PX 687, and DX 1288 are Apple manufacturing agreements or documents containing related information that Apple does not disclose in its securities filings or otherwise make known to the public.  More specifically, PX 94 and DX 1288 are Apple's Master Development and Supply Agreement with Samsung.  The terms and conditions of this agreement are confidential.  *See* PX 94.0015, DX1288.0015.  The public disclosure of this agreement would give a competitive advantage to other parties seeking to enter into a development and supply agreement with Apple by providing insight into the terms and conditions of a pre-existing agreement.  *See F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) (sealing contract terms, contract negotiations and strategies, where disclosure of the information would have put the party at a competitive disadvantage).

Exhibit PX 687 is a project requirements document for Apple's A7 SoC.  This document is "Apple Need to Know Confidential" and discloses the detailed requirements for the design, manufacture, and supply of Apple's A7 SoC.  The public disclose of this document would provide a competitive advantage to other parties seeking to enter into a product supply agreement with Apple by providing insight into the terms and conditions of a pre-existing agreement.  *Id.* Public disclosure would also provide a competitive advantage to Apple's competitors by providing insight into Apple's confidential design and manufacturing plans.

---

[1]     Apple acknowledges that the present circumstances differ from those considered by the Federal Circuit in that the financial documents at issue in *Apple Inc.*, 727 F.3d 1214, 1223, were not introduced into evidence, and therefore were not considered by the jury.  However, the Federal Circuit's conclusion as to the trade secret nature of the documents remains equally true in this case.

ActiveUS 148788633v.1

Exhibit PX 94 is a chart summarizing Samsung's manufacture of wafers for Apple. Information disclosed in this chart is confidential to Apple and Samsung and provides product-specific manufacturing details.  Public disclosure of this information may provide a competitive advantage to Apple's competitors by providing insight into Apple and Samsung's manufacturing strategy.

WARF's demonstrative exhibits Conte 159 and Conte 162 contain excerpts of the above referenced documents and should be sealed for the same reasons.

*__Apple Confidential Technical Information__*.  Exhibits PX 8; PX 41; PX 44; PX 45; PX 83; PX 276; PX 228; DX 979; DX 998; DX 1558; DXX 1.40; DXX 1.46; DXX 1.48; DXX 1.50; Conte 087; Conte 094; Conte 101; Conte 105; Conte 106; Conte 111; Conte 113; Conte 116; and Conte 132 contain highly sensitive Apple technical information that Apple does not disclose to customers or otherwise make known to the public.  For example, Exhibit PX 8 is Apple's Cyclone and Typhoon Software and Tuning Guide, which is labeled "Apple Need-to-Know Confidential."  (PX0008.001.)  This guide was put together by Apple's performance team on how to structure software to get the greatest performance and power benefit out of a processor at the lowest cost.  (Deposition of John Mylius (Dkt. 88) 284:3-9.)  This information qualifies as a trade secret because it derives independent economic value from being known to Apple and not others and is therefore worthy of being sealed.  *See Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-CV-465-WMC, 2015 WL 1285829, at *8 (W.D. Wis. Mar. 20, 2015); *see also Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *4 (N.D. Cal. Mar. 10, 2010) (sealing documents because the documents "contain[ed] detailed technical specifications for portions of NetApp's Data ONTAP-based products.").

ActiveUS 148788633v.1

Similarly, Apple's exhibits PX 41, PX 44, PX 45, PX 83, PX 276, DX 979, and DX 1558 are highly technical guides and specifications that are highly confidential to Apple and detail the inner workings of Apple's processing cores.  The public disclosure of these documents would give competitors an inside look at Apple's products and allow others to capitalize on Apple's confidential and innovative know-how.  Apple and WARF's demonstrative exhibits DXX 1.40; DXX 1.46; DXX 1.48; DXX 1.50; Conte 087; Conte 094; Conte 101; Conte 105; Conte 106; Conte 111; Conte 113; Conte 116; Conte 132; and Conte 205-222 contain excerpts of the above referenced documents or other highly technical information regarding Apple's products and should be sealed for the same reasons.

Finally, Apple moves to seal in part exhibit DX 998, which is an email from Gerard Williams to Kaiann Drance that details the design and development of the CPU ("Cyclone") in Apple's A7 SoC.  Mr. Williams' email provides a detailed summary of the timing, goals, and specifications of the birth of Apple's first 64-bit processor.  Apple's development and design techniques are, in large part, responsible for Apple's success.  As a result, information about the process Apple went through to develop Cyclone is highly confidential to Apple and would give a competitive advantage to less sophisticated competitors.  A proposed redacted version of DX 998 is attached as Exhibit A to Apple's Motion.

***Third Party Confidential Information***.  Exhibits PX 156; DX 705; DX 713; and DX 717 are documents that were produced by third parties and designated as confidential under the protective order entered in this case.  Apple requests that the Court seal these exhibits and allow the relevant third parties time to file declarations in support of sealing.

Dated:  October 5, 2015

Respectfully submitted,

/s/ Michael Silhasek
William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

David C. Marcus (*pro hac vice*)
Andrea J.W. Jeffries (*pro hac vice*)
Derek Gosma (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:  (213) 443-5300
david.marcus@wilmerhale.com
andrea.jeffries@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*

ActiveUS 148788633v.1