UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION, | Case No. 3:14-cv-00062-WMC |
| Plaintiff, | |
| v. | |
| APPLE INC., | |
| Defendant. | |

**APPLE INC.'S MOTION TO SEAL TRIAL EXHIBITS AND DEMONSTRATIVES**

1

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Paragraph 15 of the Court's Protective Order Regarding The Disclosure And Use of Discovery Materials (Dkt. No. 38), Apple Inc. ("Apple") moves for an order sealing the following trial exhibits demonstratives: PX 337, DDX 4-13, DDX 4-24, DDX 4-25, DDX 4-26, DDX 4-27, DDX 4-28, and DDX 4-29.

While court proceedings are presumptively open to public view, the Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that, upon a showing of "good cause," the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Consistent with Rule 26(c)(1)(G), the Seventh Circuit has made clear that sealing certain information may be warranted "in order to protect trade secrets or other compelling interests in secrecy." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002); *see also Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002) (in appropriate circumstances, "trade secrets or other categories of bona fide long-term confidentiality" may be sealed); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld."); *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("Legitimate trade secrets should be protected from disclosure."). Other circuits have found likewise. *See, e.g., Romero v. Drummond Co.*, 480 F.3d 1234, 1246

(11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("presence of trade secrets in court records weighs against the right of access"); *Woven Elecs. Corp. v. Advance Group, Inc.*, 1991 WL 54118, at *6 (4th Cir. May 6, 1991) (observing that multiple courts of appeal "have specifically recognized an exception to the public's right of access when a case involves a trade secret").

A "Trade Secret" under Wisconsin law is defined as "information, including a formula, pattern, compilation, program, device, method, technique or process to which all of the following apply: 1. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use [and] 2. The information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances." Wis. Stat. Ann. § 134.90(1)(c) (West).

The demonstratives that Apple seeks to seal merit protection from disclosure as trade secrets:

***Apple's Confidential Source Code.*** Demonstratives DDX 4-13, DDX 4-24, DDX 4-25, DDX 4-26, DDX 4-27, DDX 4-28, and DDX 4-29 contain highly confidential Apple source code. A party's confidential source code generally constitutes sealable information. S*ee Apple, Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret."); *see also Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 1969596, at *3 (E.D. Wis.

3

May 5, 2008) (acknowledging that a party's source code contained "confidential business information"). Because these demonstratives contain source code, the Court should grant Apple's motion to seal demonstratives DDX 4-13, DDX 4-24, DDX 4-25, DDX 4-26, DDX 4-27, DDX 4-28, and DDX 4-29.

*__Apple Confidential Technical Information__*. Trial exhibit PX 337 contains highly sensitive Apple technical information that Apple does not disclose to customers or otherwise make known to the public. Exhibit PX 337 is a highly technical microarchitecture specification that is highly confidential to Apple and details the inner workings of Apple's processing cores. The public disclosure of this document would give competitors an inside look at Apple's products and allow others to capitalize on Apple's confidential and innovative know-how. This information qualifies as a trade secret because it derives independent economic value from being known to Apple and not others and is therefore worthy of being sealed. *See Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-CV-465-WMC, 2015 WL 1285829, at *8 (W.D. Wis. Mar. 20, 2015); *see also Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *4 (N.D. Cal. Mar. 10, 2010) (sealing documents because the documents "contain[ed] detailed technical specifications for portions of NetApp's Data ONTAP-based products").

Dated:  October 7, 2015 	Respectfully submitted,

*/s/ David M. Peer*
William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

David C. Marcus (*pro hac vice*)
Andrea J.W. Jeffries (*pro hac vice*)
Derek Gosma (*pro hac vice*)
David M. Peer (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:  (213) 443-5300
david.marcus@wilmerhale.com
andrea.jeffries@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Michael Silhasek (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  (650) 858-6000
mark.selwyn@wilmerhale.com
michael.silhasek@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*