IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                     Plaintiff,                   OPINION AND ORDER

    v.

                                                14-cv-062-wmc

APPLE, INC.,

                     Defendant.

---

On the second day of trial, Apple described a theory of noninfringement based on its understanding of the meaning of "the particular" in claim 1(a) of the '752 patent. WARF objected during the hearing to Apple presenting expert testimony as to the meaning of this term, arguing that the issue was one of claim construction and Apple waived any construction of that term by failing to raise it timely. While this issue was only presented to the court during trial, and indeed was raised for the first time the night before Apple intended to develop this theory through an expert's testimony, the dispute has been known to the parties for some time. For that reason, it is unclear who is more at fault. Apple's expert Dr. August articulated its reading of claim 1a in his March 2015 report (August Noninfringement Rept. (dkt. #103) ¶¶ 242-61) and reiterated the theory in his August 2015 deposition (August Dep. (dkt. #238) 51-52). As such, WARF knew -- or at least should have known -- that its own interpretation of the term "the particular" differed from Apple's. On the other hand, the meaning of this term now appears central to Apple's theory of noninfrigement, and therefore Apple should have raised the need for a construction once the dispute presented itself.

Regardless of who is to blame, unless the court were to find waiver, some construction is required for the same reasons previously articulated by the court in its ruling on WARF's motion *in limine* 12.  (9/28/15 Op. & Order (dkt. #464) 26.)   "When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."  *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362-63 (Fed. Cir. 2008)) (*citing Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd* 517 U.S. 370 (1996) (purpose of claim construction is to "determin[e] the meaning and scope of the patent claims asserted to be infringed")).  This is true even if one or both of the parties insist, as in this case, that the claim terms should be given their "plain" or "ordinary" meanings.  *O2 Micro Int'l Ltd.*, 521 F.3d at 1361-62 ("plain meaning" construction not useful if "reliance on a term's 'ordinary' meaning does not resolve the parties' dispute").

After this issue was raised at a hearing outside of the presence of the jury, both sides filed briefs explaining their respective positions.  (Dkt. ##550, 552.)  The dispute concerns the following language of claim 1:

> In a processor capable of executing program instructions in an execution order differing from their program order, the processor further having a data speculation circuit for detecting data dependence between instructions and detecting a mis-speculation where ***a data consuming [load] instruction*** dependent for its data on a data producing instruction of earlier program order, is in fact executed before the data producing instruction, a data speculation decision circuit comprising:
>
> a) a predictor receiving a mis-speculation indication from the data speculation circuit to produce a prediction associated with ***the particular data consuming [load] instruction*** and based on the mis-speculation indication; and

2

> b) a prediction threshold detector preventing data speculation for instructions having a prediction within a pre-determined range.

'752 patent, 14:36-52 (emphasis added).

Both parties agree that "the particular data consuming instruction" in subpart (a) refers back to "a data consuming instruction" in the preamble of claim 1. WARF's interpretation would stop there. Apple, on the other hand, argues that the word "the" is sufficient alone to refer back to the prior reference to "a data consuming instruction" and, therefore, "[t]he word 'particular' must have some additional meaning." (Def's Br. (dkt. #552) 3.) Apple then contends that "particular" has its plain and ordinary meaning, directing the court to dictionary definitions of "particular" as "of, relating to, or being a single person or thing distinguished from some or all others," or "relating to or considered as one thing or person as distinct from others." (*Id.*, Exs. 1, 2 (dkt. ##552-1, 552-2).) From this, Apple concludes that subpart (a) discloses a predictor associated with one and only one load instruction. This interpretation of the claim may be material because Apple contends that the LSD Predictor in the accused products "treats load instructions collectively and does not associate a prediction with 'the particular' load instruction." (Def.'s Br. (dkt. #552) 4 (summarizing August's likely testimony).)

In a way, this dispute may be a red herring, since the parties do *not* dispute that the language in subpart (a) refers back to the preamble description of "*a* data consuming instruction." From the court's reading of claim 1 as a whole, it contemplates a single load instruction. Perhaps recognizing this, WARF alternatively argues that the word "comprising" at the end of the preamble to claim 1 supports its position:

3

> [B]ecause claim 1 uses the transition "**comprising**," it merely requires the prediction to be associated with *at least* the particular Load that mis-speculated. It ***does not exclude*** predictions from ***also*** being associated with one or more ***additional*** limitations. In other words, if the prediction is associated with *at least* the Load that mis-speculated, then the presence or absence of any further association is irrelevant to the analysis.

(Pl.'s Br. (dkt. #550) 4 (emphasis in original).) While the court agrees with WARF -- and will instruct the jury that the word "comprising" means that "the invention includes the listed requirements, but is not limited to those requirements" (Draft Jury Instructions at 5) -- "comprising" in claim 1 precedes the two subparts, requiring, in other words, that the invention contain both subparts (a) and (b). If an accused product has (a), (b) *and* (c), that would still constitute infringement. WARF, however, cannot rely on "comprising" to expand what is claimed in subpart (a).

From all of this, the court concludes that claim 1 discloses a prediction associated with a single load instruction, albeit one that is "dynamic." Because this language is consistent with the plain meaning of the claim terms "the" and "the particular," the court concludes there is no need for instructing the jury on the meaning of this term. Dr. August is free to rest his analysis on this plain, general reading of claim 1 without over emphasizing the importance of the terms "the particular" in subpart 1a.

ORDER

IT IS ORDERED that WARF's motion to exclude evidence and argument on Apple's hash "aliasing" non-infringement theory (dkt. #550) is DENIED.

Entered this 8th day of October, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge