IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                    Plaintiff,                                  ORDER

    v.

                                                                     14-cv-062-wmc

APPLE, INC.,

                  Defendant.

---

Before the court is plaintiff WARF's motion for ruling on Apple's objections to WARF's deposition designations for the damages phase of trial. (Dkt. #579.) After reviewing Apple's s opposition (dkt. #581), the court issues the following rulings:

**<u>Generic Scope Objections</u>**

Apple asserts a number of general scope objections to the reading or playing of certain deposition testimony of Apple employees who testified on subjects falling outside the scope of their Fed. R. Civ. P. 30(b)6 designation. WARF responds "that testimony outside the scope of a Rule 30(b)(6) notice is admissible, although not binding on the corporation," which is true as far as it goes. *See Icon Enterprises Int'l, Inc. v. Am. Products Co.*, No. CV 04-1240, 2004 WL5644805, at *7 (C.D. Cal. Oct. 7, 2004) (explaining rule and stating the "Court will not exclude any testimony on the grounds that it went beyond the designated topics." (citing *Detoy v. City & Cnty. of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000)).

Unless admissible under Fed. R. Evid. 801(d)(2) as a statement of a party opponent, however, as 30(b)6 representative statements are, the testimony is still hearsay. This means that Apple's objection is well taken unless the witness is unavailable

to testify at trial pursuant Fed. R. Evid. 804. While Apple's witnesses are all outside the court's subpoena power, meaning that this test is normally met, Apple may voluntarily produce the witness at trial. If so, then WARF must choose between calling that witness adversely for all purposes, or forego introducing in its case in chief any testimony that falls outside the subject matter for which that witness was designated.

### Peter Bannon

- Bannon's testimony regarding the reasons why Apple did not use the load-store dependency predictor of the A7 and A8 processors in the A6 processor, as well as its important to the A7 and A8 processors (77): **overruled**. The court agrees with WARF that this testimony concerns relevant considerations under the *Georgia-Pacific* factors. While the testimony touches on technical aspects of the accused products, the testimony primarily concerns the value of the LSD predictor and, therefore, is not cumulative of that testimony presented during the liability phase.

- Bannon's testimony regarding the "train wreck" email (90-92, 142-43, 307): **sustained in part, overruled in part**. The court sustains Apple's objection to these passages as cumulative to the extent this testimony was already played to the jury, but not for passages that have not yet been played.

- Bannon's testimony regarding PA Semiconductor (159-61): **sustained** for lack of foundation and speculation.

- Bannon's testimony regarding post-litigation actions to disable accused feature (173, 271-72): **overruled**. Bannon's testimony is relevant to the jury's determination of whether Apple has a non-infringing alternative.

- Bannon's testimony regarding changing control bits (271-72): **overruled**. This testimony is also relevant to the availability (or lack thereof) of a non-infringing alternative.

### Stephan Meier

- Meier's testimony regarding an email discussing simulations that were run to assess the performance of Apple's processors (154-56): **overruled**. Meier's testimony concerns testing of performance of a processor that does not allow "loads to speculate around stores." (Meier Dep. (dkt. #137) 156.) This testimony is arguably relevant to the question of non-infringing alternatives

and the value of the infringing element of Apple's accused products as determined by the jury.

- Meier's testimony regarding simulations on an early version of Cyclone (238-39): **overruled.** Meier testified that the simulation was done on a product what was "very close to the final load-store data dependency predictor," and therefore, the testimony is relevant to whether Apple has non-infringing alternatives and the value of the alleged infringing element of Apple's accused products.

**Jeffrey Risher**

- Apple's general objection is beside the point. The court agrees that the admissibility of Risher's testimony is not determined by Donaldson's reliance on it. Donaldson, of course, is free to rely on Risher's testimony to the extent that experts in his field would reasonably rely on this information.

- Risher's testimony that he has been deposed 10-20 times (7): **overruled.** The number of times a witness has been deposed is arguably relevant to the jury's assessment of his credibility.

- Risher's testimony about the Apple/ARM license agreements (156, 202-03): **overruled in part and denied in part.** The objection is overruled as to 156:4-10, but sustained as to 156:11-21 for lack of foundation. As for 202-30, overruled to the extent that the remainder of the witness's explanation on pages 203-05 is designated.

**Emily Bauer**

- Bauer's testimony regarding what another WARF employee Paul Pucci did to contact Apple (15, 139, 140-42, 144-45, 153-54): **sustained** for lack of relevance since WARF is not claiming that it provided direct notice of the patent in challenging Apple's forfeiture of pre-suit damages claim.

**David Papworth**

- Papworth's testimony regarding who generated the Intel spreadsheets (40-42): **overruled.** The court previously allowed Papworth's testimony and certain deposition exhibits to be introduced into evidence, making Papworth's process of obtaining the spreadsheets describing Intel's sales relevant and not unduly prejudicial.

- Papworth's testimony regarding a letter from Intel stating that it will not use the '752 intention in any new Intel product platform (98-99): **overruled.**

3

This testimony is relevant to whether WARF has waived its right to pre-suit damages by failing to mark Intel's licensed products.

- Papworth's testimony regarding whether Intel processors are "covered by any claims of WARF's '752 patent" (132-33): **sustained**. The testimony concerns a legal question for which Papworth is not qualified to testify.

Accordingly, IT IS ORDERED that WARF's motion for ruling on Apple's objections to WARF's deposition designations for the damages phase of trial (dkt. #579) is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 12th day of October, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge