IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

|  |  |  |
|---|---|---|
|  | Plaintiff, | ORDER |
| v. | | |
| | | 14-cv-062-wmc |
| APPLE, INC., | | |
|  | Defendant. | |

Before the court is defendant Apple's motion for ruling on WARF's objections to Apple's deposition designations for the damages phase of trial.  (Dkt. #578.)   After reviewing Apple's s opposition (dkt. #580), the court issues the following rulings:

**Emily Bauer**

- Bauer's testimony about pre-suit notice (99, 152-55): **sustained** for lack of relevance since WARF is not claiming that it provided direct notice of the patent in challenging Apple's forfeiture of pre-suit damages claim.

- Bauer's testimony regarding licensing efforts (137-39):  **sustained in part and overruled in part.**   Overruled as to 137:5-7, 10-11 137:22-139:4, 139:7-11 and 139:14-15.   Bauer's testimony about whether other companies have reached out to her about licensing the '752 patent is arguably relevant to certain of the *Georgia-Pacific* factors.  WARF's objection, however, is sustained as to 137:12-13, 16-21 for lack of foundation.

**Gerald Shattuck**

- Shattuck's testimony regarding identifying licensing opportunities (154-56): **overruled**.  The designated testimony of Shattuck, WARF's licensing manager, goes to WARF's knowledge of licensing opportunities and is relevant to WARF's valuation of the '752 patent going into the hypothetical negotiation.

**David Papworth**

- Papworth's testimony to "leading questions" (45:17-20, 23-24; 46:20-23; 47-2-9, 12-17, 19-21; 48:2-6, 8; 162:18-21, 162:24-164:8; 164:12): **overruled.** The questions are appropriate.

- Papworth's testimony concerning Intel's accused products (33:4-7, 10-14): **overruled**.  Papworth can testify as to his understanding of what the accused functionality was in the Intel case.

- Papworth's testimony concerning what processors practiced "memory disambiguation" (73-75, 162-64): **overruled.**  Papworth's testimony reflects sufficient personal knowledge for him to testify as to whether processors contain memory disambiguation.

- Papworth's "expert" testimony regarding infringement (132-33): **sustained**, for relevance and improper legal opinion.

**Peter Bannon**

- Bannon's testimony regarding marketing of chips with the LSD predictor (102, 109, 315-16): **overruled in part and sustained in part.**  Overruled with respect to the designations on page 102 and 315-16, but sustained with respect to the designations on page 109, as speculation.

- Bannon's testimony about "all machines" (104): **overruled**.  If 103:16-25 is not included in the designations, it should be added for completeness.

Accordingly, IT IS ORDERED that WARF's motion for ruling on Apple's objections to WARF's deposition designations for the damages phase of trial (dkt. #578) is GRANTED, and the objections are sustained in part and overruled in part as provided above.

Entered this 13th day of October, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge