# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>            Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 3:14-cv-00062-WMC |

**APPLE INC.'S MOTION TO SEAL TRIAL EXHIBITS AND DEMONSTRATIVES**

1

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Paragraph 15 of the Court's Protective Order Regarding The Disclosure And Use of Discovery Materials (Dkt. No. 38), Apple Inc. ("Apple") moves for an order sealing the following trial exhibits and demonstratives: PX 34, PX 187, PX 256, PX 259, PX 326, PX 356, DX 719 – DX 725, DX 1025, DX 1026, DX 1027, DX 1036, DX 1174, DX 1292, DX 1330, DX 1333, DX 1630, DX 1631, DX 1703, DX 1870, Lawton 65, Lawton 85, Lawton 95, Lawton 110, DDX 6-13, DDX 6-15, DDX 6-21, DDX 6-26, DDX 14-4, DDX 14-5, DDX 14-6, DDX 14-7, DDX 14-8, DDX 16-3, DDX 16-7, DDX 16-8, DDX 16-15, DDX 16-19, DDX 16-22, and DDX 16-25.

While court proceedings are presumptively open to public view, the Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that, upon a showing of "good cause," the Court may enter a order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Consistent with Rule 26(c)(1)(G), the Seventh Circuit has made clear that sealing certain information may be warranted "in order to protect trade secrets or other compelling interests in secrecy." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). *See also Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002) (in appropriate circumstances, "trade secrets or other categories of bona fide long-term confidentiality" may be sealed; *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld."); *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("Legitimate trade secrets should be protected from disclosure.").

Other circuits have found likewise.  *See*, *e.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("presence of trade secrets in court records weighs against the right of access"); *Woven Elecs. Corp. v. Advance Group, Inc.*, 1991 WL 54118, at*6 (4th Cir. May 6, 1991) (observing that multiple courts of appeal "have specifically recognized an exception to the public's right of access when a case involves a trade secret").

A "Trade Secret" under Wisconsin law is defined as "information, including a formula, pattern, compilation, program, device, method, technique or process to which all of the following apply: 1. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. [and] 2. The information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances.  Wis. Stat. Ann. § 134.90(1)(c) (West).

The exhibits and demonstratives that Apple seeks to seal merit protection from disclosure as trade secrets:

***Apple Confidential Financial Information.***  Demonstrative exhibits Lawton 65, Lawton 85, Lawton 95, Lawton 110, DDX 16-3, DDX 16-7, DDX 16-8, DDX 16-15, DDX 16-19, DDX 16-22, and DDX 16-25 contain highly sensitive Apple financial information that Apple does not disclose in its securities filings or otherwise make known to the public.  More specifically, Lawton 65 contains highly confidential margin information regarding Apple's products and components.  Demonstrative exhibits Lawton 85, Lawton 95, Lawton 110, DDX 16-3, DDX 16-7, DDX 16-8, DDX 16-15, DDX 16-22, and DDX 16-25 contain information that can be used to

ActiveUS 148962548v.1

calculate the total number of accused products Apple has sold over a specific time period. Numerous district courts in the Seventh Circuit have found that detailed financial data warrants sealing. "Documents containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal." *Formax v. Alkar-Rapidpak-MP Equipment, Inc.*, 2014 WL 792086, at*2 (E.D. Wisc. Feb 25, 2014) (sealing detailed information relating to "unit and part sales volume, revenue, cost of production, and other related financial information"). *See also E.E.O.C. v. Abbott Laboratories*, 2012 WL 3842460, at *2 (E.D. Wisc. Sept. 5, 2012) (sealing pricing and sales data); *Federal Trade Commission v. OSF Healthcare Sys.*, 2012 WL 1144620, at *3-*10 (Apr. 5, 2012 N.D. Ill.) (sealing pricing information, contract terms, and negotiation strategies).

In *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214 (Fed. Cir. 2013), the Federal Circuit considered financial information of the same type that Apple seeks to seal here, and found that "it seems clear that if Apple's . . . suppliers have access to [its] profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225. The Federal Circuit also found that release of such detailed financial information would put Apple "at a competitive disadvantage," and ruled that the district court had abused its discretion in ordering the documents unsealed. *Id.*[1]

---

[1] Apple acknowledges that the present circumstances differ from those considered by the Federal Circuit in that the financial documents at issue in *Apple Inc.*, 727 F.3d 1214, 1223, were not introduced into evidence, and therefore were not considered by the jury. However, the Federal Circuit's conclusion as to the trade secret nature of the documents remains equally true in this case.

4

*Apple Confidential Third-Part Agreements*.  Exhibits DX 1292, DDX 6-13, DDX 6-15, and DDX 6-26 are technology agreements and related documents between Apple and third-party technology providers that are subject to confidentiality provisions and that Apple does not disclose in its securities filings or otherwise make known to the public.  The public disclosure of this information would give a competitive advantage to other parties seeking to enter into a technology agreement with Apple or with the third-party technology providers by providing insight into the terms and conditions of a pre-existing agreement.  *See F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) (sealing contract terms, contract negotiations and strategies, where disclosure of the information would have put the party at a competitive disadvantage).

*Apple Confidential Technical Information*.  Exhibits PX 34, PX 187, PX 256, PX 259, PX 356, and DX 1174 contain highly sensitive Apple technical information that Apple does not disclose in product literature made available to customers or otherwise make known to the public.  For example, Exhibit PX 34 is a presentation previewing the A8 SOC, which is labeled "Highly Confidential."  PX0034.001.  This presentation contains highly technical and sensitive information about the design, development, manufacture, and supply of Apple's A8 SOC.  This information qualifies as a trade secret because it derives independent economic value from being known to Apple and not others and therefore is worthy of being sealed.  *See Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-CV-465-WMC, 2015 WL 1285829, at *8 (W.D. Wis. Mar. 20, 2015); *see also Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *4 (N.D. Cal. Mar. 10, 2010) (sealing documents because the documents "contain[ed] detailed technical specifications for portions of NetApp's Data ONTAP-based products.").

5

Similarly, Apple's exhibits PX 187, PX 256, PX 259, PX 356, and DX 1174 contain highly sensitive Apple technical information that are highly confidential to Apple and detail the inner workings of Apple's SOCs and processor cores. The public disclosure of these documents would give competitors an inside look at Apple's products and allow others to capitalize on Apple's confidential and innovative know-how.

*Apple Confidential Customer Research and Survey Information*. Exhibits PX 326, DX 1330, DX 1333, and DX1870 contain highly sensitive Apple customer research and survey information that Apple does not disclose in marketing materials made available to customers or otherwise make known to the public. For example, Exhibit PX 326 is a comprehensive survey of customers concerning how Apple's customers value certain product features, whether they considered products sold by competitors, and how satisfied they are with different product features for the period of FY14-Q1. The questions, survey structure, and customer responses in this survey are highly confidential. This information qualifies as a trade secret because it derives independent economic value from being known to Apple and not others and is therefore is worthy of being sealed. *See Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-CV-465-WMC, 2015 WL 1285829, at *8 (W.D. Wis. Mar. 20, 2015).

*Apple Confidential License Information*. Exhibits DX 1025, DX 1026, DX 1027, DX 1036, DDX 6-21, DDX 14-4, DDX 14-5, DDX 14-6, DDX 14-7, DDX 14-8, DDX 16-19, and DDX 16-25 contain highly sensitive Apple patent licenses and related information that Apple does not disclose in its securities filings or otherwise make known to the public. A license agreement is an example of a highly sensitive business information whose disclosure can provide "other firms an unearned competitive advantage – unearned because the issue of public disclosure arises from the adventitious circumstance of the [document] having become caught up

6

in litigation and as a result having become filed in court." *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.* 261 F. Supp.2d 1002, 1008 (N.D.Ill. 2003) (sealing portions of settlement agreement containing "essentially a license to distribute a patented product"). *See also In re Elecs. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (nonprecedential) (holding that district court abused its discretion in refusing to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" found in a license agreement because such information "plainly falls within the definition of 'trade secrets'").

**_Third Party Confidential Information._** Exhibits DX 719 – DX 725, DX 1630, DX 1631, and DX 1703 are documents that were produced by third parties and designated as confidential under the protective order entered in this case. Apple requests that the Court seal these exhibits and allow the relevant third parties time to file declarations in support of sealing.

ActiveUS 148962548v.1

Dated: October 15, 2015

Respectfully submitted,

*/s/ Michael Silhasek*
William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

David C. Marcus (*pro hac vice*)
Andrea J.W. Jeffries (*pro hac vice*)
Derek Gosma (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
david.marcus@wilmerhale.com
andrea.jeffries@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*