IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

          Plaintiff,                      OPINION AND ORDER

   v.

                                                  14-cv-062-wmc

APPLE, INC.,

          Defendant.

---

Defendant Apple, Inc. previously sought summary judgment on plaintiff Wisconsin Alumni Research Foundation's willful infringement claim on the basis that WARF cannot show by clear and convincing evidence that Apple "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*). In that opinion and order, the court denied Apple's motion with respect to certain defenses, but reserved on remaining bases -- including Apple's obviousness defense and various non-infringement theories -- pending a more robust demonstration of the merits of Apple's defenses and WARF's infringement claims at trial." (8/6/15 Op. & Order (dkt. #193) 43.)

Having now had the benefit of hearing the evidence on infringement and invalidity during the liability phase of the trial, as well as reviewing the parties' submissions on willful infringement (Pl.'s Proffer (dkt. #587); Def.'s Resp. (dkt. #606)), the court finds that Apple's obviousness defense was objectively reasonable, albeit unsuccessful. Accordingly, the court will enter judgment in Apple's favor on WARF's willful infringement claim.

OPINION

As the court set forth in its summary judgment decision, to establish willful infringement, WARF "must show by clear and convincing evidence" that: (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech.*, 497 F.3d at 1371. The first of these elements -- an "objective determination of recklessness" -- is a question for the court, not the jury. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1006-07 (Fed. Cir. 2012).

"[T]he 'objective' prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement." *Id.* at 1005-06 (internal citation and quotation marks omitted); *see also Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010) (overturning jury's finding of willful infringement, finding that defendant raised a "substantial question as to the obviousness" of the patent in suit); *Ameritox, Ltd. v. Millennium Health, LLC*, No. 13-CV-832-WMC, 2015 WL 1866085, at *2 (W.D. Wis. Apr. 17, 2015) (finding objective prong not met where defendant had raised "substantial question" with respect to obviousness defense); *Douglas Dynamics, LLC v. Buyers Products Co.*, 747 F. Supp. 2d 1063, 1112 (W.D. Wis. 2010) (granting summary judgment on willful infringement claim where there was "reasonable difference of opinion" and a "close question"). Even resolving all evidentiary disputes and reasonable inference in WARF's favor, it has failed

to show by clear and convincing evidence that Apple acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.

Apple demonstrated at trial that the elements of the asserted claims of the '752 patent were all known in the prior art, and many were well-known for those skilled in the art. Indeed, WARF did not meaningfully dispute this.[1] As a result, the only factual dispute as to Apple's obviousness defense was whether a person of ordinary skill in the art would have *combined* those elements and had a reasonable chance of doing so successfully.

In particular, Apple argued that all of the asserted claims of the '752 patent were obvious over Hesson in view of Steely. Hesson discloses an out-of-order processor that "dynamically predict[s]" whether or not a mis-speculation is likely to occur by tracking "history bits" indicating how many times a *store* instruction has been involved in a mis-speculation. (DX 770.) WARF's expert Trevor Mudge conceded at trial that the only limitation missing from Hesson with respect to asserted claims 1 and 9 was that Hesson was associated with store (as opposed to load) instructions. (Def.'s Resp. (dkt. #606) 5 (citing trial transcript).) Relying on its own expert, Dr. Colwell, Apple further argued that a person of ordinary skill would have been motivated to combine Hesson with Steely's disclosure of a load table. (*Id.*) Finally, Apple offered other prior art not before the PTO allowing them to credibly argue that others skilled in the art were thinking about testing and implementing similar concepts.

---

[1] WARF did dispute -- and the evidence at trial is strongly, if not overwhelmingly, in its favor -- whether any single piece of prior art anticipated the patented invention.

While the jury ultimately rejected this argument -- no doubt in part because of the investment in computer software simulations, and time and effort required to confirm that the '752 patented invention would prove valuable in practice sometime in the future when processing speeds had increased by a factor of 10 or more -- the court finds that Apple nevertheless raised a substantial question with respect to the validity of the '752 patent. In no way does this finding upend the jury's rejection of defendant's obviousness claim. On the contrary, the jury had a sound basis for finding that the inventors of the '752 patent should be given credit for taking the additional step of combining known elements.

The Federal Circuit routinely finds that the objective prong of the willful infringement claim is not met where the defendant's obviousness claim rests on the combination of known elements. For example, the Federal Circuit recently observed in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 769 F.3d 1371 (Fed. Cir. 2014), *cert. denied*, 84 USLW 3063 (U.S. Oct. 5, 2015) (No. 15-121), the following:

> The record shows that although Pulse was ultimately unsuccessful in challenging the validity of the Halo patents, Pulse did raise a substantial question as to the obviousness of the Halo patents. Pulse presented evidence that the prior art disclosed each element of the asserted claims, that it would have been predictable to combine and modify the prior art to create the claimed electronic packages, and that there were differences between the prior art considered by the PTO and the prior art introduced at trial.

*Id*. at 1382-83 (internal citation omitted)). Similarly, in *Spine Solutions, Inc.*, 620 F.3d 1305, the Federal Circuit affirmed the district court's rejection of the plaintiff's willful infringement claim reasoning that:

4

> Medtronic raised a substantial question as to the obviousness of the '071 patent. The combination of the '477 patent and Nobuo plainly discloses all of the claimed limitations. Although we hold that the record contains substantial evidence to support the jury's implicit finding that one of skill in the art would not have found the combination obvious, Medtronic was not objectively reckless in relying on this defense.

*Id.* at 1319.[2]

In its proffer, WARF raises a final, novel argument, although one of many that will no doubt arise with the advent of the Patent Trial and Appeal Board ("PTAB"), contending that one of the PTAB's findings with respect to Apple's challenge to the '752 patent effectively forecloses its obviousness defense here. Specifically, WARF points to PTAB's finding that Apple "has not shown, under 35 U.S.C. § 314(a), that there is a reasonable likelihood that it will prevail with respect to at least one of the challenged claims." (Gosma Decl., Ex. 8 (dkt. #352-8) 2). According to WARF, this finding precludes Apple from now arguing that its obviousness defense was objectively reasonable because the PTAB "standard is lower than the 'clear and convincing evidence' required to prove invalidity in District Court." (Pl.'s Proffer (dkt. #587) 4.)

The court rejects this argument. All PTAB found was that Apple was not likely to prevail on its defense by proving obviousness by clear and convincing evidence. PTAB did not consider whether this defense was objectively reasonable or raised a substantial

---

[2] *Innovention Toys, LLC v. MGA Entm't, Inc.*, 611 F. App'x 693, 700 (Fed. Cir. 2015) ("Under any reasonable view, the gap between the prior art and Innovention's claims, while large enough to allow the jury to find that MGA did not successfully establish the required motivation to combine with a reasonable expectation of success, was not particularly large. Indeed, it was sufficiently small that MGA's defense was reasonable as a matter of law even considering evidence of objective indicia of obviousness.").

question.  As such, the PTAB finding -- like the jury's finding rejecting the invalidity challenge -- does not settle the issue of whether Apple's defense was objectively reckless.[3]

ORDER

IT IS ORDERED that judgment is entered in favor of defendant Apple, Inc. on plaintiff Wisconsin Alumni Research Foundation's willful infringement claim.

Entered this 15th day of October, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

[3] Because the court finds that one of Apple's obviousness defenses was objectively reasonable, it need not consider whether certain of Apple's noninfringement theories might satisfy the objective prong.  Still, the court would be remiss not to note that Apple's theories with respect to "detecting a mis-speculation" of an individual load instruction element are also not objectively reckless.

6