UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>          Defendant. | Case No. 3:14-cv-00062-WMC |

**APPLE INC.'S MOTION TO SEAL PORTIONS OF THE TRIAL RECORD**

Apple Inc. ("Apple") respectfully moves for an order sealing the court's trial transcript on October 13, 2015, October 14, 2015, and October 15, 2015 and allowing Apple the opportunity to propose limited redactions to the trial transcript to protect Apple and third-party trade secret information.

While court proceedings are presumptively open to public view, the Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that, upon a showing of "good cause," the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Consistent with Rule 26(c)(1)(G), the Seventh Circuit has made clear that sealing certain information may be warranted "in order to protect trade secrets or other compelling interests in secrecy." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). *See also Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002) (in appropriate circumstances, "trade secrets or other categories of bona fide long-term confidentiality" may be sealed; *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld."); *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("Legitimate trade secrets should be protected from disclosure."). Other circuits have found likewise. *See*, *e.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("presence of trade secrets in court records weighs

against the right of access"); *Woven Elecs. Corp. v. Advance Group, Inc.*, 1991 WL 54118, at*6 (4th Cir. May 6, 1991) (observing that multiple courts of appeal "have specifically recognized an exception to the public's right of access when a case involves a trade secret").

A "Trade Secret" under Wisconsin law is defined as "information, including a formula, pattern, compilation, program, device, method, technique or process to which all of the following apply: 1. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. [and] 2. The information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. Wis. Stat. Ann. § 134.90(1)(c) (West).

Portions of the trial record that Apple seeks to seal merit protection from disclosure as trade secrets:

***Apple Confidential Financial Information.***  On Wednesday, October 14, 2015, Catharine Lawton's testimony included confidential information regarding Apple's profit margins for the iPhone, the iPad, and components in these products. (10/14/15 Trial Tr. (rough) 153:24-154:7 ("THE COURT: I'm going to stop you right there.  MR. LEE: It's confidential information so it shouldn't be on these two slides. THE COURT: I agree. That should be taken down. If you've turned it off, then you can put it back up for the jury. I've got it back up for the jury. We should get it off this screen. Can we turn off the public screens? Is that done now?").) Apple's proposed redactions will be narrowly tailored to only cover the profit margin percentages that were briefly discussed on the record.

Numerous district courts in the Seventh Circuit have found that detailed financial data warrants sealing.  "Documents containing highly sensitive pricing information, sales figures,

sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal." *Formax v. Alkar-Rapidpak-MP Equipment, Inc.*, 2014 WL 792086, at*2 (E.D. Wisc. Feb 25, 2014) (sealing detailed information relating to "unit and part sales volume, revenue, cost of production, and other related financial information"). *See also E.E.O.C. v. Abbott Laboratories*, 2012 WL 3842460, at *2 (E.D. Wisc. Sept. 5, 2012) (sealing pricing and sales data); *Federal Trade Commission v. OSF Healthcare Sys.*, 2012 WL 1144620, at *3-*10 (Apr. 5, 2012 N.D. Ill.) (sealing pricing information, contract terms, and negotiation strategies).

In *Apple Inc. v. Samsung Electronics Co*., 727 F.3d 1214 (Fed. Cir. 2013), the Federal Circuit considered financial information of the same type that Apple seeks to seal here, and found that "it seems clear that if Apple's . . . suppliers have access to [its] profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225. The Federal Circuit also found that release of such detailed financial information would put Apple "at a competitive disadvantage," and ruled that the district court had abused its discretion in ordering the documents unsealed. *Id.*[1]

*<u>Apple Confidential Third-Part Agreements</u>*. On Tuesday, October 13, 2015, Wednesday, October 14, 2015, and Thursday, October 15, 2015, confidential information regarding the royalty rate Apple pays to a third party under a highly confidential agreement was disclosed in open court. Neither Apple not its third party disclose this information in its securities filings or

---

[1] Apple acknowledges that the present circumstances differ from those considered by the Federal Circuit in that the financial documents at issue in *Apple Inc.*, 727 F.3d 1214, 1223, were not introduced into evidence, and therefore were not considered by the jury. However, the Federal Circuit's conclusion as to the trade secret nature of the documents remains equally true in this case.

otherwise make known to the public.  The public disclosure of this information would give a competitive advantage to other parties seeking to enter into a technology agreement with Apple or with the third-party technology provider by providing insight into the terms and conditions of a pre-existing agreement.  *See F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) (sealing contract terms, contract negotiations and strategies, where disclosure of the information would have put the party at a competitive disadvantage).  Apple's proposed redactions will be narrowly tailored to only cover the exact royalty rate Apple pays the third party.

Apple respectfully requests that the Court maintain the trial transcripts for Tuesday, October 13, 2015, Wednesday, October 14, 2015, and Thursday, October 15, 2015 under seal for a reasonable period of time until after trial concludes so that the parties may have the opportunity to submit redactions to seal the confidential information discussed above.

Dated:  October 16, 2015

Respectfully submitted,

*/s/ David M. Peer*
William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

David C. Marcus (*pro hac vice*)
Andrea J.W. Jeffries (*pro hac vice*)
Derek Gosma (*pro hac vice*)
David M. Peer (*pro hac vice*)
Wilmer Cutler Pickering

Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
david.marcus@wilmerhale.com
andrea.jeffries@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*