UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 3:14-cv-00062-WMC |

**APPLE INC.'S MOTION TO SEAL TRIAL EXHIBITS AND TRIAL RECORD**

1

ActiveUS 148972234v.1

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Paragraph 15 of the Court's Protective Order Regarding The Disclosure And Use of Discovery Materials (Dkt. No. 38), Apple Inc. ("Apple") moves for an order sealing the following trial exhibits: PX 161 and DX 721, 722, 723, 724, 725 and 1290.

Apple also respectfully moves for an order sealing the court's trial transcript on October 16, 2015 to allow Apple the opportunity to propose limited redactions to the trial transcript to protect Apple and third-party trade secret information.

While court proceedings are presumptively open to public view, the Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that, upon a showing of "good cause," the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Consistent with Rule 26(c)(1)(G), the Seventh Circuit has made clear that sealing certain information may be warranted "in order to protect trade secrets or other compelling interests in secrecy." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). *See also Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002) (in appropriate circumstances, "trade secrets or other categories of bona fide long-term confidentiality" may be sealed; *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld."); *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("Legitimate trade secrets should be protected from disclosure."). Other circuits have found likewise. *See*, *e.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1246

(11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("presence of trade secrets in court records weighs against the right of access"); *Woven Elecs. Corp. v. Advance Group, Inc.*, 1991 WL 54118, at*6 (4th Cir. May 6, 1991) (observing that multiple courts of appeal "have specifically recognized an exception to the public's right of access when a case involves a trade secret").

A "Trade Secret" under Wisconsin law is defined as "information, including a formula, pattern, compilation, program, device, method, technique or process to which all of the following apply: 1. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. [and] 2. The information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. Wis. Stat. Ann. § 134.90(1)(c) (West).

The exhibits that Apple seeks to seal merit protection from disclosure as trade secrets:

***Apple Confidential Technical Information***. Exhibit PX 161 contains highly sensitive Apple technical information that Apple does not disclose in product literature made available to customers or otherwise make known to the public. Exhibit PX 161 is a draft internal presentation regarding Apple's A7, A8, and A8X SOCs that reflects confidential technical information about these products, product strategy, and financial information and is labeled "Apple Confidential. Need to know only." This information qualifies as a trade secret because it derives independent economic value from being known to Apple and not others and therefore is worthy of being sealed. *See Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-CV-465-WMC, 2015 WL 1285829, at *8 (W.D. Wis. Mar. 20, 2015); *see also Network Appliance,*

3

*Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *4 (N.D. Cal. Mar. 10, 2010) (sealing documents because the documents "contain[ed] detailed technical specifications for portions of NetApp's Data ONTAP-based products."). The public disclosure of these documents would give competitors an inside look at Apple's products and allow others to capitalize on Apple's confidential and innovative know-how.

  *<u>Apple Confidential License Information</u>*. Exhibit DX 1290 contains highly sensitive financial terms of an Apple patent license that Apple does not disclose in its securities filings or otherwise make known to the public. The financial terms of a license agreement are highly sensitive business information whose disclosure can provide "other firms an unearned competitive advantage – unearned because the issue of public disclosure arises from the adventitious circumstance of the [document] having become caught up in litigation and as a result having become filed in court." *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.* 261 F. Supp.2d 1002, 1008 (N.D.Ill. 2003) (sealing portions of settlement agreement containing "essentially a license to distribute a patented product"). *See also In re Elecs. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (nonprecedential) (holding that district court abused its discretion in refusing to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" found in a license agreement because such information "plainly falls within the definition of 'trade secrets'").

Dated:  October 16, 2015

Respectfully submitted,

/s/ Derek Gosma
William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

David C. Marcus (*pro hac vice*)
Andrea J.W. Jeffries (*pro hac vice*)
Derek Gosma (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:  (213) 443-5300
david.marcus@wilmerhale.com
andrea.jeffries@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*

5