IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                      Plaintiff,                    OPINION AND ORDER

    v.

                                          14-cv-062-wmc

APPLE, INC.,

                      Defendant.

Before the court are a number of motions by defendant Apple, Inc. to seal trial exhibits and demonstratives. (Dkt. ##525, 532, 546, 556, 565, 621, 632.) In these motions, Apple seeks to seal: (1) its confidential source code; (2) certain of its confidential financial information; (3) its confidential agreements with third parties; (4) certain of its confidential, technical information; (5) its customer research and survey information; and (6) third-party, confidential information. For the reasons that follow, the court will grant in part and deny in part Apple's motion.[1] The exhibits that are to be maintained under seal are listed in the order below.

OPINION

Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that, upon a showing of "good cause," the court may enter an order "requiring that a trade secret or

---

[1] Some exhibits Apple sought to maintain under seal were never offered or admitted into evidence. As such, the court treats those portions of Apple's motions as moot. As for the demonstratives, to the extent that they contain excerpts of sealed exhibits or were otherwise not displayed on the public screens during trial, they should be treated as under seal in any post-trial filings in this court. Given that they are not part of the trial record, however, Apple's motion to seal these demonstratives is also unnecessary.

other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Consistent with that rule, the Seventh Circuit has made clear that sealing certain information may be warranted "in order to protect trade secrets or other compelling interests in secrecy." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002).[2]

## I. Motions to Seal Trial Exhibits

### A. Source Code

A party's confidential source code falls within a trade secret or confidential business information warranting protection. *See Apple, Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret."); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 1969596, at *3 (E.D. Wis. May 5, 2008) (acknowledging that a party's source code contained "confidential business information"). Exhibit PX 142 contains Apple's RTL code. As such, the court will grant Apple's motion with respect to this exhibit.

### B. Financial Information

Next, Apple seeks to seal highly sensitive financial information, which, it represents, is not disclosed in its securities filings or otherwise made known to the public.

---

[2] The Federal Circuit looks to regional circuit law in determining issues of confidentiality. *See, e.g., In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 497 F. App'x 66, 67 (Fed. Cir. Feb. 1, 2013) ("Because the protection of confidential information is not an issue unique to our jurisdiction, we will apply the law of the regional circuit.").

*See Formax v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-0298, 2014 WL 792086, at *2 (E.D. Wis. Feb 25, 2014) ("Documents containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal."). Specifically, Apple seeks to seal PX 76,³ which discloses the total number of iPhone chips manufactured at Samsung TX plant. While Apple's counsel displayed on public screens in the closing argument on damages the total number of chips at issue in this case,⁴ Apple maintained the confidentiality of the breakdown of that number between the Samsung units manufactured in Texas, shipped overseas and other units. Accordingly, the court will grant that motion to seal.

### C. Third-Party Agreements

Apple also seeks to seal manufacturing agreements with third-party Samsung and others, as well as related documents, again representing that it does not disclose this information in its securities filings or otherwise make this information known to the public. Apple contends that disclosure of this information would provide a competitive advantage to other companies seeking to enter into contracts with Apple. *See F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012)

---

³ Apple puts this exhibit in the category describing third-party agreement. The court views it as more appropriately disclosing confidential financial information, and, thus, includes it in this category.

⁴ The total number of chips has also been reported in at least one news article. Even if not disclosed and reported, there is an overwhelming public interest in disclosing the total number of chips at issue in any event in light of its importance in determining the actual royalty rate assigned by this jury. Nevertheless, the court has not repeated that number in this opinion nor elsewhere, should Apple wish to challenge the court's opinion on appeal.

(sealing contract terms, contract negotiations and strategies, where disclosure of the information would have put the party at a competitive disadvantage). Specifically, PX 94 is the Apple-Samsung Master Development and Supply Agreement, which contains all of the terms and conditions of Apple's agreement with Samsung to manufacture the SoCs at issue. PX 687 is also a project requirements document of Apple's A7 SoC, which contains detailed requirements for the design, manufacture and supply. Finally, DX 1025, DX 1026, DX 1027, DX 1036, DX 1290, and DX 1292 are license agreements or related information between Apple and other third-parties. Because all of these exhibits are entitled to confidential status, the court will grant Apple's motion to seal them.

### D. Technical Information

Next, Apple seeks to seal various documents containing technical information, from which it contends Apple "derives independent economic value from being known to Apple and not others," thus qualifying it as trade secrets and entitling being sealed. (Def.'s Mot. (dkt. #525) 6.) *See Planned Parenthood of Wis., Inc. v. Van Hollen*, No. 13-CV-465-WMC, 2015 WL 1285829, at *8 (W.D. Wis. Mar. 20, 2015) (granting motion to seal exhibits containing plaintiff's "manuals outlining its protocols"). PX 8 is Apple's Cyclone and Typhoon Software and Tuning Guide; PX 52, PX 187 and PX 256 are presentations concerning Cyclone development; and PX 34, PX 41, PX 44, PX 45, PX 83, PX 161, PX 259, PX 276, PX 356 and DX 1174 are other technical guides, manuals,

4

specification and other product development updates.[5]  Accordingly, the court will grant Apple's motion to seal these exhibits.

### E. Customer Research and Survey Information

Apple also seeks to seal customer research and survey information.  *See, e.g., KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) (granting motion to seal document which contained customer and pricing information). PX 326, DX 1330, DX 1333, and DX 1870 contain customer or market research, including customer survey information.  The court will, therefore, also grant Apple's motion to seal these exhibits.

### F. Third-Party Confidential Information

Finally, Apple seeks to seal documents produced by third-parties and designated as confidential.  DX 705, consisting of EV6 source code, and DX 713 and DX 717, both EV6 specifications, contain confidential information, entitled to be maintained under seal for the same reason Apple's own information is entitled to being sealed.  Similarly, DX 1630 and DX 1631 contain Intel's sales information, which is also entitled to be maintained under seal.  Accordingly, the court will grant this motion as well.

---

[5] Apple also sought to maintain DX 998 under seal, but at the direction of the court, filed a redacted version, DX 998A, thus mooting its motion with respect to this exhibit.

**II. Motion to Seal Trial Transcript**

In the last motion, Apple indicated that it may move to seal portions of the trial transcripts for October 13, October 14, and October 15, 2015. The practice of this court is to allow the parties 30 days after the transcripts are docketed to request redactions (as Apple has previously done (dkt. ##75, 389)). To ensure confidentiality, the court will order the clerk's office to temporarily seal the trial transcripts for the 13th through the 15th after docketing, and the court reporter is directed not to release transcripts of those three days to the public during the 30-day period. The parties should be aware that a strong presumption of disclosure will apply for any portion of the trial not formally closed to the public, other than those exhibited removed from public viewing. Moreover, if a third-party can demonstrate a legitimate need for trial transcripts for those three days before the 30-day period elapses, it may move the court for expedited rulings on any requests for redactions.

ORDER

IT IS ORDERED that:

1) Apple's motions to seal trial exhibits and demonstratives (dkt. ##525, 532, 546, 556, 565, 621, 632) are GRANTED IN PART AND DENIED AS MOOT IN PART.

2) The following exhibits are to be maintained under seal: PX 8, PX 34, PX 41, PX 44, PX 45, PX 52, PX 76, PX 83, PX 94, PX 142, PX 161, PX 187, PX 256, PX 259, PX 276, PX 326, PX 356, PX 687, DX 705, DX 713, DX 717, DX 1025, DX 1026, DX 1027, DX 1036, DX 1174, DX 1290, DX 1292, DX 1330, DX 1333, DX 1630, DX 1631, and DX 1870.

3) The clerk's office is directed to seal temporarily the trial transcripts for October 13, October 14, and October 15, 2015. The court reporter is further directed to not release transcripts to third parties for those days during this 30-day

period.  If Apple files a request for redactions, those transcripts shall remain under seal and the court reporter is directed to not release copies until the court has an opportunity to rule on those requests.

Entered this 26th day of October, 2015.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge