IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                      Plaintiff,                      OPINION AND ORDER

    v.

                                                14-cv-062-wmc

APPLE, INC.,

                      Defendant.

---

Before the court are motions for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a). (Dkt. ##555, 586, 634, 637.) Both parties filed two motions -- one for the liability phase of trial and one for the damages phase. The court implicitly denied or reserved on all of the motions -- save one of Apple's noninfringement theories, for which the court directed verdict in WARF's favor. (Dkt. #639.) Since the jury found for WARF on all liability and damages questions, its motions are effectively moot. In this opinion and order, the court will briefly set forth its reasons for denying Apple's motions for directed verdict on all claims asserted by WARF at trial, as well as touch briefly on part of WARF's motion as to Apple's damages theories. In its motion on the liability phase of trial, Apple also seeks entry of judgment on claims WARF opted not to pursue at trial. For the reasons that follow, the court will deny that request. Finally, to the extent necessary, the court finds that all arguments raised timely at trial are preserved for purposes of pressing the same arguments in a Rule 50(b) motion.

OPINION

Under Federal Rule of Civil Procedure 50(a), a court may "enter judgment against a party who has been fully heard on an issue during a jury trial if 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011) (quoting Fed. R. Civ. P. 50(a)). In considering a Rule 50 motion, the court is to "construe the facts strictly in favor of the party that prevailed at trial," including drawing "[a]ll reasonable inferences in that party's favor and disregarding all evidence favorable to the moving party that the jury is not required to believe." *May v. Chrysler Group, LLC*, 692 F.3d 734, 742 (7th Cir. 2012) (internal citations and quotation marks omitted). In particular, the court is not to make credibility determinations or weigh the evidence; it need only determine whether "more than 'a mere scintilla of evidence' supports the verdict." *Id.* (quoting *Hossack v. Floor Covering Assoc. of Joliet, Inc.*, 492 F.3d 853, 859 (7th Cir. 2007)). Said another way, the court's "job is to decide whether a highly charitable assessment of the evidence supports the jury's verdict or if, instead, the jury was irrational to reach its conclusion." *May*, 692 F.3d at 742. Under this highly deferential standard, Apple's 50(a) motions both fall short in all respects, as do WARF's for that matter.

I. Defendant's Motion on Liability (dkt. #555)

   A. Abandoned Infringement Claims

Apple seeks judgment in its favor on claims that WARF opted not to pursue at trial. Specifically, Apple seeks judgment in its favor on WARF's infringement by

2

equivalence claim and multiple indirect infringement claims. (Def.'s Mot. (dkt. #555) 2-4.) Apple fails to cite any caselaw in support of its motion, which was a failing already pointed out by the district court in *Apple, Inc. v. Samsung Electronics Co.*, 67 F. Supp. 3d 1100, 1117 (N.D. Cal. 2014).

In response, WARF directs the court to *Alcon Research Ltd. v. Barr Laboratories, Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014), which affirmed a district court's refusal to enter judgment on claims that were "not litigated or fairly placed in issue, during the trial." Instead, the Federal Circuit explained that the scope of any judgment as a matter of law "should conform to the issues that were actually litigated . . . during the trial." *Alcon* might be distinguished in that, here, Apple asserted a counterclaim for a declaration of non-infringement. (Def.'s Answ. & Countercl. (dkt. #19) ¶¶ 9-11). *See also Alcon*, 745 F.3d at 1193 (noting that defendant "never filed a counterclaim for declaratory judgment of noninfringement," and if it had, "the district court might have exercised its discretion differently"). At the same time, Apple never formally withdrew this counterclaim, it also never pressed a declaration of noninfringement on abandoned claims at trial, and for good reason.[1] Accordingly, the court will deny Apple's request for a further non-infringement finding, while agreeing that any attempt by WARF to resurrect abandoned claims would be futile in light of preclusion rules. *See, e.g., Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1326 (Fed. Cir. 2008) (holding that a claim for patent infringement is

---

[1] The court in the *Apple* case in the Northern District of California granted Apple's request in part, entering judgment of noninfringement for Apple's accused iPad products with respect to one claim of one of the asserted patents. Unlike here, however, this infringement claim was presented to the jury in the preliminary instructions, and as such was at issue during the trial, even though the jury did not consider it as part of its verdict. *Apple,* 67 F. Supp. 3d at 1125-27.

3

"barred by claim preclusion if that claim arises from the same transactional facts as a prior action").

### B. Literal Infringement Claims

Apple also seeks a directed verdict of noninfringement under the literal infringement claim WARF pursued at trial. Apple argued that the accused products do not meet three elements of the asserted claims of the patent-in-suit: (1) "detecting a mis-speculation"; (2) "the particular data consuming instruction"; and (3) "flag value." (Def.'s Mot. (dkt. #555) 4-9.) As for the "detecting a mis-speculation" element, the court denied Apple's motion, among other reasons, because WARF had submitted sufficient evidence through Dr. Conte's testimony and the admissions of Apple's own engineers for a reasonable jury to conclude that Apple's Load-Store Device ("LSD") triggers a Store-Hit-Younger-Load redirect. (Pl.'s Opp'n (dkt. #586) 5-6.) Although there was conflicting factual and opinion testimony as to whether the LSD detected only the possibility of a "speculation" or also "misspeculation," there was more than sufficient evidence for the jury to find the latter, and thus to find the first element satisfied.

As for the second element, the court rejected Apple's argument that the hashing function foreclosed a finding that "the particular data consuming instruction" was present in the LSD predictor. More specifically, WARF submitted evidence using the Cyclone specification from which a reasonable jury could conclude that a prediction was associated with a particular load instruction (even if that same prediction may be

4

associated with other load instructions), or at least the jury could find that element regularly, if not almost always, met. (Pl.'s Opp'n (dkt. #586) 11.)

Third and finally, the court also rejected Apple's motion on the "flag value" element found in claim 5 of the patent-in-suit because WARF submitted sufficient, credible evidence through Dr. Conte's testimony and Apple's own engineers that the armed bit functions as and carries a flag value as called for by that claim. (Pl.'s Opp'n (dkt. #586) 15-16.)

## II. Plaintiff's Motion on Damages (dkt. #634)

For its part, WARF sought a directed verdict on damages generally, asserting two core arguments in support. First, WARF contends that the court should have directed a verdict on the issue of whether WARF's license agreement with Intel represents an "established royalty" for the '752 patent. The precise nature of this request is unclear at best since the court instructed the jury, consistent with Federal Circuit caselaw, on how to assess the proper weight, if any, it should place on WARF's license with Intel in determining a reasonable royalty in this case. (Closing Damages Instructions (dkt. #649) p.3.) Not only was the jury *not* instructed that the WARF-Intel license represented an "established royalty," but both sides were allowed to introduce substantial evidence and arguments as to its relative importance or unimportance in a hypothetical negotiation. The court finds no basis to grant plaintiff's motion for a directed damages verdict on this basis.

5

Second, WARF argues that it is somehow entitled to a monetary judgment as a matter of law because no reasonable jury could adopt any of Apple's damages theories. In particular, WARF criticizes the reliance of Apple's principal damages expert on her: (1) Intel analysis; (2) ARM analysis; and (3) a Base X Rate analysis. As an initial matter, it would appear that the jury ultimately agreed with WARF, or at least placed little weight on any of Apple's damages theories. Even if the jury credited Apple's damages theories in part, however, the court rejects WARF's motion to direct verdict on a damages amount for the same reasons it rejected much of WARF's motion to strike Apple's expert Julie Davis's testimony. (*See* 9/28/15 Op. & Order (dkt. #464) § I.O.) Consistent with the *Georgia Pacific* factors themselves, Davis was free to emphasize her own view as to which considerations were most likely to drive the parties' hypothetical negotiation, just as did WARF's principal damages expert, Catharine Lawton.

### III. Defendant's Motion on Damages (dkt. #637)

Lastly, Apple moves for directed verdict on the damages phase of trial, arguing that it is entitled to judgment as a matter of law on (1) both questions concerning Samsung products, and (2) the damages award. The latter argument is apparently based on the assertion that WARF failed to submit sufficient evidence to justify its request for a 50/50 split of profits attributable to the patented invention. The court ultimately rejected both bases for the reasons explained below.

*First*, the court concluded that there was sufficient evidence from which a reasonable jury could find that Apple's products manufactured by Samsung in the United

6

States and sent overseas infringe at the time they leave the United States. Specifically, the jury reasonably could credit WARF's evidence and argument that the processors were complete at that stage of the manufacturing process, rejecting Apple's evidence and essential argument that the LSD predictor must be fully capable of running software for the processors to be capable of infringing.

The court also found overwhelming evidence that WARF had proven that Apple exercised sufficient control over Samsung's manufacturing process to be liable for its infringement. If anything, the court considered directing a verdict in *WARF's* favor on this argument given the manufacturing terms of the contract and undisputed evidence as to how it functioned in practice. While the law on vicarious liability may be unsettled, the Federal Circuit is certainly moving in the direction of a more expansive view of what satisfies control and direction in order to bring a third-party's actions within the purview of the alleged infringer. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015) (*en banc*). Here, the evidence demonstrates that Samsung manufactured chips for Apple, using Apple's specifications, to be tested according to Apple's requirements, and to be used only in Apple's end products. This is certainly sufficient to find that Samsung acted under Apple's control and direction.

*Second*, Apple sought a directed verdict on damages, arguing WARF's expert Lawton had used a 50/50 split of profits attributable to the licensed feature, akin to a prohibited 25% rule of thumb. (Def.'s Mot. (dkt. #637) 7.) This does a substantial disservice to the nuanced nature of Ms. Lawton's testimony. First, WARF presented credible testimony from its managing director, Carl Gulbrandsen, as the person

7

responsible for negotiating a license with Apple, that a 50/50 split would have been reasonable from his perspective, and why. Second, unlike cases in which the Federal Circuit has rejected expert testimony, this was not Lawton's starting point, nor even central point in arriving at a reasonable royalty opinion in this case. It was just one of many pieces of evidence that Lawton relied upon in coming up with her own royalty rate. The jury was free to discount Gulbrandsen's personal view -- and may well have in light of the ultimate damages award -- but the court sees no error in allowing his testimony to be presented to and weighed by the jury, nor does the court credit Apple's argument that WARF's damages case was otherwise legally insufficient.

ORDER

IT IS ORDERED that:

1) Defendant Apple's motion for judgment as a matter of law on liability (dkt. #555) is DENIED;

2) Plaintiff Wisconsin Alumni Research Foundation's motion for judgment as a matter of law on liability (dkt. #586) is DENIED as moot;

3) Plaintiff's motion for judgment as a matter of law on damages (dkt. #634) is DENIED; and

4) Defendant's motion for judgment as a matter of law on damages (dkt. #637) is DENIED.

Entered this 26th day of October, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge