# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 3:14-cv-00062-WMC |

## APPLE INC.'S MOTION TO SEAL TRIAL EXHIBITS

1

ActiveUS 149233082v.1

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Paragraph 15 of the Court's Protective Order Regarding The Disclosure And Use of Discovery Materials (Dkt. No. 38), Apple Inc. ("Apple") moves for an order sealing the following trial exhibits that were entered into evidence during trial: PX 57R, PX 211, DX 998A, and DX 1138.  The Court granted Apple's motion to seal several confidential exhibits entered into evidence during trial.  (Dkt. Nos. 654 and 656.)  This motion seeks to seal three exhibits not addressed in Apple's previous sealing motions and one exhibit addressed in the Court's sealing order (Dkt. 654).

## ARGUMENT

While court proceedings are presumptively open to public view, the Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that, upon a showing of "good cause," the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Consistent with Rule 26(c)(1)(G), the Seventh Circuit has made clear that sealing certain information may be warranted "in order to protect trade secrets or other compelling interests in secrecy."  *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002).  *See also Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002) (in appropriate circumstances, "trade secrets or other categories of bona fide long-term confidentiality" may be sealed; *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld."); *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("Legitimate trade secrets should be protected from disclosure.").

Other circuits have found likewise. *See*, *e.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("presence of trade secrets in court records weighs against the right of access"); *Woven Elecs. Corp. v. Advance Group, Inc.*, 1991 WL 54118, at*6 (4th Cir. May 6, 1991) (observing that multiple courts of appeal "have specifically recognized an exception to the public's right of access when a case involves a trade secret").

A "Trade Secret" under Wisconsin law is defined as "information, including a formula, pattern, compilation, program, device, method, technique or process to which all of the following apply: 1. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. [and] 2. The information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances." Wis. Stat. Ann. § 134.90(1)(c) (West).

The exhibits that Apple seeks to seal merit protection from disclosure as trade secrets:

***Apple Confidential Technical Information***. Exhibits PX 57R, PX 211, and DX 998A contain highly sensitive Apple technical information that Apple does not disclose in product literature made available to customers or otherwise make known to the public. Exhibit PX 211 is an Apple presentation that details the design and development process of Apple's Cyclone processor core. The Court granted Apple's motion to seal exhibit PX 256 (Dkt. 654 at 4), which contains similar information. PX 211 satisfies the sealing standard for the same reasons as PX 256.

ActiveUS 149233082v.1

Apple moves to seal in part exhibits PX 57R and DX 998A, which include an email from Gerard Williams to Kaiann Drance that explains in detail the design and development of the Cyclone processing core. Apple previously moved to seal DX 998A. (Dkt. 525 at 7.) In its sealing order, the Court noted that Apple "filed a redacted version [of] DX 998A, thus mooting its motion with respect to this exhibit." (Dkt. 654 at 5 n.5.) However, the Court directed Apple to redact only the last paragraph of this exhibit. (10/9/15 Trial Tr. (rough) at 224.) Apple moves to seal additional portions of this exhibit that provide a detailed summary of the timing, goals, and specifications for the design and development of Apple's first 64-bit processor. Exhibit PX 57R is a different email on the same chain that contains the same portions Apple seeks to seal in DX 998A. Apple's development and design techniques of its products are a significant contributor to Apple's success. As a result, information about the process that Apple followed to develop Cyclone is highly confidential to Apple and would give a competitive advantage to competitors. Proposed redacted versions of PX 57R and DX 998A are attached as Exhibits A and B to Apple's Motion to Seal.

*__Apple Confidential Patent License Information__*. Exhibit DX 1138 contains highly sensitive financial terms of an Apple patent license that Apple does not disclose in its securities filings or otherwise make known to the public. The financial terms of a license agreement are highly sensitive business information whose disclosure can provide "other firms an unearned competitive advantage – unearned because the issue of public disclosure arises from the adventitious circumstance of the [document] having become caught up in litigation and as a result having become filed in court." *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.* 261 F. Supp.2d 1002, 1008 (N.D.Ill. 2003) (sealing portions of settlement agreement containing "essentially a license to distribute a patented product"). *See also In re Elecs. Arts,*

4

*Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (non-precedential) (holding that district court abused its discretion in refusing to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" found in a license agreement because such information "plainly falls within the definition of 'trade secrets'"). The Court should grant Apple's motion to seal for the same reasons the Court granted Apple's motion to seal DX 1025, DX 1026, DX 1027, DX 1036 and DX 1290, which contain similar information. (*See* Dkt. 654 at 4.)

Dated:  October 26, 2015　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Michael Silhasek*
　　　　　　　　　　　　　　　　　　　　William F. Lee (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Lauren B. Fletcher (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Bryan S. Conley (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Wilmer Cutler Pickering
　　　　　　　　　　　　　　　　　　　　Hale and Dorr LLP
　　　　　　　　　　　　　　　　　　　　60 State Street
　　　　　　　　　　　　　　　　　　　　Boston, MA  02109
　　　　　　　　　　　　　　　　　　　　Tel:  (617) 526-6000
　　　　　　　　　　　　　　　　　　　　william.lee@wilmerhale.com
　　　　　　　　　　　　　　　　　　　　lauren.fletcher@wilmerhale.com

　　　　　　　　　　　　　　　　　　　　David C. Marcus (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Andrea J.W. Jeffries (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Derek Gosma (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Wilmer Cutler Pickering
　　　　　　　　　　　　　　　　　　　　Hale and Dorr LLP
　　　　　　　　　　　　　　　　　　　　350 South Grand Avenue, Suite 2100
　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　　　　Tel:  (213) 443-5300
　　　　　　　　　　　　　　　　　　　　david.marcus@wilmerhale.com
　　　　　　　　　　　　　　　　　　　　andrea.jeffries@wilmerhale.com

　　　　　　　　　　　　　　　　　　　　Mark D. Selwyn (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Wilmer Cutler Pickering
　　　　　　　　　　　　　　　　　　　　Hale and Dorr LLP
　　　　　　　　　　　　　　　　　　　　950 Page Mill Road
　　　　　　　　　　　　　　　　　　　　Palo Alto, CA 94304
　　　　　　　　　　　　　　　　　　　　Tel:  (650) 858-6000
　　　　　　　　　　　　　　　　　　　　mark.selwyn@wilmerhale.com

　　　　　　　　　　　　　　　　　　　　Catherine Cetrangolo
　　　　　　　　　　　　　　　　　　　　CETRA LAW FIRM LLC
　　　　　　　　　　　　　　　　　　　　20 North Carroll Street, 2d Floor
　　　　　　　　　　　　　　　　　　　　Madison, WI 53703
　　　　　　　　　　　　　　　　　　　　Tel: 608-535-9220
　　　　　　　　　　　　　　　　　　　　Email: cetrangolo@cetralaw.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Apple Inc.*

ActiveUS 149233082v.1