UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 3:14-cv-00062-WMC |

**APPLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW (RENEWED) AND/OR A NEW TRIAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 50 AND 59**

Pursuant to Federal Rule of Civil Procedure 50(b), Apple renews its motions for judgment as a matter of law. In the alternative, Apple moves for a new trial on all issues under Federal Rule of Civil Procedure 59.

Apple moves for judgment as a matter of law that it does not infringe any asserted claim of U.S. Patent No. 5,781,752 ("the '752 patent") because no reasonable jury could have found that Apple's accused products literally satisfy the following claim limitations: (1) the "detecting a mis-speculation" and "mis-speculation indication" limitations required by asserted claims 1, 2, 3, 5, 6, and 9; (2) "the particular data consuming instruction" limitations required by asserted claims 1, 2, 3, 5, 6, and 9; and (3) the "flag" limitations required by asserted claims 5 and 6.

Apple also moves for judgment as a matter of law that the asserted claims of the '752 patent are invalid as anticipated or obvious based upon the prior art. In particular: (1) asserted claims 1, 2, 3, 5, 6, and 9 are obvious over Hesson in view of Steely as a matter of law, and a reasonable jury could only have found those claims obvious; (2) a reasonable jury could only have found asserted claims 1, 2, 3, and 9 anticipated by Chen; and (3) asserted claims 1, 2, 3, and 9 are obvious over Chen as a matter of law, and a reasonable jury could only have found those claims obvious.

Alternatively, Apple moves for a new trial on all liability issues because (1) the jury should have been instructed on the Court's claim construction for the "particular" claim limitation; (2) the jury should have been permitted to decide whether Apple's accused products literally satisfy the "prediction threshold detector" limitation; and (3) the jury's findings on infringement and validity were against the manifest weight of the evidence.

Apple further moves for judgment as a matter of law on WARF's vicarious liability claim, because no reasonable jury could have found: (1) that the wafers partially manufactured by

1

Samsung in Texas infringe, or are capable of infringing, before they leave the United States; and (2) that Samsung's manufacturing of those wafers in Texas was attributable to Apple. If judgment of no vicarious liability is granted, then Apple also moves for judgment as a matter of law that the jury's damages award should be reduced by $80,617,707.10 (the amount attributable to the A7 chips manufactured by Samsung in Korea) to $153,659,961.90. Alternatively, Apple moves for a new trial on WARF's vicarious liability claim because: (1) the instructions to the jury regarding vicarious liability were legally erroneous; (2) Apple was prejudiced by the improper inclusion of the vicarious liability issues in the damages phase of trial; and (3) the jury's vicarious liability findings were against the manifest weight of the evidence.

Finally, Apple moves for judgment as a matter of law or, in the alternative, a new trial on damages because the jury's award of $234 million is not supported by sufficient, legally permissible evidence. In particular, WARF's presentation of evidence and testimony—including the patents and requested royalty rates from the Apple-Samsung litigation, Ms. Lawton's 50/50 profit split, Ms. Lawton's chip price calculation, and Dr. Knittel's regression analysis—resulted in an unfair trial for Apple by skewing upward the damages numbers presented to the jury. Additionally, the jury was improperly instructed on *Georgia-Pacific* factors that had no bearing on this case and was erroneously not instructed on non-infringing alternatives, which was relevant to Apple's damages position. Further, the jury's damages award was clearly excessive and against the manifest weight of the evidence.

The grounds for this motion are set forth fully in Apple's accompanying Memorandum in Support of Apple's Motion for Judgment as a Matter of Law (Renewed) and/or a New Trial Pursuant to Federal Rules of Civil Procedure 50 and 59.

Dated:  November 20, 2015          Respectfully submitted,

*/s/ Derek A. Gosma*
William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

David C. Marcus (*pro hac vice*)
Andrea J.W. Jeffries (*pro hac vice*)
Derek Gosma (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:  (213) 443-5300
david.marcus@wilmerhale.com
andrea.jeffries@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC
20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*