IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                Plaintiff,

     v.

APPLE INC.,

                Defendant.

Case No. 14-cv-00062-WMC

**PLAINTIFF WISCONSIN ALUMNI RESEARCH FOUNDATION'S
MOTION TO ALTER OR AMEND THE JUDGMENT AS TO WILLFULNESS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Morgan Chu
Gary Frischling
Jason Sheasby
Alan Heinrich
Christopher Abernethy
Amy Proctor
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199
MChu@irell.com; GFrischling@irell.com;
JSheasby@irell.com; AHeinrich@irell.com;
CAbernethy@irell.com; AProctor@irell.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone:  (608) 257-3911
Facsimile:   (608) 257-0609
JGregor@gklaw.com

*Attorneys for Plaintiff
Wisconsin Alumni Research Foundation*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................3

II. PROCEDURAL BACKGROUND........................................................................4

    A. Willfulness Proceedings Before This Court ............................................4

    B. The United States Supreme Court's Recent Grant of Certiorari............................5

III. THE COURT SHOULD RECONSIDER ITS RULING ON WILLFULNESS BASED ON RECENT DEVELOPMENTS IN THE LAW ..............................................6

IV. CONCLUSION.......................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Boyer v. Weyerhaeuser Co.*,
    39 F.Supp.3d 1036 (W.D. Wis. 2014) ............................................................... 6, 7, 8

*Halo Electronics, Inc. v. Pulse Electronics, Inc.* ............................................................... 5, 8

*In re Seagate Technology, LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ..................................................................... 3, 5, 7, 8

*Mares v. Busby*,
    34 F.3d 533 (7th Cir. 1994) ........................................................................................ 6

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.*,
    134 S. Ct. 1749 (2014) ................................................................................. 3, 5, 7, 8

*Oto v. Metropolitan Life Ins. Co.*,
    224 F.3d 601 (7th Cir. 2000) ...................................................................................... 7

*Rothwell Cotton Co. v. Rosenthal & Co.*,
    827 F.2d 246 (7th Cir. 1987) ...................................................................................... 7

*Stryker Corp. v. Zimmer, Inc.* ...................................................................................... 5, 6, 8

### Rules

35 U.S.C. § 284 ................................................................................................................ passim

35 U.S.C. § 285 ................................................................................................................ 3, 6, 7

Fed. R. Civ. Proc. 60(b) ............................................................................................................ 6

Fed. R. Civ. Proc. 59(e) ............................................................................................................ 6

### Other Authorities

11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1 ..................................... 6

**I.      INTRODUCTION**

Plaintiff Wisconsin Alumni Research Foundation ("WARF") moves for reconsideration of the Court's decision to grant judgment in favor of Defendant Apple, Inc. ("Apple") on the issue of willfulness. WARF makes this motion in order to bring to the Court's attention a recent development in the law. On October 19, 2015—several days after the Court issued its order in Apple's favor on the question of willfulness—the United States Supreme Court granted certiorari to consider the appropriateness of the Federal Circuit's current two-part test for determining willfulness. This was the standard under which the Court ruled in favor of Apple as a matter of law.

Under the Federal Circuit's current test for willful infringement sufficient to enhance damages under 35 U.S.C. § 284 ("Section 284"), a plaintiff like WARF "must show by clear and convincing evidence" that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and "this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("*Seagate*"). The Court applied the Federal Circuit's current *Seagate* standard in ruling on Apple's motion.

The Supreme Court's recent grant of certiorari casts doubt on the validity of the *Seagate* test. It also underlines the substantive problems with the test, which is unduly rigid and does not find support in the statutory text of Section 284. Moreover, just last year, in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.,* 134 S. Ct. 1749 (2014), the Supreme Court struck down a similar two-part test that the Federal Circuit had previously applied in the context of an attorneys' fee award under 35 U.S.C. § 285. In anticipation that the Supreme Court will hand

down a new test for willfulness during the appeal of the instant case, WARF believes it is appropriate to submit this motion.

Under an appropriate and flexible standard, WARF has satisfied the standard for willfulness and enhanced damages under Section 284. In light of the changing nature of the law and given that the current Federal Circuit test may not be good law, WARF respectfully requests that the Court reconsider its willfulness ruling, amend the judgment by removing that portion that grants judgment in favor of Apple on willfulness, and if necessary hold further proceedings on the issue of willfulness and enhanced damages. Moreover, based on the totality of the circumstances here, WARF is entitled to enhanced damages in this case.

## II. PROCEDURAL BACKGROUND

### A. Willfulness Proceedings Before This Court

From the beginning of this case, WARF asserted a claim for willful infringement and sought treble damages. WARF Complaint, Dkt. 1, ¶ 25, p. 6 ¶ E. Several months before trial, on March 27, 2015, Apple filed a motion for summary judgment of invalidity and no willful infringement. Dkt. 116. In its motion, Apple argued that it was entitled to judgment because the "objective prong" of the Federal Circuit's two-part test had not been satisfied. Apple Br. in Support of MSJ, Dkt. 118 at 43-53. WARF opposed Apple's summary judgment motion. WARF Br. in Opposition to MSJ, Dkt. 148, at 62-103.

On August 6, 2015, the Court denied Apple's motion for summary judgment with respect to willfulness as to the objective reasonableness of certain of Apple's defenses, but reserved as to the issue of the objective reasonableness of Apple's other defenses to allow the Court to "await a more robust demonstration of the merits of Apple's defenses and WARF's infringement claims at trial." 8/6/15 Order, Dkt. 193, at 42-43, 46. On October 12, 2015, after the liability phase had

concluded, WARF submitted a proffer in support of its willfulness claim. Dkt. 587. WARF's proffer addressed both the objective and subjective prong of the Federal Circuit's current test for willfulness. *Id.* On October 14, 2015, Apple responded to WARF's proffer. Dkt. 606.

The Court ruled on October 15, 2015 that judgment should be granted in favor of Apple on WARF's willfulness claim. 10/15/15 Order, Dkt. 623. The Court concluded that "Apple's obviousness defense was objectively reasonable, albeit unsuccessful." *Id.* at 1. Accordingly, the Court held that the "objectiveness prong" of the *Seagate* test had not been met and Apple was entitled to judgment on willfulness. *Id.* at 2-6. On October 26, 2015, the Court entered judgment in favor of WARF and against Apple on liability and damages but in favor of Apple and against WARF on the issue of willfulness. Dkt. 657. As to willfulness, the judgment currently reads "IT IS FURTHER ORDERED AND ADJUDGED that judgment is entered in favor of defendant Apple, Inc. against [WARF] on plaintiff's willful infringement claim." *Id.* at 2.

    **B.**    **The United States Supreme Court's Recent Grant of Certiorari**

On October 19, 2015, the United States Supreme Court granted certiorari in two cases, *Halo Electronics, Inc. v. Pulse Electronics, Inc.* ("*Halo*"), and *Stryker Corp. v. Zimmer, Inc.* ("*Stryker*"). *See* Proctor Decl., Ex. A (10/19/2015 Order Granting Certiorari.). The United States Supreme Court consolidated the cases for the purposes of the pending Supreme Court appeal. *Id.* In the *Halo* case the issue on which the United States Supreme Court granted certiorari was:

> Whether the Federal Circuit erred by applying a rigid, two-part test for enhancing patent infringement damages under 35 U.S.C. § 284, that is the same as the rigid, two-part test this Court rejected last term in *Octane Fitness LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) for imposing attorney fees under the similarly-worded 35 U.S.C. § 285.

Proctor Decl., Ex. B, Halo Cert. Pet. at i. In *Stryker*, the issue on which the Supreme Court granted certiorari reads in relevant part as follows:

> The Patent Act provides that district courts "may increase . . . damages up to three times the amount found or assessed." 35 U.S.C. § 284. Despite this permissive and discretionary language, the Federal Circuit requires, as a prerequisite to awarding enhanced damages under § 284, that a patentee prove by clear and convincing evidence that infringement was "willful," meaning both that (1) there was an objectively high likelihood that the infringer's actions constituted infringement, and (2) that likelihood was either known or so obvious that it should been known to the accused infringer.
>
> . . . .
>
> Has the Federal Circuit improperly abrogated the plain meaning of 35 U.S.C. § 284 to award enhanced damages by forbidding any award of enhanced damages unless there is a finding of willfulness under a rigid, two-part test, when this Court recently rejected an analogous framework imposed on 35 U.S.C. § 285, the statute providing for attorneys' fee awards in exceptional cases?

Proctor Decl., Ex. C, Stryker Cert. Pet. at i. Because the Supreme Court just granted certiorari on October 19, the parties' briefing on the merits has not yet begun.

### III. THE COURT SHOULD RECONSIDER ITS RULING ON WILLFULNESS BASED ON RECENT DEVELOPMENTS IN THE LAW

A motion for reconsideration of the merits of a portion of the district court's judgment is considered a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994) (motion for reconsideration that "challenges the merits of the district court's decision means that it must fall under Rule 59(e) or Rule 60(b)"); 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 ("Rule 59(e) ... includes motions for reconsideration."). "To prevail on a motion to alter or amend under Rule 59(e), the movant must present newly discovered evidence or establish a 'manifest error of law or fact.'" *Boyer v. Weyerhaeuser Co.,* 39 F. Supp. 3d 1036, 1047 (W.D. Wis. 2014) (*quoting*

*Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (motion for reconsideration may be used to "correct manifest errors of law"). "Disposition of a motion for reconsideration is entrusted to the district court's discretion." *Boyer*, 39 F. Supp. 3d at 1047.

The Court should reconsider its previous ruling because the two-part *Seagate* test for willfulness is incorrect and unlikely to survive Supreme Court scrutiny. The *Seagate* test is not faithful to the statutory language and conflicts with recent Supreme Court case law.

The Court is familiar with *Seagate* and its test for determining willfulness and enhanced damages.[1] A key problem with the test, however, is that Section 284, which *Seagate* purports to implement, states simply that in a patent infringement case "the court may increase the damages up to three times the amount found or assessed." There is no hint in the statutory language about any requirement to prove "objective recklessness," the lynchpin of the *Seagate* opinion and the ground on which the Court granted judgment in favor of Apple on willfulness.

Moreover, just last year, the United States Supreme Court struck down a similar Federal Circuit two-part test that formerly governed award of attorneys' fees under 35 U.S.C. § 285. Under the Federal Circuit's previous test, a case had to be both "objectively baseless" and brought in "subjective bad faith" before attorneys' fees could be awarded. The Supreme Court, however, held that this previously-applied test was "unduly rigid and . . . impermissibly encumbers the statutory grant of discretion to district courts." *Octane Fitness*, 134 S. Ct. at

---

[1] The Federal Circuit has articulated the test as follows: "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness" and if "this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371.

1755. Moreover, the Supreme Court reasoned that the prior Federal Circuit test "superimposes an inflexible framework onto statutory text that is inherently flexible." *Id.* at 1756. Notably, the *Seagate* test is vulnerable to these same criticisms and subject to the same conclusions. Moreover, as a matter of common sense, the fact that the Supreme Court granted certiorari in *Halo* and *Stryker* implies a likelihood that the Supreme Court will overrule *Seagate*.

Under a flexible and well-grounded test, WARF believes enhanced damages are properly awarded. By way of example only, WARF had sufficient evidence of willfulness under what the Federal Circuit calls the "subjective prong" of *Seagate*.[2] In this case, Apple decided as a matter of its regular business to simply infringe WARF's patent and pay any resulting damages—an economic toll that is not onerous for Apple even though it runs to hundreds of millions of dollars—rather than abide by WARF's patent rights. Among other things, Apple continued to sell the infringing technology throughout the litigation (and continues to do so today); Apple did so notwithstanding that it admits it had knowledge of the patent-in-suit in November 2013, and in fact can be shown to have had knowledge of the patent-in-suit as early as 2010; Apple engineers working on the accused functionality reviewed a paper that discusses the invention of the patent-in-suit; Apple waited until a year after the case was filed before obtaining an opinion of counsel, and later attempted to withdraw its reliance on the opinion; Apple proceeded with the lawsuit after the Patent Trial and Appeal Board rejected the primary invalidity arguments that

---

[2] WARF respectfully contends that it presented sufficient evidence of objectively high likelihood of infringement even under the current *Seagate* test and respectfully reserves all its appellate and other rights in that regard. *See* WARF Proffer, Dkt. 587; 8/6/15 Order, Dkt. 193 (finding a number of Apple defenses not objectively reasonable). WARF does not repeat its arguments about objective reasonableness for the simple reason that repetition of a rejected argument is not an appropriate basis for a reconsideration motion. *See Boyer,* 39 F. Supp. 3d at 1047 (arguments in reconsideration motion will not prevail where they "rehash arguments that were previously raised and rejected").

were the subject of its opinion letter. *See* WARF's Proffer, Dkt. 587 at 20-26. WARF is entitled to a grant of enhanced damages under Section 284.

IV. **CONCLUSION**

By granting certiorari on the issue, the United States Supreme Court has indicated that prior law under which the Court granted judgment in favor of Apple on the issue of willful infringement and enhanced damages may not be correct. Accordingly, WARF respectfully requests that the Court reconsider its earlier ruling on the subject, strike the portion of the judgment in which the Court granted judgment in favor of Apple on willfulness and if necessary hold further proceedings to determine willfulness. Moreover, the circumstances of this case make it appropriate for the Court to award WARF enhanced damages under Section 284.

Respectfully submitted,

Dated: November 23, 2015  By: *s/Jennifer L. Gregor*

Morgan Chu
Gary Frischling
Jason Sheasby
Alan Heinrich
Christopher Abernethy
Amy Proctor
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199
MChu@irell.com; GFrischling@irell.com;
JSheasby@irell.com; AHeinrich@irell.com;
CAbernethy@irell.com; AProctor@irell.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone:   (608) 257-3911
Facsimile:    (608) 257-0609
JGregor@gklaw.com

*Attorneys for Plaintiff*
*Wisconsin Alumni Research Foundation*

4773567