# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 3:14-cv-00062-WMC<br><br>**PUBLIC REDACTED VERSION** |

**APPLE'S MOTION TO STRIKE CERTAIN DECLARATIONS AND SUPPORTING DOCUMENTS SUBMITTED WITH WARF'S POST-TRIAL REPLY BRIEFS AND THE PORTIONS OF THOSE BRIEFS THAT RELY ON THOSE MATERIALS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ..........................................................................................................1

II.  ARGUMENT ..................................................................................................................2

    A.   Legal Standard ...................................................................................................2

    B.   The Court Should Strike The Reply Declaration Of Catharine M. Lawton (Dkt. 735) And Arguments In WARF's Reply Briefs That Rely On Her Declaration. ..................................................................................4

    C.   The Court Should Strike The Declaration Of Christopher Knittel, Ph.D. (Dkt. 732) And Arguments In WARF's Reply Brief That Rely On His Declaration. ...................................................................................................6

    D.   The Court Should Strike The Declaration Of Carl Gulbrandsen (Prejudgment Interest) (Dkt. 731) And Arguments In WARF's Reply Brief That Rely On His Declaration. ......................................................................9

    E.   The Court Should Strike Paragraph 2 Of The Declaration Of Carl Gulbrandsen (Injunction) (Dkt. 733) And Arguments In WARF's Reply Brief That Rely On Paragraph 2 Of His Declaration. ..................................9

    F.   The Court Should Strike Exhibits 6, 7, and 8 To The Reply Declaration Of Amy Proctor (Dkts. 734-6, -7, -8) And Arguments In WARF's Reply Brief That Rely On Those Exhibits. ...........................................10

III. CONCLUSION.............................................................................................................10

## TABLE OF AUTHORITIES

### CASES

*Brown v. Club Assist Rd. Servs. U.S., Inc.*, No. 12-cv-5710, 2014 WL 1884461 (N.D. Ill. May 12, 2014) ............ 2

*Creative Internet Advert. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847 (E.D. Tex. 2009) ............ 4

*Dietrich v. Trek Bicycle Corp.*, 297 F. Supp. 2d 1122 (W.D. Wis. 2003) ............ 3

*Digene Corp. v. Third Wave Techs., Inc.*, No. 3:07-CV-00022-BBC, 2007 WL 4939047 (W.D. Wis. Dec. 28, 2007) ............ 3

*Dura Automotive Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609 (7th Cir. 2002) ............ 2

*Eby-Brown Co. LLC. v. Wisconsin Dep't of Agr., Trade & Consumer Prot.*, 213 F. Supp. 2d 993 (W.D. Wis. 2001) ............ 2, 10

*INVISTA N. Am. S.A.R.L. v. M&G USA Corp.*, No. 11-cv-1007-SLR-CJB, 2013 WL 3216109 (D. Del. June 25, 2013) ............ 3

*James v. Sheahan*, 137 F.3d 1003 (7th Cir. 1998) ............ 2

*Macrovision Corp. v. VSA Ltd.*, No. 88-cv-315-FR, 1990 WL 66564 (D. Or. May 7, 1990) ............ 3

*Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002). ............ 3

*RepublicBank Dallas, N.A. v. First Wisconsin Nat'l Bank of Milwaukee*, 636 F. Supp. 1470 (E.D. Wis. 1986) ............ 2

*Tishcon Corp. v. Soundview Commc'ns, Inc.*, No. 104-cv-524-JEC, 2005 WL 6038743 (N.D. Ga. Feb. 15, 2005) ............ 2, 3

*Z Trim Holdings, Inc. v. Fiberstar, Inc.*, No. 07-cv-161-C, 2007 WL 5462414 (W.D. Wis. Sept. 26, 2007) ............ 2, 3

### RULES

Fed. R. Civ. P. 6(c)(2) ............ 2

I.     INTRODUCTION

On January 19, 2016, WARF filed reply briefs in support of its post-trial motions. WARF also filed several supporting declarations, which include factual assertions and expert analyses never previously disclosed to Apple. WARF should have—and could have—presented that material when it originally filed its post-trial motions, but simply chose not to do so. WARF's belated attempt to introduce that material with its reply briefs violates Federal Rule of Civil Procedure 6(c)(2) and is prejudicial to Apple. Apple responded to different arguments in its opposition briefs to WARF's motions, and WARF disclosed the new material only after seeing Apple's responses. WARF should not be permitted to keep moving the target by presenting this new material for the first time with its reply briefs. Accordingly, Apple respectfully requests that the Court strike the following declarations and supporting documents, as well as the portions of WARF's reply briefs that rely on these declarations and documents: (1) Reply Declaration of Catharine M. Lawton to the December 21, 2015 Declaration of Julie L. Davis (Dkt. 735); (2) Declaration of Christopher Knittel, Ph.D. in Response to December 21, 2015 Declaration of Julie L. Davis (Dkt. 732); (3) Declaration of Carl Gulbrandsen in Support of WARF's Motion for an Accounting, Supplemental Damages Through the Date of Judgment, Prejudgment Interest and Post-Judgment Interest (Dkt. 731); (4) Paragraph 2 of the Declaration of Carl Gulbrandsen in Support of WARF's Motion for Equitable Relief (Dkt. 733); and (5) Exhibits 6, 7, and 8 of the Reply Declaration of Amy Proctor in Support of WARF's Motion for Equitable Relief and Motion for an Accounting, Supplemental Damages, Prejudgment Interest and Post-Judgment Interest (Dkts. 734-6, 734-7, 734-8).

## II.  ARGUMENT

### A.  Legal Standard

Federal Rule of Civil Procedure 6(c)(2) states: "Any affidavit supporting a motion must be served with the motion." The rule "is designed to prevent movants from springing new facts on an opposing party when it is too late for that party to contest them." *RepublicBank Dallas, N.A. v. First Wisconsin Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986); *see also Brown v. Club Assist Rd. Servs. U.S., Inc.*, No. 12-cv-5710, 2014 WL 1884461, at *3 (N.D. Ill. May 12, 2014) (stating that Rule 6(c)(2) is "animated by the concern that a party opposing a motion may not have an adequate opportunity to respond to belatedly presented evidence"); *Tishcon Corp. v. Soundview Commc'ns, Inc.*, No. 104-cv-524-JEC, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005) ("Justice is not served by allowing a moving party to unfairly surprise and prejudice the nonmovant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond."). It also follows from the principle that "[a]rguments raised for the first time in a reply brief are waived." *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998); *see also Eby-Brown Co. LLC. v. Wisconsin Dep't of Agr., Trade & Consumer Prot.*, 213 F. Supp. 2d 993, 1011 (W.D. Wis. 2001) ("Because plaintiff raised this argument for the first time in its reply brief, defendants did not have an opportunity to respond to it. Therefore, I will not consider it.").[1] Reply affidavits are permissible *only* when they

---

[1] The rule that parties cannot submit declarations containing new facts and arguments in reply briefs is also consistent with this Court's Preliminary Pretrial Conference Order, which states that "[f]ailure to comply with [the court's] deadlines and procedures could result in the court striking the testimony of a party's experts." (Dkt. 24 at 3.) As the Court recognized when granting WARF's motion to strike Dr. August's and Ms. Davis's supplemental reports, a party may not "'spring[] new expert testimony on an opponent at the last minute.'" (Dkt. 225 at 2 (quoting *Dura Automotive Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 621 (7th Cir. 2002))); *see also Z Trim Holdings, Inc. v. Fiberstar, Inc.*, No. 07-cv-161-C, 2007 WL 5462414, at *2 (W.D. Wis. Sept. 26, 2007) (Crocker, J.) ("A timely supplemental expert report is allowable, but it must be an actual supplement, not a new and different set of opinions.")

2

"respond … to the opposing party's brief" and do not present new facts and arguments. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002). That is because the moving party is not allowed to disclose new material after viewing the nonmoving party's response and keep changing the target. *See Z Trim Holdings*, 2007 WL 5462414, at *2 (Crocker, J.) ("In patent lawsuits filed in this court, moving targets are highly disfavored, late-presented moving targets are anathemas.").

Courts routinely strike declarations submitted with reply briefs when they present new facts and arguments that should have been presented in the initial motions. *See, e.g.*, *Tishcon*, 2005 WL 6038743, at *9 (granting motion to strike expert declarations submitted with reply brief where "defendants would have no opportunity to respond to the evidence that plaintiff contends to be pivotal in deciding the motions at issue"); *INVISTA N. Am. S.A.R.L. v. M&G USA Corp.*, No. 11-cv-1007-SLR-CJB, 2013 WL 3216109, at *3 (D. Del. June 25, 2013) (granting motion to strike expert declaration submitted with reply brief because it "contains previously undisclosed theories…. [and] [t]o allow these new expert opinions … would unduly prejudice" non-moving party); *Macrovision Corp. v. VSA Ltd.*, No. 88-cv-315-FR, 1990 WL 66564, at *5 (D. Or. May 7, 1990) (granting motion to strike affidavit attached to reply brief because "an affidavit used to support a motion must be served with the motion"); *see also Dietrich v. Trek Bicycle Corp.*, 297 F. Supp. 2d 1122, 1128 (W.D. Wis. 2003) (granting "motion to strike … portions of … reply brief" where party "raised this argument for the first time in its reply brief" and "this argument should have been raised earlier or not at all"); *Digene Corp. v. Third Wave Techs., Inc.*, No. 3:07-CV-00022-BBC, 2007 WL 4939047, at *1 (W.D. Wis. Dec. 28, 2007) (granting motion to strike paragraphs of expert declaration because they "deal with material that

3

could have been disclosed in [his] initial report. They are not new material, properly supplemental or rebuttal.").

> B.  **The Court Should Strike The Reply Declaration Of Catharine M. Lawton (Dkt. 735) And Arguments In WARF's Reply Briefs That Rely On Her Declaration.**

In WARF's motion for equitable relief, WARF argued that the Court should award an ongoing royalty that is significantly enhanced over the jury's implied rate. (Dkt. 683 at 58.) Yet WARF presented no *Georgia-Pacific* analysis based upon a post-verdict hypothetical negotiation to support that enhanced rate and instead simply rehashed the evidence presented at trial. (*See id.* at 54-58.) Indeed, WARF submitted no declaration from any fact or expert witness in support of its motion for an ongoing royalty.[2]

Having failed to offer any *Georgia-Pacific* analysis supporting its requested ongoing royalty in its initial motion, WARF may not present those opinions for the first time now. Yet that is precisely what Ms. Lawton's declaration attempts to do. Ms. Lawton's declaration presents an entirely new *Georgia-Pacific* analysis, which she contends supports WARF's proposed royalty rate. (*See, e.g.*, Dkt. 735 (Lawton Decl.) ¶¶ 14-22 (Factor 9); *id.* ¶¶ 23-31 (Factor 11); *id.* ¶ 32 (Factor 7); *id.* ¶ 33 (Factor 6).)

Ms. Lawton's declaration is styled as a "Reply Declaration" and purports to respond to Ms. Davis's declaration. But **WARF** bears the burden of proving its entitlement to and the amount of any ongoing royalty, and therefore should have included these opinions with its motion and opening brief. *See, e.g.*, *Creative Internet Advert. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 855 (E.D. Tex. 2009). Moreover, all of the circumstances addressed in Ms. Lawton's

---

[2] Ms. Lawton submitted a declaration in support of WARF's separate post-trial motion for supplemental damages, prejudgment interest, and post-judgment interest on November 23, 2015. (Dkt. 687.) Apparently, WARF opted not to have her submit a declaration in support of its motion for equitable relief, which was filed at the same time.

declaration were known to WARF at the time that it filed its motion, and there was nothing preventing Ms. Lawton from disclosing her opinions earlier. For example, the price change in Apple's A7, A8, and A8X that Ms. Lawton addresses (Dkt. 735 (Lawton Decl.) ¶¶ 11-13) occurred weeks before WARF filed its motion; indeed, Ms. Lawton supports her opinions by citing statements from Apple's quarterly earnings calls from months (and even years) ago. (*See id.* ¶¶ 12-13 nn.18-20, 22.) Similarly, Ms. Lawton opines at length that Apple's continued use of the LSD Predictor and launch of the A9 and A9X products supports WARF's requested ongoing royalty. (*See id.* ¶¶ 14-31.) But WARF filed a second lawsuit accusing the A9 and A9X products of infringement in September 2015, and WARF even argued in its opening brief supporting its motion for equitable relief that "Apple used the same infringing LSD Predictor design in its recently launched A9 processor." (Dkt. 683 at 33). WARF simply chose not to have Ms. Lawton provide any opinion on the topic in support of its motion at that time. In addition, Ms. Lawton cites and discusses press releases about Apple's product lines that predate WARF's motion by several months. (*See* Dkt. 735 (Lawton Decl.) ¶ 30 ("On July 15, 2015, Apple announced a new iPod Touch that includes the A8 chip …."); *id.* ("On September 9, 2015, Apple announced the new Apple TV which includes the A8 chip ….").) Ms. Lawton could have—and should have—disclosed those opinions at the time that WARF filed its motion.

WARF's belated disclosure of Ms. Lawton's *Georgia-Pacific* analysis for a post-verdict hypothetical negotiation is highly prejudicial to Apple. It is WARF's burden as the moving party to support its requested ongoing royalty, and WARF may not use Apple's opposition as an excuse to disclose new opinions that WARF should have affirmatively offered when it filed its motion. Apple already responded to the arguments that WARF presented in its motion, and WARF may not now present new opinions and arguments at this stage. The Court therefore

5

should strike Ms. Lawton's *Georgia-Pacific* analysis, in its entirety, as untimely, as well as arguments in WARF's reply brief that rely on her new analysis. (Dkt. 736 (WARF's Reply to Apple's Opp'n to WARF's Motion for Equitable Relief) at 35, 37-48.)

Ms. Lawton's opinions on prejudgment interest (Dkt. 735 (Lawton Decl.) ¶¶ 34-43) should also be stricken. Those opinions could have been included in Ms. Lawton's opening declaration on this topic (*see* Dkt. 687) and are not responsive at all to Ms. Davis's declaration. Indeed, Ms. Lawton states that "***Ms. Davis does not substantively address the issue of prejudgment interest***." (Dkt. 735 (Lawton Decl.) ¶ 34 (emphasis added).) Yet Ms. Lawton nevertheless devotes the next four pages of her declaration to presenting new opinions in support of WARF's proposed prejudgment interest rate. (*See id.* ¶¶ 35-43.) Those opinions should have been disclosed at the time that WARF filed its motion. WARF's decision to conceal them until now has unfairly prejudiced Apple by moving the target and depriving Apple of an opportunity to respond. Those opinions—and the arguments in WARF's reply brief that rely on those opinions (Dkt. 730 (WARF's Reply in Support of Its Motion for an Accounting, Supplemental Damages, Prejudgment Interest and Post-Judgment Interest) at 23-28)—should be stricken.

### C. The Court Should Strike The Declaration Of Christopher Knittel, Ph.D. (Dkt. 732) And Arguments In WARF's Reply Brief That Rely On His Declaration.

WARF also submitted a declaration from Dr. Knittel—purporting to respond to Ms. Davis's declaration—that contains a previously undisclosed *Georgia-Pacific* analysis. (*See, e.g.*, Dkt. 732 ¶¶ 9-20 (Factor 8 about the profitability of the accused products supports an enhanced rate because "Apple is likely obtaining above average profits from its use of the '752 patent").) Dr. Knittel's declaration, like Ms. Lawton's, is a belated attempt by WARF to make affirmative arguments that should have been made in its opening briefs, and it should be stricken for the same reasons.

6

WARF's labeling of Dr. Knittel's declaration as a "rebuttal" to Ms. Davis's declaration is misleading and incorrect. Nowhere in Ms. Davis's declaration does she discuss Dr. Knittel's regression model or the specific results of his analysis. Nevertheless, Dr. Knittel asserts that "Ms. Davis does not appear to understand the statistical model that I used." (Dkt. 732 ¶ 12.) However, the portion of Ms. Davis's declaration cited by Dr. Knittel has nothing to do with his statistical model. Instead, Ms. Davis opines that because "devices contain[ing] an LSD predictor found by the jury to infringe the '752 patent (or an LSD predictor not colorably different from an LSD predictor found by the jury to infringe the '752 patent) … are currently offered at a number of different prices suggests that the LSD predictors found in these products are not the basis for the difference in the selling price or profitability of these products." (Dkt. 713 ¶ 24.) This opinion is completely unrelated to Dr. Knittel's regression results, which he claims show a specific price increase with a specific increase in processor speed. (Dkt. 670, 10/13/2015 Trial Tr. 252:8-15 (Knittel) ("Q. What were you asked to assess in this case? A. So my task in this case was two-fold. First, I needed to assess whether or not processor speed in general increases the value of smartphones and tablets. And then if it does increase the value of smartphones and tablets, what is the specific number or price premium due to a specific increase in the speed of smartphones and tablets."); *id.* at 272:18-21 (Knittel) ("I analyzed the price premium associated with increases in speed in smartphones and tablets and that price premium or that value of speed could be applied to any patent that increases speed.").)

Furthermore, there is no reason why WARF could not have presented Dr. Knittel's analysis with its initial motion. For example, Dr. Knittel compares Apple's pricing for the iPhone 6 to the pricing of phones from other companies—all of which were released before WARF filed its motion. (Dkt. 732 ¶ 17 (discussing products released by HTC, Huawei, and

7

Kyocera from July through November 2015).) WARF's strategic delay in submitting Dr. Knittel's declaration has denied Apple the opportunity to fully respond to Dr. Knittel's new arguments, and his declaration should therefore be stricken.

Dr. Knittel's declaration should also be stricken because it presents expert opinions Dr. Knittel is not qualified to offer. The opinions in Dr. Knittel's declaration are not based on the regression model he presented to the jury. For example, Dr. Knittel renders opinions on the ultimate royalty that is appropriate in this case, but Dr. Knittel testified both at his deposition and at trial that he had not formed any opinion on the measure of damages, nor had he undertaken the analysis required to do so. (*See* Dkt. 670, 10/13/2015 Trial Tr. 269:14-19 (Knittel) ("Q. Are you here to give an opinion as to the total amount of damages WARF is entitled to? A. I am not. Q. Are you here to testify as to the royalty rate that WARF is entitled to? A. No, I'm not."); *see also* Dkt. 246 (Knittel Dep.) at 32:7-11 ("Q. And WARF has not asked you to form an opinion regarding the total amount of damages Apple should owe WARF, correct? A. They haven't asked me to do that, nor is it relevant for what I did in the report.").) Notwithstanding his failure to conduct the appropriate supporting analysis, Dr. Knittel nonetheless offers the unsupported opinion that "Apple would be willing to pay significantly more for an ongoing royalty that applies primarily to its A9 devices than for an ongoing royalty that applied only to its A7, A8 and A8X devices." (Dkt. 732 ¶ 20.) Accordingly, Dr. Knittel's declaration should be stricken in its entirety because it contains untimely opinions that should have been submitted with WARF's opening motion, and because Dr. Knittel offers opinions he is not qualified to give—both of which are unfairly prejudicial to Apple. For the same reasons, the arguments in WARF's reply brief that rely on Dr. Knittel's declaration should also be stricken. (Dkt. 736 at 43-48.)

**D.     The Court Should Strike The Declaration Of Carl Gulbrandsen (Prejudgment Interest) (Dkt. 731) And Arguments In WARF's Reply Brief That Rely On His Declaration.**

WARF seeks prejudgment interest at a rate of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 685 at 15; Dkt. 687 ¶ 18.) However, as Apple explained in opposition, one (of many) reasons why the Court should not use that rate is because WARF failed to present any evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 707 at 15.) In reply, WARF submitted a declaration from Dr. Gulbrandsen, which for the first time asserts that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and speculates that WARF would have made such an investment with any royalty payments made by Apple for the '752 patent. (Dkt. 731 ¶¶ 2, 4.)

Dr. Gulbrandsen's declaration—and the arguments in WARF's reply brief that rely on his declaration (Dkt. 730 at 23-24, 28)—should be stricken. WARF's historical investment practices were known to WARF at the time that it filed its motion for prejudgment interest. If WARF wished to submit any evidence on that issue, it should have done so with its initial motion. WARF's attempt to present such evidence for the first time with its reply is improper.

**E.     The Court Should Strike Paragraph 2 Of The Declaration Of Carl Gulbrandsen (Injunction) (Dkt. 733) And Arguments In WARF's Reply Brief That Rely On Paragraph 2 Of His Declaration.**

WARF's motion for a permanent injunction never mentioned any supposed desire by WARF to maintain exclusivity over its patents. On the contrary, WARF's motion reiterated WARF's desire to license its patents widely and argued that its ability to license its patents would be harmed absent an injunction. (Dkt. 683 at 12-13.) Yet in its reply, WARF reversed course and argued for the first time that it would be irreparably harmed by an injunction because

9

it supposedly seeks "to promise exclusivity to its licensees." (Dkt. 736 at 16.) In support of that new argument, WARF cites paragraph 2 of Dr. Gulbrandsen's declaration (Dkt. 733), which states: ███████████████████████████████████████

████████████████████████

WARF's argument concerning its purported desire to maintain exclusivity over its patents is waived and should be stricken because it was presented for the first time in WARF's reply. *See Eby-Brown*, 213 F. Supp. 2d at 1011. The Court should also strike the statement in paragraph 2 of Dr. Gulbrandsen's declaration, which WARF cited in support of that argument. If WARF felt it needed to present evidence of its historical licensing practices in support of its motion for an injunction, it should have provided that evidence with its initial motion. WARF's failure to do so has unfairly moved the target and deprived Apple of the opportunity to respond.

### F. The Court Should Strike Exhibits 6, 7, and 8 To The Reply Declaration Of Amy Proctor (Dkts. 734-6, -7, -8) And Arguments In WARF's Reply Brief That Rely On Those Exhibits.

Exhibits 6, 7, and 8 to the Reply Declaration of Amy Proctor should be stricken for the same reason as paragraph 2 of Dr. Gulbrandsen's injunction declaration.[3] WARF relies on these exhibits as support for its new argument concerning WARF's purported desire to maintain exclusivity over its patents. WARF could have submitted all of these documents as exhibits to its initial motion, and WARF's should not be permitted to do so now.

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court strike the following declarations and supporting documents, as well as the portions of WARF's reply briefs that rely

---

[3] Exhibit 6 is the "License Agreement" section of WARF's website on start-ups. (Dkt. 734-6.) Exhibit 7 is WARF's "Exclusive Start-Up Company License Agreement" template. (Dkt. 734-7.) Exhibit 8 is the "Licensing Process" section of WARF's website. (Dkt. 734-8.)

on these declarations and supporting documents: (1) Reply Declaration of Catharine M. Lawton (Dkt. 735); (2) Declaration of Christopher Knittel, Ph.D. (Dkt. 732); (3) Declaration of Carl Gulbrandsen (Dkt. 731); (4) Paragraph 2 of the Declaration of Carl Gulbrandsen (Dkt. 733); and (5) Exhibits 6, 7, and 8 of Reply Declaration of Amy Proctor (Dkts. 734-6, 734-7, 734-8).

Dated:  January 24, 2016

Respectfully submitted,

*/s/ William F. Lee*
William F. Lee (*pro hac vice*)
Lauren B. Fletcher (*pro hac vice*)
Bryan S. Conley (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
william.lee@wilmerhale.com
lauren.fletcher@wilmerhale.com

David C. Marcus (*pro hac vice*)
Andrea J.W. Jeffries (*pro hac vice*)
Derek Gosma (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:  (213) 443-5300
david.marcus@wilmerhale.com
andrea.jeffries@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  (650) 858-6000
mark.selwyn@wilmerhale.com

Catherine Cetrangolo
CETRA LAW FIRM LLC

20 North Carroll Street, 2d Floor
Madison, WI 53703
Tel: 608-535-9220
Email: cetrangolo@cetralaw.com

*Attorneys for Defendant Apple Inc.*