IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION,<br><br>                      Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                      Defendant. | Case No. 14-cv-00062-WMC<br><br>**FILED UNDER SEAL: INFORMATION<br>SUBJECT TO PROTECTIVE ORDER** |

**BRIEF IN SUPPORT OF PLAINTIFF
WISCONSIN ALUMNI RESEARCH FOUNDATION'S
PROPOSED FORM OF FINAL JUDGMENT
PURSUANT TO THE COURT'S JULY 10, 2017 ORDER**

Plaintiff Wisconsin Alumni Research Foundation ("WARF") hereby submits its Proposed Form of Final Judgment and supporting declaration pursuant to the Court's Order dated July 10, 2017 (Dkt. 767).

The parties agree that based on the supplemental financial data Apple has provided since trial, WARF's expert can calculate supplemental damages and ongoing royalties through the expiration of the '752 patent on December 26, 2016 for the A7, A8, and A8X chips that the jury found to infringe. *See* Dkt. 765 at 4. At trial, the jury was presented by both sides with the same number of accused products – ▇▇▇▇▇▇▇ – and awarded damages at a rate of ▇▇▇ per unit. *See* Dkt. 642. The parties agree that calculating supplemental damages and ongoing royalties for the A7, A8, and A8X chips is a matter of "determin[ing] the number of chips to include in the accounting," *i.e.*, the number of infringing chips *not* included in the ▇▇▇▇▇▇ units included in the jury's verdict at trial, and "apply[ing] the per-unit rates determined by the

Court to calculate the amount of supplemental damages and ongoing royalties for these chips," *i.e.*, multiplying by either ▉ or $2.74 per unit, depending on the date of infringement. *See* Dkt. 765 at 4.

The parties have met and conferred and have reached agreement on almost all of the accounting of WARF's damages. The parties agree on the number of units subject to supplemental damages, and all but one category of infringing units subject to the ongoing royalty. The parties are also in agreement on the methodology for calculating prejudgment and post-judgment interest. The table below summarizes the number of infringing units covered by the jury award, supplemental damages, and ongoing royalties.[1] The parties have reached agreement on all of the numbers of infringing units except for the far-right column, highlighted in yellow below:

|  | Jury Award Units | Supplemental Damages Units | | Ongoing Royalties Units | | |
|---|---|---|---|---|---|---|
|  | 1/31/2014-6/27/2015 | ▉ | ▉ | ▉ | ▉ | ▉ |
| U.S. Sold / Imported | ▉ | ▉ | ▉ | ▉ | ▉ | ▉ |
| ▉ | ▉ | ▉ | ▉ | ▉ | ▉ | ▉ |
| Total Infringing Units | ▉ | ▉ | ▉ | ▉ | ▉ | ▉ |

The parties' dispute concerns the number of A7 chips that had ▉ ▉ as of the '752 patent's December 26, 2016 expiration but not yet sold to customers ▉.[2] WARF is entitled to damages on these

---

[1] Supporting calculations and analysis are provided in the Supplemental Declaration of Catharine M. Lawton, filed herewith.

[2] WARF previously indicated that ongoing manufacturing / unsold inventory was unlikely to be an issue for damages on the A7, A8, and A8X, based on the information available to it at the time. *See* Dkt. 761 at 6. ▉

units, ███████████████████████████████

███████████ ████████████████████ ), even though they had not yet been incorporated into finished Apple products or sold. *See Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1290 (Fed. Cir. 2011) (holding that the district court "abused its discretion by failing to determine a reasonable royalty for the remaining" products made but not sold before patent expiration). Apple's June 23, 2017 letter, attached as Exhibit F to the Lawton Declaration, ████████████████████████

████████████████████████. ████

████████████████████████████████

████████████████████████████████

Apple has not provided WARF with ████████████████████

████████████████████████████████

████████████████████████████████

████████████████████ Instead, Apple asserts that "the parties' experts may not be able to determine the exact number of units … ████████

████████████." Dkt. 765 at 6. Nevertheless, Apple contends "that a reasonable approximation of these numbers would be the most practical approach and would be sufficient for determining supplemental damages and ongoing royalties here." *Id*. So that is what WARF's expert has calculated.

Based on Apple's public statements about its manufacturing pipeline, including statements in its 2016 10-K SEC filing, Ms. Lawton has estimated that the number of infringing

████████████████████████████████
████████████████████████████████
████████████████████████████████

A7 chips in Apple's supply chain as of December 26, 2016 represents approximately ▮▮▮▮ of sales. Lawton Decl. ¶¶ 15-17. In other words, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Lawton Decl. ¶¶ 17, 28. In an abundance of caution, and at Apple's request, WARF ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ at the time of patent expiration from the supply chain total in order to avoid any possibility of double-counting units; this results in a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Lawton Decl. ¶ 28.

Apple does not dispute that these supply chain A7 chips exist or that they are subject to ongoing royalties based on the jury's verdict; the only dispute is over the number of A7 chips in the supply chain as of the patent's expiration. Apple asserts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but Apple has not provided any evidence contradicting the company's statements in its 10-K filings. At the parties' meet and confer on July 12, 2017, WARF asked Apple to provide data that would allow WARF's expert to calculate the number of supply chain chips more directly, or to propose an alternative method of estimating the number of supply chain chips. Apple has done neither. WARF's expert has made a reasonable estimate based on the data available and

---

[3] Despite WARF's repeated requests, until three days ago Apple had refused to produce data extending beyond the quarter ending December 31, 2016. After WARF served proposed damages calculations with estimates based on 2016 sales, Apple provided sales data for the first quarter of 2017, and at Apple's request, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Apple's own statements in 10-K filings regarding the required lead time for chip manufacturing.[4] Lawton Decl. ¶¶ 15-17. Having failed to provide better evidence from which to estimate the number of infringing chips, Apple cannot now complain about the accuracy of the estimate, particularly when WARF's estimate is intentionally conservative in Apple's favor. *See, e.g., Kaufman Co., Inc. v. Lantech, Inc.*, 926 F.2d 1136, 1141 (Fed. Cir. 1991) ("Any doubts regarding the calculatory precision of the damage amount must be resolved against the infringer."); *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996) ("[I]f actual damages cannot be ascertained with precision because the evidence available from the infringer is inadequate, damages may be estimated on the best available evidence . . . resolving doubt against the infringer.").

Using the infringing unit totals summarized in the table above, WARF's total damages to date for the A7, A8, and A8X chips are as follows:

| Category | Infringing Units | Amount |
| --- | --- | --- |
| Jury Award | ▮ | $234,277,669.00 |
| Supplemental Damages | ▮ | ▮ |
| Ongoing Royalties | ▮ | ▮ |
| Prejudgment Interest | | $ 9,062,087.46 |

---

[4] WARF's estimate is appropriate here ▮▮▮, the parties' desire to obtain final judgment in *WARF v. Apple I*, and Apple's statement that WARF's expert should be able to estimate A7, A8, and A8X damages based on the information currently available (*see* Dkt. 765 at 4-6). WARF reserves all rights to seek additional discovery in *WARF v. Apple II*, including third-party discovery ▮▮▮, and to calculate the number of infringing A9/A10 and later chips in a different way or using more complete information, as appropriate.

| Post-judgment Interest[5] | | $ 1,701,485.76 |
|---|---|---|
| Costs | | $ 841,587.66 |
| **Total** | ██████ | ██████████ |

Lawton Decl. ¶ 31. WARF therefore requests that the Court enter its proposed form of final judgment and award it damages, interest and costs in the total amount of ██████████

Respectfully submitted,

Dated: July 14, 2017   By: */s/ Jennifer L. Gregor*

Morgan Chu
Gary Frischling
Jason Sheasby
Alan Heinrich
Christopher Abernethy
Amy Proctor
Anthony Rowles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
MChu@irell.com; GFrischling@irell.com;
JSheasby@irell.com; AHeinrich@irell.com;
CAbernethy@irell.com; AProctor@irell.com;
TRowles@irell.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
JGregor@gklaw.com

*Attorneys for Plaintiff*
*Wisconsin Alumni Research Foundation*

---

[5] As noted above, the parties are in agreement regarding the methodology for calculating post-judgment interest, but the exact amount of post-judgment interest due would need to be recalculated if the number of units subject to ongoing royalties were adjusted. Similarly, because post-judgment interest will continue to accrue through the date on which the judgment is paid, WARF has calculated post-judgment interest for purposes of entering final judgment only through June 30, 2017. WARF's proposed form of judgment reflects this cutoff and the continuing nature of Apple's liability for post-judgment interest.